UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JACK MONTAGUE | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:16-CV-00885-AVC |
| vs. | : | |
| | : | |
| YALE UNIVERSITY, ET AL | : | |
| | : | |
| Defendants | : | SEPTEMBER 16, 2016 |

## DEFENDANT YALE UNIVERSITY'S ANSWER

The defendant, Yale University, hereby answers the plaintiff's June 9, 2016 complaint.

1.     The defendant admits that the plaintiff was in his senior year of college majoring in American Studies and the captain of Yale University's ("Yale") basketball team in the fall of 2015 and that the basketball team ultimately qualified for the NCAA Tournament which had not been accomplished since 1962.  The defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1.

2.     The defendant denies the allegations contained in Paragraph 2.

3.     The defendant denies that the female student was affirmatively misled by the defendants into participating in a formal complaint process initiated by Yale.  The defendant has no personal knowledge of the sexual encounters between the plaintiff and the female student, but refers to the Fact Finder's January 15, 2015 Report for the plaintiff's and Ms. Roe's descriptions of their sexual encounters.

4.      The defendant admits that the complaint against the plaintiff was addressed pursuant to the policies and procedures of the University-Wide Committee on Sexual Misconduct ("UWC").  The defendant denies that Yale engaged in a battle to establish itself as an institution that takes accusations of sexual misconduct seriously.  The defendant further denies that the plaintiff served as a poster boy for tough enforcement of the Sexual Misconduct Policies.  The defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4.

5.      The defendant admits that the plaintiff was expelled from Yale and removed from Yale's basketball team.  The defendant further admits that there were articles in the press reporting that the plaintiff was expelled from Yale due to sexual misconduct.  The defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5.

6.      The defendant denies the allegations contained in Paragraph 6.

7.      The allegations in Paragraph 7 describe the claims alleged in the complaint and no response is required.

8.      The defendant admits that the Yale, Angela Gleason and Jason Killheffer are residents of Connecticut.  The defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8.

9-10.   The defendant admits that the United States District Court for the District of Connecticut has jurisdiction over the plaintiff's claims and is the proper venue.

11.     The defendant denies that the plaintiff was wrongfully and improperly expelled in February, 2016.  The defendant admits the remaining allegations contained in Paragraph 11, except to deny knowledge or information as to the plaintiff's current residence address.

12.     The defendant admits the allegations contained in Paragraph 12, except to deny that Yale University is a private liberal arts college.

13-14.  The defendant admits the allegations contained in Paragraphs 13 and 14.

15.     The defendant admits that some Yale students and some alumni raised concerns about how Yale responded to complaints of sexual misconduct.  The defendant denies that it had to show that it was willing to take a hard line against male students accused of sexual assault in order to dispel the notion that Yale's campus was an unfriendly and unsafe environment for women.  The defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15.

16.     The defendant admits that the Office of Civil Rights ("OCR") of the U.S. Department of Education ("DOE") issued an April 4, 2011 letter, widely known as the "Dear Colleague" letter, and refers to the letter for the contents thereof.

17.     The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17.

18-19.  The defendant admits the allegations contained in Paragraphs 18 and 19.

20.     The defendant denies the allegations contained in Paragraph 20.

21.     The defendant admits the allegations contained in Paragraph 21, except to deny that Yale created the UWC in response to the OCR's investigation.  The defendant refers to the *Yale Sexual Misconduct Policies and Related Definitions* for the contents thereof.

22.     The defendant admits that it adopted *UWC Procedures* and refers to those procedures for the contents thereof.

23.     The defendant admits that it has a Sexual Harassment and Assault Response and Education ("SHARE") Center which is available to members of the Yale community.  The defendant denies that Yale established the SHARE Center in response to the OCR's investigation.

24.     The defendant denies the allegations contained in Paragraph 24, except to admit that it publishes a semi-annual report to the Yale community about actions taken by the University in response to specific complaints of sexual misconduct and that the first of those reports included complaints of sexual misconduct brought forward between July 1, 2011 and December 31, 2011.

25.     The defendant admits that OCR concluded its investigation of the 2011 complaint on June 15, 2012.  The defendant refers to the June 15, 2012 letter to Dorothy Robinson and the Voluntary Resolution Agreement for the contents thereof.

26.     With regard to the allegations contained in Paragraph 26, the defendant refers to the Voluntary Resolution Agreement for the terms thereof.

27.     The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27.

28. The defendant admits that Yale alumni wrote an open letter to Preside Salovey and Provost Spangler in August, 2013 and refers to the letter for the contents thereof.

29. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29.

