UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JACK MONTAGUE,<br><br>      Plaintiff,<br><br>  v.<br><br>YALE UNIVERSITY, ANGELA GLEASON and JASON KILLHEFFER,<br><br>      Defendants. | Case No.: 3:16-cv-00885 (AVC)<br><br><br><br><br><br><br><br>November 21, 2016 |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO BIFURCATE CONSIDERATION OF
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

  The defendants Yale University, Angela Gleason and Jason Killheffer, respectfully submit this memorandum of law in support of their Motion to Bifurcate Consideration of Plaintiff's Motion for Preliminary Injunction.  The purpose of the defendants' motion is to afford the Court an opportunity to rule on the question of whether the plaintiff, Jack Montague, has set forth a prima facie showing of irreparable harm on the papers before unnecessarily expending further resources of the Court and the parties on a multi-day hearing regarding each element of Plaintiff's Motion for Preliminary Injunction dated October 31, 2016.  (Doc. No. 31.)

**I.  PRELIMINARY STATEMENT**

  The drafters of the Federal Rules of Civil Procedure specified in the very first Rule that the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.  The defendants' proposal to bifurcate the Court's consideration of the plaintiff's motion is designed to further that objective.

"A preliminary injunction is an 'extraordinary and drastic remedy, one that should not be granted unless the movant, by a *clear showing*, carries the burden of persuasion.'" JBR, Inc. v. Keurig Green Mt., Inc., 618 Fed. App'x 31, 33 (2d Cir. 2015) (quoting Sussman v. Crawford, 488 F.3d 136, 139 (2d Cir. 2007)).  The Second Circuit has repeatedly held that "[i]rreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." Rodriguez v. DeBuono, 175 F.3d 227, 234-35 (2d Cir. 1999) (citations and quotation omitted). Indeed, irreparable harm "is the 'sine qua non for preliminary injunctive relief.'"  JBR, Inc., 618 Fed. App'x at 33 (quoting USA Recycling, Inc. v. Town of Babylon, 66 F.3d 1272, 1295 (2d Cir. 1995)).  "As such, *the moving party must first demonstrate that irreparable harm would be 'likely'* in the absence of a preliminary injunction '*before the other requirements for the issuance of [a preliminary] injunction will be considered*.'"  Id. (quoting Rodriguez, 175 F.3d at 234) (emphasis supplied).  "In the absence of a showing of irreparable harm, a motion for a preliminary injunction should be denied." Rodriguez, 175 F.3d at 234.

As explained in detail in Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Preliminary Injunction, filed concurrently herewith, the plaintiff has failed to make a showing of irreparable harm for two reasons.  First, under established Second Circuit precedent, his nearly nine-month delay in filing his motion itself vitiates any claim of irreparable harm. Second, as a matter of law, none of the consequences identified by the plaintiff as irreparable harm meets the exacting standard for that prerequisite to preliminary injunctive relief.  If the defendants are correct, then the Court can rule on the irreparable harm issue alone and deny the plaintiff's motion, obviating the need for a lengthy hearing on the remaining elements of the motion.  If the Court concludes, however, that the plaintiff has made a prima facie showing of irreparable harm, then the Court can schedule a hearing to take evidence on all of the elements of

his motion. Following this procedure will not require the presentation of duplicative evidence, prejudice the plaintiff in any way, or delay a decision on his pending motion. Accordingly, the defendants respectfully request that the Court grant their Motion to Bifurcate Consideration of Plaintiff's Motion for Preliminary Injunction.

## II.     BRIEF FACTUAL AND PROCEDURAL BACKGROUND

The plaintiff was expelled from Yale nearly nine months after a five-member panel of the University-Wide Committee on Sexual Misconduct (the "UWC") concluded that he had engaged in sexual intercourse with another student, Jane Roe, without her consent. The allegations were adjudicated pursuant to Yale's Procedures Governing the University-Wide Committee on Sexual Misconduct. (See Pl.'s Mem. Ex. 3.) An impartial fact-finder interviewed both the plaintiff and Ms. Roe and five additional witnesses. A five-member UWC panel then conducted a hearing and concluded unanimously that the plaintiff had engaged in non-consensual intercourse in violation of Yale's Sexual Misconduct Policy. The panel therefore unanimously recommended to Dean Jonathan Holloway that he be expelled. On February 10, 2016, Dean Holloway accepted the panel's findings, conclusions, and recommended penalty. (See Pl.'s Mem. Ex. 13.)

