# EXHIBIT D



Contact:    Karen Schwartzman
            Polaris Public Relations
            617-437-9990
            KSchwartzman@PolarisPR.net

**STATEMENT OF MAX STERN, COUNSEL FOR JACK MONTAGUE**

**Boston, MA – March 14, 2016 –**

Jack Montague was expelled from Yale University on February 10, 2016 after a panel of the Yale University-Wide Committee found that he had unconsented-to sex 15 months earlier, in October 2014, with a female student who is currently a junior at Yale. He was expelled during the second semester of his senior year.

Last week, the media widely reported on statements made by Yale students and posters put up on campus which condemned Jack Montague directly as the named culprit and as a rapist, thus slandering him with this accusation. He was never accused of rape and Yale took no steps to correct these actions. As a result, Mr. Montague has no choice but to correct the record.

The University hired an independent investigator to investigate this matter and, as reported by her, **the facts not in dispute and as stated in the female student's account** are these:

The two students developed a relationship that led to them sleeping together in Jack's room on four occasions in the fall of 2014.

On the first occasion, the woman joined Jack in bed and stayed the night.
On the second occasion, she entered his bed voluntarily, removed all of her clothes and, during the night, woke him to perform oral sex.
On the third occasion, she joined him in bed, voluntarily took off all her clothing, and they had sexual intercourse by consent.
On the fourth occasion, she joined him in bed, voluntarily removed all of her clothes, and they had sexual intercourse. Then they got up, left the room and went separate ways. Later that same night, she reached out to him to meet up, then returned to his room voluntarily, and spent the rest of the night in his bed with him.

The sole dispute is as to the sexual intercourse in the fourth episode. She stated that she did not consent to it. He said that she did.



Statement of Max Stern,
Counsel for Jack Montague
March 14, 2016
Page 2 of 2

A year later she reported the incident to a Title IX coordinator.  A Title IX official – not her – filed a formal complaint with the University-Wide Committee.

Only two persons could have known what happened on that fourth night.  The panel chose to believe the woman, by a "preponderance of the evidence."  We believe that it defies logic and common sense that a woman would seek to re-connect and get back into bed with a man who she says forced her to have unwanted sex just hours earlier.  And yet the Dean accepted this conclusion and ordered Jack to be expelled.  His decision was then upheld by the Provost.

We strongly believe that the decision to expel Jack Montague was wrong, unfairly determined, arbitrary, and excessive by any rational measure.  Yale has been oblivious to the catastrophic and irreparable damage resulting from these allegations and determinations. The expulsion not only deprives Jack of the degree which he was only three months short of earning, but has simultaneously destroyed both his educational and basketball careers.

We cannot help but think it not coincidental that the decision by Yale officials to seek expulsion of the captain of its basketball team followed by little more than a month the report of the Association of American Universities (AAU) which was highly critical of the incidence of sexual assault on the Yale campus, and the Yale President's promise, in response, to "redouble our efforts."  From what appears, Jack has been pilloried as a "whipping boy" for a campus problem that has galvanized national attention.

There is no doubt that institutions of higher learning must take the problem of sexual abuse seriously and take effective steps to protect its women students.  But that obligation cannot justify imposing so drastic a punishment on the basis of such flimsy evidence.

Mr. Montague intends to sue Yale University to vindicate his rights.