UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

JACK MONTAGUE,
    Plaintiff,

v.

YALE UNIVERSTIY, ANGELA GLEASON,
and JASON KILLHEFFER,
    Defendants.

CIVIL ACTION
No. 3:16-cv-00885

### AFFIDAVIT OF MAX D. STERN IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

I, Max D. Stern, having been duly sworn, do hereby state as follows:

1. I am over eighteen (18) years of age and believe in the obligations of an oath.

2. I am an attorney licensed to practice in the Commonwealth of Massachusetts; the United States District Court for the District of Massachusetts; the United States District Court for the District of Maryland; the Court of Appeals for the First Circuit; the Court of Appeals for the Fourth Circuit; the Supreme Court; and the Court of Federal Claims. I have been admitted, *pro hac vice*, to the United States District Court for the District of Connecticut in order to serve as Plaintiff's counsel in the above-captioned matter.

3. I was retained to represent the Plaintiff on or about March 7, 2016. On that date, Plaintiff requested, from Yale, a complete copy of his educational records. Plaintiff informed me that the Secretary of the University Wide Committee, Aley Menon, told him she would provide the records but first had to redact the names of other students.

4.  Attorney Willie Dow, local counsel in this matter, spoke with Yale Senior Associate General Counsel Susan Sawyer, by phone, on or about March 11, 2016. Attorney Sawyer told Attorney Dow that Yale had 45 days to respond to Plaintiff's request.

5.  I took issue with that interpretation of the relevant regulation and immediately wrote to Attorney Sawyer, as well as Alexander E. Dreier, Vice President and General Counsel at Yale, again requesting the records so that I could provide proper and timely legal advice to my client.

6.  On March 28, 2016, I received a letter from Attorney Patrick M. Noonan informing me that he represents Yale; instructing me upon whom I should serve any complaint against his client; and asking that we not identify students by name or initials in order to protect their identities.

7.  I e-mailed Attorney Noonan on March 29 and confirmed that we would not identify students by name or initials.

8.  On or about April 2, 2016, my colleague, Attorney Dow, spoke with Attorney Noonan by phone. Attorney Noonan indicated that Yale had begun the process of copying the documents Plaintiff requested on March 7, 2016, but wanted to put in place a Non-Disclosure Agreement ("NDA") before turning over the documents.

9.  Attorney Dow and I believed the NDA was too broad, and asked that it be limited in scope. On April 13, 2016, I made various suggestions in this regard to Attorney Noonan; he informed me that he had talked to Yale's General Counsel in order to get permission, and that he may have trouble getting that permission immediately.

10. Having heard nothing from Mr. Noonan as of April 19, I again contacted him. He then sent me a revised draft of the NDA, which we put into place on or about April 20, 2016.

11. Yale finally produced our client's own records on April 26, 2016.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Max D. Stern

December 9, 2016.