# EXHIBIT J

Message

**From:** Gleason, Angela [/O=YALE UNIVERSITY/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=ANGELA.GLEASON]
**Sent:** 11/10/2015 8:59:09 AM
**To:** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
**Subject:** RE: Formal Complaint

That sounds great. I'll meet you in the lobby.

Best,
Angie

**From:** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
**Sent:** Tuesday, November 10, 2015 8:56 AM
**To:** Gleason, Angela
**Subject:** Re: Formal Complaint

Hi Angie,
Let's plan on 10:15 today- I'll be coming from a class so there's a chance that I might be a few minutes late but I'll do my best to get there on time.
Thanks,
▓▓▓

On Tuesday, November 10, 2015, Gleason, Angela <angela.gleason@yale.edu> wrote:

Hi ▓▓▓

10:15 works for me this morning, as does tomorrow between 10am-12pm. Let me know what suits your schedule.

Best,

Angie

**From:** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
**Sent:** Tuesday, November 10, 2015 8:51 AM
**To:** Gleason, Angela
**Subject:** Re: Formal Complaint

Hi Angie,

PLAINTIFF'S EXHIBIT NO. 16 FOR IDENTIFICATION DATE: 12-13-16 RPTR:

Yale 00000432

Do you have any availability between 10:15 and 11:00 by any chance? If not, I could do Wednesday before 1 (more availability may open up for me tomorrow afternoon) or maybe Thursday morning?

Thanks,

■

On Monday, November 9, 2015, Gleason, Angela <angela.gleason@yale.edu> wrote:

Dear ■

Thank you for your email and I hope David's email helps clarify your questions. In regard to your question about the athletics department and the coach, I have been told that it is likely that the coach will be notified because of Jack Montague's leadership position. If you have concerns about this, please let me know and we can discuss them. If you have additional questions, or would like to discuss any of these questions further, please also let me know. If you'd like to meet, I'm generally available tomorrow morning, Wednesday afternoon and Thursday morning.

Best,

Angie

Sent from my iPhone

On Nov 9, 2015, at 9:34 PM, David M. Post <david.post@yale.edu> wrote:

Dear ■

Please see below for answers to your questions. I hope they help. Please feel free to follow up with additional questions you might have.

Sincerely,
David.

On 11/9/2015 4:41 PM, ■ wrote:

Hi Angie,

I have had time to think about the case and my role in it over the weekend, and I met with Amy this afternoon to talk about it more. I am comfortable with Title IX filing a formal complaint against Jack Montague, and I am willing to participate as a witness. I understand that this may include talking to a fact finder and eventually participating in a formal hearing. At this time I am comfortable doing both of those things, but I will let you know if at any time I decide

Yale 00000433

that I cannot participate in either. Please let me know if you need anything in writing from me to move forward with the case.

I had a few questions that I thought you or David might be able to answer.

Firstly, as he is a varsity athlete and team captain, I was wondering if his coach or the athletic direct get informed about his involvement in the case, or if they only get informed if the committee makes a decision that influences his eligibility to participate. Many of my friends are athletes and have told me that the athletic department takes sexual misconduct very seriously, but I can imagine that confidentiality procedures may not allow for the coach's knowledge or involvement.

The number of people informed about a complaint is very small. It includes the Universities Title IX coordinator, the Dean or Yale College, and the residential college Dean, who typically delivers the complaint and related materials. A students may disclose the complaint to someone they look to for support - in some cases that may be an athlete's coach.

Secondly, as a witness rather than a complainant, would I still be giving an opening statement as we discussed on Friday? Also, am I informed of the final decision made by the committee/Dean Holloway if I am not the one formally bringing forward the case? In the write up/complaint that Jack will initially receive, will I be named?

As the primary witness, you would be able to participate fully in the investigation and hearing. You are also informed of the final decision made by the decision makers. The initial complaint does not need to name you, but it does need to specify the date(s), location(s), and a general description of the alleged violation, and including your name is preferred and would allow for a fuller response by the respondent. You would need to be named in the fact-finder's report.

Finally, and perhaps most importantly given some interactions from this past weekend, is it possible for a no-contact policy to be put in place between the two of us throughout the duration of this case? Again, please let me know if you need any more information.

A no contact order is put in place as soon the respondent is charged with a violation of our sexual misconduct policy. That order specifies that there must be no contact - either direct or indirect - between the respondent and you for the

duration of the case. That no contact order may be extended if there is a finding of a violation of your policy. The UWC procedures also specifically prohibit retaliation against any person who brings a complaint or participates in the UWC process. Angie, as the Yale College Title IX coordinator, would be in touch with you and the respondent to discuss implementation of the no contact order and any interim measures.

I hope that helps.

Thank you for your ongoing support throughout this. I hope that I can be helpful to you and to the university in general throughout this process. Let me know if you need anything from me in order to move forward.

Best,

David M. Post
Professor of Ecology and Evolutionary Biology
Chair, University-Wide Committee on Sexual Misconduct
Yale University
203-432-3005
postlab.yale.edu



Yale00000136