# EXHIBIT O

# Yale OFFICE OF THE PROVOST

PO Box 208333
New Haven CT 06520-8333
T 203 432-4444
F 203 432-0161
provost.yale.edu

*courier*
2 Whitney Avenue, Suite 400
New Haven CT 06510

CONFIDENTIAL

February 24, 2016

Mr. Jack Montague
Delivered via email: jack.montague@yale.edu

Dear Mr. Montague:

I am writing in response to your appeal of Dean Holloway's decision regarding the complaint that Senior Deputy University Title IX Coordinator Jason Killheffer brought against you to the University-Wide Committee on Sexual Misconduct ("UWC"). I have carefully reviewed the relevant material and the procedures of the UWC, and, for the reasons explained below, I have decided that your appeal should be denied.

Under the UWC's procedures, "[t]he only grounds for appeal are (i) procedural error that prevented the hearing panel or the decision maker from judging the matter fairly, or (ii) the discovery of facts that were not reasonably available to the appealing party prior to the UWC hearing and that support or refute the allegation of sexual misconduct."

Your appeal first argues that the UWC's procedures were violated because UWC Secretary Aley Menon improperly participated in questioning during the hearing of your case. But Section 2.1 of the UWC's procedures states that "[i]n the case of a formal complaint, the Secretary attends the hearing, and may ask clarifying questions . . . ." Even if the procedures did not explicitly permit Ms. Menon to ask questions, I would not agree that her questioning represented an error that prevented the panel or the decision maker from reaching a fair decision.

Next, you argue that the UWC process was unfair because the UWC does not provide respondents with trained advisers and your adviser was unfamiliar with the process. While it is true that the UWC allows respondents to choose their own advisers, the UWC does make trained advisers available to respondents, and it does provide respondents and their advisers with an opportunity to discuss the hearing process with the Secretary. In her November 30 letter, Ms. Menon asked you to contact her if you needed help identifying an advisor. In the e-mail that Ms. Menon sent you on December 2, after you had chosen Coach Jones as your adviser, she urged that you both meet with her to "review together the full hearing process." On December 3, you informed Ms. Menon by e-mail that you had retained an attorney who was familiar with the UWC process. In light of this record, I do not agree that your decision to choose Coach Jones as your adviser represented a procedural error on the part of the UWC.

Your third claim of procedural error is Dean Holloway's refusal to allow you a second opportunity to meet with the hearing panel so that you could address credibility concerns

and penalties. But, as you note in your appeal, the UWC procedures do not provide for a second meeting with the hearing panel. For that reason, I do not agree that Dean Holloway's refusal of your request represented a procedural error.

Finally, you argue that Dean Holloway lacked sufficient information about your previous discipline when he decided that you should be expelled. Section 7.5 of the UWC procedures says that the Secretary "will . . . describe any formal Yale discipline previously imposed on the respondent, and the panel may consider this prior discipline in its recommendations regarding a penalty." After you received the panel's report and saw its conclusion regarding culpability, you had the opportunity in your response to address the nature of your previous discipline. Although your appeal does not state clearly whether your argument on this point is meant to address a procedural error or to raise previously unavailable information, I do not agree in either case. The UWC procedures were followed, and the information about your prior discipline was available to you before the hearing.

Sincerely,

*Ben Polak*

Ben Polak
Provost
William C. Brainard Professor of Economics

cc: James Jones, Head Coach Men's Basketball Athletics
Aley Menon, Secretary, University Wide Committee on Sexual Misconduct