UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JACK MONTAGUE,<br>    Plaintiff,<br><br>v.<br><br>YALE UNIVERSTIY, ANGELA GLEASON,<br>JASON KILLHEFFER, and OTHERS<br>UNKNOWN,<br>    Defendants. | CIVIL ACTION<br>No. 3:16-cv-00885-AVC |

## MOTION TO STRIKE

Now comes the plaintiff in the above-captioned case and requests that this Court strike ECF No. 53, *exclusive of pages 14-20, Section IV(A)(1) (bifurcation argument)*. As reasons therefore, plaintiff states:

1. On October 31, 2016, plaintiff filed a Motion for Preliminary Injunction. (ECF No. 31.) Defendants' opposition was due on November 21, 2016. (*See id.*)

2. On November 21, 2016, Defendants filed a Motion to Bifurate Consideration of Plaintiff's Motion for Preliminary Injunction (ECF No. 34); a Memorandum in Support of the Motion to Bifurcate (ECF No. 35); and a 31-page Memorandum in Opposition to Plaintiff's Motion for Preliminary Injunction (ECF No. 36). In their memorandum, defendants argued only that plaintiff had failed to show irreparable harm; they affirmatively elected to omit any argument on the remaining elements (likelihood of success on the merits; balancing of hardships; and public interest). (*See id.*)

3. Per the Federal Rules, plaintiff was entitled to file an opposition to Defendants' Motion to Bifurcate, which was due on December 12, 2016 (*see* L.R. 7(a)(1)), and a reply to

Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction, which was due on December 5, 2016 (*see* L.R. 7(d)(1)).

4. With defendants' consent, plaintiff moved to consolidate those two pleadings and file them together on December 12, 2016. (ECF No. 38.) The Court granted the motion to consolidate. (ECF No. 39.)

5. On December 12, plaintiff filed his Consolidated Opposition to Defendants' Motion to Bifurcate and Reply to Defendants' Opposition to Motion for Preliminary Injunction. (ECF No. 40.) In the consolidated motion, and consistent with the Federal Rules, plaintiff made arguments opposing defendants' Motion to Bifurcate, and replied to the *only* argument defendants raised in their Opposition to Plaintiff's Motion for Preliminary Injunction: plaintiff's proof of irreparable harm. (*See id*.) Plaintiff also made clear his position that defendants, having elected to forego argument on the other preliminary injunction elements, waived their right to make such an argument. (*See id*. at pp. 2, 19.)

6. Per the Federal Rules, defendants were entitled to a 10-page reply to plaintiff's Opposition to their Motion to Bifurcate. (*See* L.R. 7(d).) As noted in plaintiff's Consolidated Motion, plaintiff's position is that defendants did not have any right to file another opposition to plaintiff's Motion for Preliminary Injunction (*see* ECF No. 40, p. 2), and they certainly did not have that right without leave of this Court. (*See* L.R. 7(a)(1) ("**Unless otherwise ordered by the Court, all memoranda in opposition to any motion shall be filed within twenty-one (21) days of the filing of the motion**").)

7. Defendants' 10-page reply was due on December 26, 2016. (*See id*.) At the request of defendants' counsel, and because of the holidays and defense counsel's schedule, plaintiff agreed to give defendants until January 12, 2017, to file their reply.

8. On January 10, 2017, defendants' counsel asked for plaintiff's counsel's consent to file excess pages in connection with their upcoming reply. The only thing to which plaintiff consented was defendants' request to file a motion seeking an unspecified number of excess pages. Plaintiff did not know that defendants planned to file a 48-page brief, nor did he know that the brief would be a second opposition to plaintiff's Motion for Preliminary Injunction.

9. Plaintiff thus moves to strike defendants' 48-page Memorandum of Law in Opposition to Plaintiff's Motion for Preliminary Injunction (ECF No. 53), *except insofar as it is a reply to plaintiff's Opposition to Motion to Bifurcate* (*see* pp. 14-20).

10. As set forth above, pursuant to the rules, defendants were entitled **only** to a reply to plaintiff's Opposition to Motion to Bifurcate, and that reply had to be "**strictly confined to a discussion of matters raised by the responsive brief[.]**" (L.R. 7(d).) Defendants are **not** entitled to "two bites at the apple." The memorandum defendants have filed addresses substantive arguments plaintiff made, in October, in his Motion for Preliminary Injunction – these issues should have been addressed in defendants' November 21, 2016 Opposition to Plaintiff's Motion for Preliminary Injunction, but defendants instead elected to ignore them in favor of a litigation strategy urging bifurcation and consideration only of irreparable harm.

11. Now, defendants ask the Court to consider this **second opposition**, as well as their cleverly titled "opening" opposition, which together comprise more than **seventy pages** of memoranda in opposition. Defendants' filing of this 40-plus page tome on issues that could have, and should have, been addressed nearly two months ago is a clear violation of the rules and is highly prejudicial to the plaintiff. (*See* L.R. 7(a)(1).) This is

particularly so given the context in which the parties are operating, that is, a motion for preliminary injunction, in which the plaintiff is seeking immediate action from the Court.

12. Consequently, ECF No. 53 should be struck except insofar as it constitutes a reply to plaintiff's Opposition to Motion to Bifurcate (*see* ECF No. 53, pp. 14-20).

WHEREFORE, for the reasons set forth above, plaintiff requests that this Court grant his motion to strike ECF No. 53, exclusive of pages 14-20.

JACK MONTAGUE,

By his attorneys,

/s/ *Max D. Stern*
Max D. Stern (BBO #479560) (*pro hac vice*)
mstern@toddweld.com
Alexandra H. Deal (BBO #660654) (*pro hac vice*)
adeal@toddweld.com
Hillary A. Lehmann (BBO #683657) (*pro hac vice*)
hlehmann@toddweld.com
TODD & WELD LLP
One Federal St., 27th Floor
Boston, MA 01880
Tel. (617) 720-2626
Fax (617) 227-5777

William F. Dow III (ct00161)
JACOBS & DOW, LLC
350 Orange Street
New Haven, CT 06511
wdow@jacobslaw.com
Tel. (203) 772-3100
Fax (203) 772-1691

Dated: January 12, 2017

**CERTIFICATE OF SERVICE**

I, Max D. Stern, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on January 12, 2017.

/s/ *Max D. Stern*