30. The defendant admits that it issued *Sexual Misconduct Scenarios* to address questions and concerns generated by the January 1, 2013 to June 30, 2013 semi-annual report. The defendant refers to the *Sexual Misconduct Scenarios* for the contents thereof.

31. With regard to the allegations contained in Paragraph 31, the defendant refers to the *Sexual Misconduct Scenarios* for the contents thereof.

32. The defendant admits that the Association of American Universities ("AAU") issued the *Report on the AAU Campus Climate Survey on Sexual Assault and Sexual Misconduct* ("Report") in September, 2015. The defendant refers to the Report for the contents thereof. The defendant further admits that President Salovey issued a statement regarding the results of the Report and refers to that statement for the contents thereof.

33. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33.

34. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 and refers to the AAU survey for its contents.

35.     The defendant denies the allegations as stated, but admits that some of the students at Yale voiced concerns about how Yale responded to complaints of sexual misconduct.

36.     The defendant denies the allegations contained in Paragraph 36.

37.     The defendant denies the allegations contained in Paragraph 37, except to admit that the formal complaint was filed by Jason Killheffer on November 18, 2015.

38.     The defendant admits that Jane Roe claimed that the intercourse with the plaintiff was nonconsensual.  The defendant refers to the Fact Finder's January 15, 2015 Report for the plaintiff and Ms. Roe's descriptions of their sexual encounters.

39.     The defendant admits that Ms. Roe was not the first person to bring this matter to the attention of Yale's Deputy Title IX Coordinator, but denies the implication that the formal complaint was filed without the participation of Ms. Roe.

40-41. The defendant admits that Ms. Roe's suitemate Rachel Rogers spoke with Deputy Title IX Coordinator Angela Gleason on September 21, 2015, described Ms. Roe's experience with the plaintiff, and asked for advice on how to help Ms. Roe, whom she did not name.

42.     The defendant denies the allegations contained in Paragraph 42.

43.     The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43.

44.     The defendant admits that Ms. Gleason met with Ms. Rogers on or about October 16, 2015.  The defendant denies the remaining allegations contained in Paragraph 44.

45.     The defendant denies the allegations contained in Paragraph 45, except to admit that Ms. Gleason discussed with Ms. Rogers the options available to Ms. Roe.

46.     The defendant admits that Ms. Gleason spoke with Ms. Rogers, but denies that Paragraph 46 accurately describes the content of the conversation.

47-48.  The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47.

49.     The defendant admits that Ms. Roe met with Ms. Gleason on October 19, 2015. The defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 49.

50.     The defendant denies the allegations contained in Paragraph 50, except to admit that Ms. Gleason told Ms. Roe that if a formal complaint were filed, then her name could not be kept confidential from the plaintiff.

51.     The defendant denies the allegations contained in Paragraph 51 as stated, and refers to *Yale Sexual Misconduct Policies and Related Definitions*, *UWC Procedures*, and *Reporting Sexual Misconduct to a Title IX Coordinator* for the contents thereof.

52.     The defendant denies the allegations contained in Paragraph 52.

53.     The defendant admits that Ms. Gleason met with Ms. Roe, but denies that Paragraph 53 accurately describes the conversation.

54-55.  The defendant denies the allegations contained in Paragraphs 54 and 55.

56.     The defendant denies the allegations contained in Paragraph 56, except to admit that a female student accused the plaintiff of rolling up a paper plate and shoving it down her shirt.

57.     The defendant refers to the *UWC Procedures* and the *Statement on Confidentiality of UWC Proceedings* for the contents thereof.

58.     The defendant denies the allegations contained in Paragraph 58.

59.     The defendant refers to the *UWC Procedures* and *Yale Sexual Misconduct Policies and Related Definitions* for the contents thereof.

60.     The defendant denies that Ms. Gleason falsely informed Ms. Roe that the informal complaint process was foreclosed because of the plaintiff's prior disciplinary history. The defendant admits that Ms. Gleason expressed concern that the incident was serious and informed Ms. Roe that a Title IX Coordinator could file a formal complaint if Ms. Roe agreed to cooperate as a witness.

61.     The defendant denies the allegations contained in Paragraph 61 and refers to the *UWC Procedures* for the contents thereof.

62-64.  The defendant denies the allegations contained in Paragraphs 62, 63 and 64.

65-67.  The defendant lacks personal knowledge of the incident described in Paragraphs 65, 66, and 67 and refers to the September 25, 2013 Fact-Finder's Report for the plaintiff's and Ms. Smith's description of the incident.

68.     The defendant admits that Ms. Smith filed a complaint with the UWC in August, 2013, after she had graduated from Yale, and refers to that complaint for the contents thereof.