On June 9, 2016—some four months after his expulsion—the plaintiff commenced this action, in which he alleges, in pertinent part, that Yale violated its policies and procedures in connection with his expulsion. (See Doc. Nos. 1 and 30.) On October 31, 2016—nearly nine months after his expulsion—the plaintiff filed his emergency motion asking this Court to order his immediate reinstatement at Yale. (See Doc. No. 31.) The plaintiff devotes some 15 pages of his brief to a recitation of the factual background (see Pl.'s Mem. at 1-15); 17 pages to his argument on the merits (see Pl.'s Mem. at 18-34); and an additional five pages to his argument on the balance of hardships and the public interest (see Pl.'s Mem. at 34-38). In contrast, he

devotes less than two pages of his brief to the issue of irreparable harm, which the Second Circuit has held is the "single most important prerequisite" for preliminary injunctive relief. (See Pl.'s Mem. at 16-17; Rodriguez, 175 F.3d at 234.)  The plaintiff contends:

> [w]ithout injunctive relief . . . Montague will not graduate from college and he will not enter a post-graduate degree program, nor will he be able to secure the same types of employment opportunities he would have been able to secure with a degree from Yale and/or a post-graduate degree.  Indeed, he has not even been able to obtain employment as a basketball player, despite diligent efforts, because his expulsion is a deterrent to scouts and agents.

(Pl.'s Mem. at 16 (citations omitted).)  The plaintiff has also submitted an affidavit listing these same consequences.  (Pl.'s Mem. Ex. 2.)  This conclusory and self-serving affidavit is the sole source of the "facts" from which the plaintiff argues that he will suffer irreparable harm unless this Court immediately reverses his expulsion.  (See Pl.'s Mem. at 16-17 and Ex. 2.)

### III.  ARGUMENT

#### a.  The Likelihood of Irreparable Harm Must Be Considered First.

Preliminary injunctive relief "is an 'extraordinary and drastic remedy, one that should not be granted unless the movant, by a *clear showing*, carries the burden of persuasion.'"  JBR, Inc., 618 Fed. App'x at 33 (quoting Sussman, 488 F.3d at 139); Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam) (same).  The Second Circuit's modified test for preliminary injunctive relief provides that the movant "must demonstrate:  (1)[a] a likelihood of success on the merits or . . . [b] sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor; (2) *a likelihood of irreparable injury in the absence of an injunction*; (3) that the balance of hardships tips in the plaintiff's favor; and (4) that the public interest would not be disserved by the issuance of an injunction."  Benihana, Inc. v. Benihana of Tokyo, LLC, 784 F.3d 887, 895 (2d Cir. 2015) (quoting Salinger v. Colting, 607 F.3d 68, 79-80 (2d Cir. 2010)) (quotation marks omitted;

emphasis supplied).  The plaintiff bears the burden of persuasion on each element.  Blum v. Schlegel, 830 F. Supp. 712, 723 (W.D.N.Y. 1993).

The Second Circuit has repeatedly held that "the *single most important prerequisite* for the issuance of a preliminary injunction" is a showing that, if the injunction is not granted, the movant will suffer irreparable harm before a decision on the merits can be rendered.  Rodriguez, 175 F.3d at 234-35 (citations and quotation marks omitted; emphasis supplied); Citibank, N.A. v. Citytrust, 756 F.2d 273, 275 (2d Cir. 1985) (quoting Bell & Howell:  Mamiya Co. v. Masel Supply Co. Corp., 719 F.2d 42, 45 (2d Cir. 1983)).  A failure to demonstrate irreparable harm is, *in and of itself*, fatal to an application for a preliminary injunction.  See, e.g., Grand River Enter. Six Nations, Ltd. v. Pryor, 481 F.3d 60, 62-63 (2d Cir. 2007) (district court did not abuse discretion in finding plaintiff "failed to demonstrate sufficient likelihood of irreparable harm and, therefore, *on that basis alone*, affirm[ing] its denial") (emphasis supplied); Am. Postal Workers Union v. United States Postal Serv., 766 F.2d 715, 723 (2d Cir. 1985), cert. denied, 475 U.S. 1046 (1986) (irreparable harm "constitutes an *absolute requirement* for an award of injunctive relief") (emphasis supplied); accord Sampson v. Murray, 415 U.S. 61, 88 (1974) ("the basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies") (quotation omitted).  Indeed, irreparable harm "is the 'sine qua non for preliminary injunctive relief.'"  JBR, Inc., 618 Fed. App'x at 33 (quoting USA Recycling, Inc., 66 F.3d at 1295).  "The 'burden of proof and persuasion rest[s] squarely' on the party moving for a preliminary injunction to show that irreparable harm is likely."  Id. at 34 (quoting Grand River, 481 F.3d at 67-68).