69.     The defendant refers to *Yale Sexual Misconduct Policies and Related Definitions* for the contents thereof.

70.     The defendant has no personal knowledge of the allegations contained in Paragraph 70, but admits that an independent fact finder conducted an investigation into Ms. Smith's complaint.  The defendant refers to the September 25, 2013 Fact-Finder's Report for the plaintiff's statements to the fact finder.

71-72.  The defendant refers to the October 16, 2013 UWC Panel Recommendation for the contents thereof.

73.     The defendant admits the allegations contained in Paragraph 73.

74-78.  The defendant denies the allegations contained in Paragraphs 74, 75, 76, 77, and 78.

79.     The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79.

80.     The defendant denies the allegations contained in Paragraph 80.

81.     The defendant denies the allegations contained in Paragraph 81.

82.     The defendant refers to Ms. Roe's opening statement to the UWC panel for the contents thereof.

83.     The defendant admits the allegations contained in Paragraph 83.

84.     The defendant denies so much of Paragraph 84 which alleges that Jason Killheffer "purported" to bring the complaint pursuant to Section I of the *UWC Procedures*, and refers to the *UWC Procedures* for the contents thereof.

85-86. The defendant denies the allegations contained in Paragraphs 85 and 86 and refers to the *UWC Procedures* for the contents thereof.

87-88. The defendant admits that, on November 30, 2015, Aley Menon, UWC Secretary, notified the plaintiff that the UWC had received a formal complaint against you from Senior Deputy Title IX Coordinator Jason Killheffer and refers to the November 30, 2015 letter for the contents thereof.

89.     The defendant denies the allegations contained in Paragraph 89.

90.     The defendant refers to the November 30, 2015 letter for the contents thereof.

91.     The defendant denies the allegations contained in Paragraph 91.

92.     The defendant admits that the plaintiff submitted a written response denying the allegations against him and stating that all interactions between himself and Ms. Roe were consensual.  The defendant denies the remaining allegations contained in Paragraph 92.

93.     The defendant admits that it appointed an impartial fact-finder to conduct an investigation into Ms. Roe's complaint.  The defendant refers to *UWC Procedures* for the contents thereof.

94-109.      The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 94 through 109, and refers to the Fact Finder's January 15, 2015 Report for the contents thereof.

110.    The defendant admits that the Fact Finder's January 15, 2015 Report was sent to the plaintiff on January 15, 2015.  The defendant denies that that was the first time that the plaintiff was informed of the details of Ms. Roe's claims.

111.    The defendant admits that the hearing was held on January 21, 2016 and that James Jones acted as his advisor at the request of the plaintiff.

112.    The defendant admits the allegations contained in Paragraph 112, except to deny knowledge or information sufficient to form a belief as to the truth of the allegation that Ms. Roe's SHARE Center adviser was aware of the practice of preparing a written opening statement in advance of the hearing and encouraged Ms. Roe to prepare the statement.

113.    The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113, except to admit that the plaintiff did not prepare a written statement prior to the hearing or read an opening statement at the hearing.

114.    The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114, except to admit that the plaintiff expressed confusion about Ms. Roe's complaint to the panel and claimed that his interactions with Ms. Roe had been consensual.

115-116.    The defendant admits the allegations contained in Paragraphs 115 and 116.

117-118.    The defendant refers to the February 1, 2016 UWC Panel Report for the contents thereof.

119.    The defendant refers to the Fact Finder's January 15, 2015 Report and the February 1, 2016 UWC Panel Report for the contents thereof.  The defendant denies that the Panel's factual findings were inadequate to support a conclusion that the plaintiff violated Yale's Sexual Misconduct Policies by engaging in nonconsensual sexual intercourse with Ms. Roe.

120-122.      The defendant denies the allegations contained in Paragraphs 120, 121, and 122.

123-124.      The defendant admits that if Ms. Roe had given consent to sexual intercourse, then she would have had the right to revoke that consent.  The defendant denies the implication that Ms. Roe ever stated that she gave consent to sexual intercourse.

125-126.      The defendant refers to the February 1, 2016 UWC Panel Report for the contents thereof.

127-128.      The defendant denies the allegations contained in Paragraphs 127 and 128.

129.    The defendant refers to the February 1, 2016 UWC Panel Report for the contents thereof.

130-133.      The defendant denies the allegations contained in Paragraphs 130, 131, 132, and 133.

134.    The defendant refers to the Fact Finder's January 15, 2015 Report for the contents thereof.

135.    The defendant denies the allegations contained in Paragraph 135.

136-137.    The defendant refers to the February 1, 2016 UWC Panel Report for the contents thereof.