"As such, *the moving party must first demonstrate that irreparable harm would be 'likely'* in the absence of a preliminary injunction '*before the other requirements for the issuance*

*of [a preliminary] injunction will be considered*.'" Id. (quoting Rodriguez, 175 F.3d at 234) (emphasis supplied); Grand River, 481 F.3d at 66 (2d Cir. 2007) (same) (quotation omitted); Freedom Holdings, Inc. v. Spitzer, 408 F.3d 112, 114 (2d Cir. 2005) (same) (quotation omitted); Kamerling v. Massanari, 295 F.3d 206, 214 (2d Cir. 2002) (same) (quotation omitted).

Pursuant to Rodriguez and its progeny, courts within this Circuit presented with an application for a preliminary injunction must first determine whether the plaintiff has made a legally adequate showing of irreparable harm before proceeding to the remaining elements of the application. This ordering of the proof is consistent with both the requirements of Federal Rule 1 and principles of judicial economy. Accordingly, this Court should first determine whether the plaintiff has made a prima facie showing of irreparable harm before considering the remaining elements of his motion, including his likelihood of success on the merits of each of his various breach of contract claims, the balance of hardships, and the public interest.

      **b.**    **Bifurcation of Plaintiff's Motion is Appropriate.**

The general principles governing bifurcation in federal civil litigation derive from Federal Rule 42(b), which grants to the district court "broad discretion to try issues and claims separately to 'further convenience, avoid prejudice, or promote efficiency.'" Doe v. Knights of Columbus, 930 F. Supp. 2d 337, 378 (CSH) (D. Conn. 2013) (quoting Amato v. City of Saratoga Springs, 170 F.3d 311, 316 (2d Cir. 1999)). Bifurcation is appropriate where, "for example, the litigation of the first issue might eliminate the need to litigate the second issue . . . ." Id. See also Vichare v. AMBAC, Inc., 106 F.3d 457, 466 (2d Cir. 1996) (bifurcation is "appropriate where the evidence offered on two different issues will be wholly distinct . . . or where litigation of one issue may obviate the need to try another issue"). Factors to be considered include:

> (1) whether the pertinent issues are significantly different from one another; (2) whether the issues are to be tried before a jury or to the court; (3) whether the

> posture of discovery on the issues favors a single trial or bifurcation; (4) whether the evidentiary issues overlap; and (5) whether the party opposing bifurcation will be prejudiced if it is granted.

Doe, 930 F. Supp. 2d at 379 (CSH) (D. Conn. 2013) (citations omitted).

Bifurcation is particularly appropriate where an asserted defense would be dispositive of a plaintiff's motion for a preliminary injunction. See, e.g., Bagley v. Yale Univ., 2014 U.S. Dist. LEXIS 177611, at *10-12 (CSH) (D. Conn. Dec. 29, 2014) (bifurcating motion for preliminary injunction for "initial consideration [of] Yale's contention that [plaintiff] would not be able to prove irreparable harm, a prerequisite for any form of preliminary injunctive relief"); Upjohn Co. v. Medtron Labs., Inc., 1988 U.S. Dist. LEXIS 1357, at *1-2 (S.D.N.Y. Feb. 22, 1988) ("Given the possibly meritorious nature of defendants' laches defense this Court concludes that it would serve the interest of judicial economy for it to consider defendants' laches defense before and separately from considering the merits of plaintiff's preliminary injunction motion. The motion is thus bifurcated . . . .").

As fully explained in Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Preliminary Injunction, filed concurrently herewith, the plaintiff has failed to make a prima facie showing of irreparable harm for two reasons. First, under established precedent, his nearly nine-month delay in filing his motion vitiates any claim of irreparable harm. See, e.g., Citibank, 756 F.2d at 277 ("[The plaintiff's] failure to act sooner undercuts the sense of urgency that ordinarily accompanies a motion for preliminary relief and suggests that there is, in fact, no irreparable injury.") (quotations omitted); Majorica, 762 F.2d at 8 (plaintiff's seven-month delay in seeking preliminary injunction "*standing alone*" warrants denial of motion) (emphasis added); Richard A. Leslie Co., Inc. v. Birdie, LLC, 2007 U.S. Dist. LEXIS 88437, at *5 (S.D.N.Y. Nov. 26, 2007) (three-month delay in seeking preliminary injunction is "is sufficiently long, *in and of itself*, to warrant denial of preliminary relief") (emphasis added); Knoch v. Univ. of Pittsburgh,