138.    The defendant refers to the Fact Finder's January 15, 2015 Report and the February 1, 2016 UWC Panel Report as to the plaintiff's consumption of alcoholic drinks and level of intoxication.  The defendant denies the remaining allegations contained in Paragraph 138.

139.    The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139.

140.    The defendant denies the allegations contained in Paragraph 140.

141.    The defendant refers to the February 1, 2016 UWC Panel Report for the contents thereof.

142.    The defendant admits that the UWC Secretary informed the Panel of the UWC I proceedings after the conclusion of the hearing.

143.    The defendant admits that the panel did not address the UWC I proceedings with the plaintiff, but denies that the panel prevented the plaintiff from addressing the issue.

144-145.    The defendant denies the allegations contained in Paragraphs 144 and 145.

146.    The defendant refers to the February 1, 2016 UWC Panel Report for the contents thereof.

147.    The defendant admits the allegations contained in Paragraph 147, but denies the implication that the *UWC Procedures* required that the plaintiff be notified of the panel's recommended disciplinary action.

148.    The defendant admits that the prior version of the UWC Procedures, dated May 8, 2015, provided that the panel's report, which set out its findings of fact, its conclusion as to whether or not those facts constitute a violation of University policy, and its recommended penalty, if any, would be forwarded to both parties to the complaint.  The defendant further admits that the previous version of the UWC Procedures permitted each party to submit to the secretary a single written response to the panel's report within three days of receiving it.

149.    The defendant denies the allegations contained in Paragraph 149.

150.    The defendant admits that Ms. Roe wrote to Yale College Dean Jonathan Holloway on February 2, 2016, and refers to the letter for the contents thereof.

151.    The defendant denies the allegations contained in Paragraph 151.

152-153.      The defendant admits that Dean Holloway wrote to the plaintiff on February 10, 2016 and refers to the letter for the contents thereof.

154.    The defendant denies the allegations contained in Paragraph 154.

155-156.      The defendant refers to the Sexual Misconduct Scenarios for the contents thereof.

157-159.      The defendant denies the allegations contained in Paragraphs 157, 158, and 159.

160.    The defendant admits the allegations contained in Paragraph 160.

161.    The defendant denies the allegations contained in Paragraph 161.

162.    The defendant refers to the *Reports of Complaints of Sexual Misconduct* for the period from January 1, 2012 through June 30, 2015 for the contents thereof.

163-164.    The defendant denies the allegations contained in Paragraphs 163 and 164.

165.    The defendant denies the allegations contained in Paragraph 165, except to admit that the plaintiff appealed the decision to the Provost and that the Provost denied the appeal.

166.    The defendant denies the allegations contained in Paragraph 166, except to admit that the plaintiff was expelled and therefore could not play on the basketball team.

167-170.    The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 167, 168, 169, and170.

171-172.    The defendant denies the allegations contained in Paragraphs 171 and172.

## COUNT I
## Breach of Contract, UWC I (Lack of Jurisdiction)
## (v. Yale University)

173.    The responses to each of the foregoing paragraphs are hereby incorporated as if fully restated herein.

174.    The defendant admits that the plaintiff applied to and enrolled in the University. The defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 174.

175-180.      The defendant denies the allegations contained in Paragraphs 175, 176, 177, 178, 179, and 180.

## COUNT II
## Breach of Contract, UWC I (Inadequate Evidence to Support
## Finding of Sexual Harassment)
## (v. Yale University)

181.      The responses to each of the foregoing paragraphs are hereby incorporated as if fully restated herein.

182-183.      The defendant refers to *Yale Sexual Misconduct Policies and Related Definitions* for the contents thereof.

184-187.      The defendant denies the allegations contained in Paragraphs 184, 185, 186, and 187.

## COUNT III
## 20 U.S.C. § 1681 (Title IX), UWC I
## (v. Yale University)

188.      The responses to each of the foregoing paragraphs are hereby incorporated as if fully restated herein.

189-190.      Paragraphs 189 and 190 contain legal conclusions to which no response is required.

191-197.      The defendant denies the allegations contained in Paragraphs 191, 192, 193, 194, 195, 196, and 197.

**COUNT IV**
**Breach of Contract UWC II:  Breach of Confidentiality**
**(v. Yale University)**

198.    The responses to each of the foregoing paragraphs are hereby incorporated as if fully restated herein.

199.    The defendant refers to the *UWC Procedures* and the *Statement on Confidentiality of UWC Proceedings* for the contents thereof.

200-201.       The defendant denies the allegations contained in Paragraphs 200 and 201.