2016 U.S. Dist. LEXIS 117081, at *28-29 (W.D. Pa. Aug. 31, 2016) (suspended student's motion for preliminary injunction denied where he waited thirteen days after he filed his complaint and two months after his suspension to seek emergency relief); Anyadike v. Vernon Coll., 2016 U.S. Dist. LEXIS 3161, at * 29-30 (N.D. Tex. Jan. 11, 2016) (dismissed student's motion for preliminary injunction denied where she waited several months after dismissal to seek emergency relief); LaFreniere v. Regents of the Univ. of Cal., 2006 U.S. Dist. LEXIS 47252, at *11 (N.D. Cal. July 6, 2006) (expelled student's motion for preliminary injunction denied without a hearing based in part on delay between expulsion and filing of motion: "Perhaps most telling in this regard is [the plaintiff's] lengthy delay in seeking injunctive relief. An unreasonable delay in seeking such relief is relevant in deciding whether such relief is truly necessary.") (citation omitted).

Second, the speculative harms identified by the plaintiff—that he will not graduate, that he will not enter a post-graduate degree program, and that he will not be able to secure the same types of employment opportunities—simply do not constitute irreparable harm as a matter of law. See, e.g., Phillips v. Marsh, 687 F.2d 620, 622 (2d Cir. 1982) (reversing trial court's decision granting expelled West Point cadet's motion for preliminary injunction: "We can conceive of no irreparable harm that would accrue to her in allowing her graduation to await the outcome of the trial on the merits; any damages to her from deferring her career as a military officer in that period of time would surely be compensable by monetary damages.") (citation omitted); Caiola v. Saddlemire, 2013 U.S. Dist. LEXIS 43208, at *4 (VLB) (D. Conn. Mar. 27, 2013) (denying expelled student's motion for preliminary injunction: "While an expulsion is a severe penalty, particularly since [the plaintiff] was on the verge of graduation and had been admitted into a masters in education program, he is not entitled to the relief sought because he

8

has failed to establish irreparable harm."); Salau v. Denton, 139 F. Supp. 3d 988, 1013 (W.D. Mo. 2015) (denying expelled student's motion for preliminary injunction where student failed to demonstrate "that he could not enroll in a different university to complete his degree program").

Not only does the plaintiff's nine-month delay in filing his motion vitiate any claim of irreparable harm, even in the absence of that delay he has failed to allege any harm sufficient to warrant the "extraordinary and drastic remedy" of preliminary injunctive relief. Given the Second Circuit's admonition that courts should consider a plaintiff's showing of irreparable harm before addressing the remaining elements of a motion for a preliminary injunction, bifurcation is particularly appropriate here because the plaintiff has not put forth a prima facie showing of irreparable harm. Thus, the Court should bifurcate its consideration of the plaintiff's motion.

Adjudicating the plaintiff's motion in its entirety would require the Court to hear evidence and render a decision on no less than six of his breach of contract claims. (See Pl.'s Mem. at 19, 24-25, 29 and 33.) As a result, the defendants anticipate that the parties would be required to examine many witnesses and to submit voluminous documentation for the Court's consideration. The hearing alone would easily take more than a week to complete.

    **c.**    **The Court Need Not Hold a Hearing on Plaintiff's Motion.**

Federal Rule 65 does not require the court to hold an evidentiary hearing in connection with an application for preliminary injunctive relief. Indeed, the Second Circuit has long held that "'there is no hard and fast rule in this circuit that oral testimony must be taken on a motion for a preliminary injunction or that the court can in no circumstances dispose of the motion on the papers before it.'" Maryland Cas. Co. v. Realty Advisory Bd. on Labor Rels., 107 F.3d 979, 984 (2d Cir. 1997) (quoting Consol. Gold Fields PLC v. Minorco, S.A., 871 F.2d 252, 256 (2d Cir. 1989)); Redac Project 6426, Inc. v. Allstate Ins. Co., 402 F.2d 789, 790 (2d Cir. 1968)

(same).  "Generally, the district court is not required to conduct an evidentiary hearing on a motion for a preliminary injunction when essential facts are not in dispute."  Maryland Cas. Co., 107 F.3d at 984 (citation omitted); accord Consol. Gold Fields PLC, 871 F.2d at 256 (affirming court's granting of preliminary injunction without hearing).  "*Where . . . a plaintiff's factual submissions, even if accepted as true, do not warrant injunctive relief, there are no 'essential' facts in dispute and, therefore, a hearing would serve no purpose*."  Welch Allyn, Inc. v. Tyco Int'l Servs. AG, 200 F. Supp. 2d 130, 145 (N.D.N.Y 2002) (emphasis supplied).