**COUNT V**
**Defamation**
**(v. Angela Gleason)**

The defendant does not respond to the allegation contained in Count V because this defendant is not named in said count.

**COUNT VI**
**Invasion of Privacy (Violation of Confidentiality and False Light)**
**(v. Yale University and Angela Gleason)**

208.    The responses to each of the foregoing paragraphs are hereby incorporated as if fully restated herein.

209-215.       The defendant denies the allegations contained in Paragraphs 209, 210, 211, 212, 213, 214, and 215.

**COUNT VII**
**Breach of Contract, UWC II:  Breach of Procedure for Title IX**
**Coordinator-Initiated Complaints**
**(v. Yale University)**

216.    The responses to each of the foregoing paragraphs are hereby incorporated as if fully restated herein.

217.    The defendant refers to the *UWC Procedures* for the contents thereof.

218-220.    The defendant denies the allegations contained in Paragraphs 218, 219 and 220.

**COUNT VIII**
**Tortious Interference with Contract**
**(v. Gleason and Killheffer)**

The defendant does not respond to the allegation contained in Count VIII because this defendant is not named in said count.

**COUNT IX**
**Breach of Contract, UWC II:  Failure to Make Findings**
**Constituting a Violation**
**(v. Yale University)**

227.    The responses to each of the foregoing paragraphs are hereby incorporated as if fully restated herein.

228-230.    The defendant refers to the *UWC Procedures* and *Yale Sexual Misconduct Policies and Related Definitions* for the contents thereof.

231.    The defendant denies the allegations contained in Paragraph 231.

232.    The defendant refers to the Fact Finder's January 15, 2015 Report and the February 1, 2016 UWC Panel Report as to Ms. Roe's testimony regarding her consent to sexual activity with the plaintiff.

233-235.     The defendant denies the allegations contained in Paragraphs 233, 234 and 235.

**COUNT X**
**Breach of Contract, UWC II:  Erroneous Reliance on UWC I Proceedings**
**(v. Yale University)**

236.    The responses to each of the foregoing paragraphs are hereby incorporated as if fully restated herein.

237.    The defendant refers to the *UWC Procedures* for the contents thereof.

238-240.     The defendant denies the allegations contained in Paragraph 238, 239, and 240.

**COUNT XI**
**Breach of Contract, UWC II:  Consideration of Evidence**
**Outside the Presence of the Respondent**
**(v. Yale University)**

241.    The responses to each of the foregoing paragraphs are hereby incorporated as if fully restated herein.

242.    The defendant refers to the *UWC Procedures* for the contents thereof.

243.    The defendant refers to the February 1, 2016 UWC Panel Report for the contents thereof.

244.    The defendant refers to the Fact Finder's January 15, 2015 Report for the contents thereof.   The defendant admits that evidence of the UWC I proceedings was not discussed in the plaintiff's presence at the UWC II hearing.

245.    The defendant refers to the *UWC Procedures* for the contents thereof.

246.    The defendant admits that the plaintiff was not present when the UWC Panel was informed of the UWC I proceedings.   The defendant denies the allegation that the plaintiff's absence was contrary to the *UWC Procedures*.

247.    The defendant admits that the plaintiff did not address the UWC I proceedings during the hearing before the UWC Panel.   The defendant denies the suggestion that the discussion of the UWC I proceedings outside the presence of the plaintiff was contrary to the *UWC Procedures*.

248-250.      The defendant denies the allegations contained in Paragraphs 248, 249, and 250.

**COUNT XII**
**Breach of Contract/Common Law, UWC II  (Denial of Basic Fairness/**
**Arbitrary and Capricious Decision Making)**
**(v. Yale University)**

251.    The responses to each of the foregoing paragraphs are hereby incorporated as if fully restated herein.

252.    Paragraph 252 states legal conclusions to which no response is necessary.

253-254.      The defendant denies the allegations contained in Paragraph 253 and 254.

20

**COUNT XIII**
**20 U.S.C. § 1681 (Title IX), UWC II (Erroneous Outcome)**
**(v. Yale University)**

255.     The responses to each of the foregoing paragraphs are hereby incorporated as if fully restated herein.

256-261.       The defendant denies the allegations contained in Paragraphs 256, 257, 258, 259, 260, and 261.


THE DEFENDANT
YALE UNIVERSITY


BY:_____/s/_____
          Patrick M. Noonan
          Colleen Noonan Davis
          Donahue, Durham & Noonan, P.C.
          741 Boston Post Road
          Guilford, CT 06437
          (203) 458-9168

21

## **CERTIFICATION**

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

_____/s/_____
Patrick M. Noonan