      Citing these principles, courts within the Second Circuit have repeatedly held that a plaintiff's failure to make a legally adequate showing of irreparable harm warrants a disposition of an application for preliminary injunctive relief on the papers without an evidentiary hearing.  See, e.g., SCM Corp. v. Xerox Corp., 507 F.2d 358, 363 (2d Cir. 1974) (district judge did not abuse discretion in finding that plaintiff had failed to make sufficient showing of irreparable harm to justify evidentiary hearing); Local 676, UA of Sprinkler Fitters & Apprentices of Conn., 2010 U.S. Dist. LEXIS 96025, at *31 (VLB) (D. Conn. Sept. 15, 2010) ("The Court . . . finds that this is an appropriate case for disposition absent a fuller evidentiary hearing, as the Plaintiffs have failed to show irreparable harm.  Due to the Plaintiffs' failure to demonstrate irreparable harm, the Court need not address their likelihood of prevailing on the merits of [their] various claims."); Hunnicutt v. Lantz, 2010 U.S. Dist. LEXIS 7332, at *3 (JCH) (D. Conn. Jan. 28, 2010) (denying motion for preliminary injunction without hearing where plaintiff's allegations did not constitute irreparable harm as a matter of law); Holmes v. NBC/GE, 1996 U.S. Dist. LEXIS 4345, at *5 (S.D.N.Y. Apr. 9, 1996) ("[plaintiff's] failure to allege [a legally sufficient] irreparable harm in the papers in support of [her] motion for preliminary injunction warrants denial of the request for a hearing on the motion") (citation omitted); Sugarhill Records, Ltd. v.

Motown Record Corp., 570 F. Supp. 1217, 1222 (S.D.N.Y. 1983) ("This Court finds that this is an appropriate case for disposition on the papers submitted . . . [because the plaintiff] has not made a sufficient showing of irreparable harm.").

Such is the case here. For the reasons discussed in brief above and at length in Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Preliminary Injunction, filed concurrently herewith, none of the harms the plaintiff alleges are sufficient to warrant preliminary injunctive relief as a matter of law. As such, holding a lengthy evidentiary hearing on the plaintiff's motion would serve no purpose. Accordingly, not only should the Court bifurcate its consideration of the plaintiff's motion, it should deny his motion on the papers without an evidentiary hearing. Moreover, even if the Court decides to hold an evidentiary hearing, the Court nevertheless should, consistent with Rodriguez and its progeny, first take evidence on the issue of irreparable harm before addressing the remaining elements of the plaintiff's motion.

## IV.   CONCLUSION

The dispositive case law cited above and in Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Preliminary Injunction, filed concurrently herewith, demonstrates that the plaintiff cannot establish the irreparable harm required to prevail on his motion. Given the Second Circuit's admonition that the moving party must first demonstrate that irreparable harm is likely before the other requirements for the issuance of an injunction will be considered, the defendants respectfully submit that this Court should make an initial determination as to the legal sufficiency of the plaintiff's claimed irreparable harm on the parties' papers. Bifurcation offers the opportunity to conserve judicial resources and spare the Court and the parties the substantial time and expense associated with a lengthy evidentiary

hearing.  As Judge Haight recently held, bifurcation is particularly appropriate where a possibly meritorious defense would be dispositive of a plaintiff's motion for a preliminary injunction.  See Bagley, 2014 U.S. Dist. LEXIS 177611, at *10-12 (CSH) (D. Conn. Dec. 29, 2014).  That is precisely the situation before this Court.  Accordingly, the defendants respectfully request that the Court grant Defendants' Motion to Bifurcate Consideration of Plaintiff's Motion for Preliminary Injunction.

THE DEFENDANTS,
YALE UNIVERSITY, ANGELA GLEASON and
JASON KILLHEFFER

By:  /s/  Patrick M. Noonan
    Patrick M. Noonan (ct00189)
    James D. Flynn (ct29778)
    DONAHUE, DURHAM & NOONAN, P.C.
    741 Boston Post Road
    Guilford, Connecticut 06437
    Tel:  (203) 458-9168
    Fax:  (203) 458-4424
    Email: pnoonan@ddnctlaw.com
           jflynn@ddnctlaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that, on November 21, 2016, a copy of foregoing Memorandum of Law in Support of Defendants' Motion to Bifurcate Consideration of Plaintiff's Motion for Preliminary Injunction was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

      /s/  James D. Flynn
James D. Flynn (ct29778)
DONAHUE, DURHAM & NOONAN, P.C.
741 Boston Post Road
Guilford, Connecticut 06437
Tel:  (203) 458-9168
Fax:  (203) 458-4424
Email:  jflynn@ddnctlaw.com