UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JACK MONTAGUE,<br><br>            Plaintiff,<br><br>      v.<br><br>YALE UNIVERSITY, et al.,<br><br>            Defendants. | Case No.:  3:16-cv-00885 (AVC)<br><br><br><br><br><br>January 13, 2017 |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE**

The defendants Yale University, Angela Gleason and Jason Killheffer hereby object to the plaintiff's Motion to Strike dated January 12, 2017.  (Doc. No. 54.)  The plaintiff's motion is an attempt to prevent the Court from considering the timely-raised responsive arguments set forth in Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Preliminary Injunction dated January 11, 2017.  (Doc. No. 53.)  For the reasons detailed below, the Court should deny the plaintiff's motion and consider the defendants' memorandum in its entirety.

It is undisputed that the plaintiff was expelled from Yale in February 2016 after an administrative finding that he had engaged in non-consensual sexual intercourse with another Yale student.  Some four months later, the plaintiff commenced this action by way of Summons and Complaint dated June 9, 2016, in which he seeks, inter alia, reinstatement.  (Doc. No. 1.)  The defendants filed their appearances the following day.  (Doc. Nos. 7-8.)  More than four additional months later, the plaintiff filed his 42-page combined Motion for Preliminary Injunction and Memorandum of Law in Support Thereof, and Request for Hearing dated October 31, 2016.  (Doc. No. 31.)  The plaintiff did not request the Court to expedite its consideration of

his motion by designating it as one seeking "emergency" relief pursuant to Rule 7(a)(3) of the Local Civil Rules. Nor did the plaintiff, at the time he filed his motion, ask the Court to enter an order setting an expedited briefing schedule. Rather, the plaintiff waited over two additional months, until January 5, 2017, to file his Consent Motion for Referral to Magistrate Thomas Smith "to address scheduling and related issues." (Doc. No. 46 at 1.)

On November 21, 2016, the defendants filed their Motion to Bifurcate Consideration of Plaintiff's Motion for Preliminary Injunction, along with a supporting memorandum of law. (Doc. Nos. 34 and 35.) In that motion, the defendants asked the Court to make an initial determination on the question of whether the plaintiff had made a legally sufficient showing on the issue of irreparable harm, the <u>sine qua non</u> for the issuance of preliminary injunctive relief, with the objective of obviating the need for the Court to unnecessarily adjudicate each of the remaining elements of the plaintiff's motion or to hold what would quite possibly have been a weeks-long evidentiary hearing. (Doc. No. 35.) On that same date, the defendants filed their initial Memorandum of Law in Opposition to Plaintiff's Motion for Preliminary Injunction. (Doc. No. 36.) Consistent with the position taken in their bifurcation motion, the defendants provided a truncated recitation of the relevant factual background and addressed only the plaintiff's legally inadequate showing on the issue of irreparable harm. (<u>See id.</u>) However, acknowledging the possibility that the Court might deny their bifurcation motion, the defendants also specifically "reserve[d] the right to supplement [their] memorandum in order to address the remaining requirements for the issuance of a preliminary injunction." (<u>Id.</u> at 1.)

On December 2, 2016, the plaintiff filed his Unobjected-To Motion for Leave to File Consolidated Pleading, in which he requested the Court's permission to file a single brief in response to *both* the defendants' bifurcation motion *and* their initial opposition memorandum,

and also requested an extension of time to respond to the former, on the grounds that the defendants' papers "concern interrelated matters that are more properly addressed in a single pleading." (Doc. No. 38 at 1.) The defendants consented and the Court granted the plaintiff's motion. (Doc. Nos. 38 and 39.) On December 9, 2016, the plaintiff filed his 20-page Consolidated Opposition to Defendants' Motion to Bifurcate Consideration of Plaintiff's Motion for Preliminary Injunction and Reply to Defendants' Opposition to Motion for Preliminary Injunction. (Doc. No. 40.) Therein, the plaintiff explicitly repudiated his prior request for a hearing and repeatedly chastised the defendants for attempting to seek a judicially economical adjudication of his motion. (See id. at 2 n.2 and 19.) In the purported "reply" portion of his consolidated memorandum, the plaintiff also raised a host of entirely new factual issues by way of his own supplemental affidavit, the affidavit of his unsigned sports agent, and a document of unknown provenance titled "Admissions Requirements and Statistics Chart." (See id. Exs. C-E.)

Rather than file their own motion to strike these improper reply affidavits, and given the fact that their bifurcation motion was still pending and that the plaintiff apparently no longer requested a hearing, the defendants elected in their responsive brief to exercise the right they previously reserved to address not only the plaintiff's arguments with respect to bifurcation and irreparable harm, but also the remaining elements of the plaintiff's motion. Accordingly, on January 11, 2017, the defendants filed a supplemental Memorandum of Law in Opposition to Plaintiff's Motion for Preliminary Injunction, which included a response to the plaintiff's factual allegations with citations to the relevant documentary evidence, a reply to the plaintiff's arguments with respect to bifurcation and irreparable harm, including the plaintiff's improper supplemental affidavits, and a full discussion of the remaining elements of the plaintiff's motion. (See Doc. No. 53.) Recognizing that their own "consolidated" memorandum would exceed the

numerical page limits set forth in Rules 7(a) and (d) of the Local Civil Rules (40 pages and 10 pages, respectively), the defendants filed a Consent Motion for Leave to File Over-Length Brief before filing their opposition memorandum. (Doc. No. 52.)

The plaintiff's principal complaint in his instant motion appears to be that the defendants were entitled under the Local Civil Rules to a 10-page reply on the issue of bifurcation only and that he has been prejudiced as a result of the timing of the defendants' arguments on the remaining elements of his preliminary injunction motion. The plaintiff ignores, however, the fact that the defendants unequivocally reserved the right to address the remaining elements of his motion and that the filing of separate briefs on these issues—bifurcation, irreparable harm, and the remaining elements—would have brought the defendants within the relevant numerical page limitations. However, it might also have created confusion because the plaintiff had already consolidated the briefing, which is why the defendants followed suit. At worst, the defendants' additional arguments on the issue of irreparable harm could arguably be considered a surreply, except for the fact that the plaintiff had consolidated the briefing on what his counsel argued were "interrelated matters . . . more properly addressed in a single pleading" and raised a host of entirely new issues by way of two supplemental reply affidavits and another document purporting to demonstrate that any attempt to enroll at another educational institution or seek alternative employment would have been futile.[1] (Doc. No. 38 at 1).

As to the claim that plaintiff's counsel was somehow hoodwinked into consenting to the defendants' motion to file an over-length brief, counsel for both parties discussed the issue at the

---

[1] To the extent the Court is inclined to view the defendants' arguments on irreparable harm as a "surreply," the defendants respectfully request permission nunc pro tunc, for the reasons identified above, to make those arguments. The defendants also note that, if the plaintiff's arguments as to bifurcation were excised from his consolidated brief, his remaining "reply" to the defendants' arguments on irreparable harm would total at least 14 pages in violation of Rule 7(d) of the Local Civil Rules. As with the impropriety of the supplemental reply affidavits, the defendants had been aware but chose not to raise this issue until they were presented with the plaintiff's instant motion.

conclusion of a deposition held on January 10, 2017. Counsel for defendants indicated that he was nearly done with the brief and that it was likely to be in excess of the numerical page limits. Plaintiff's counsel stated that he had no objection to the filing of an over-length brief. Given that the defendants had unequivocally reserved the right to address the remaining elements of the plaintiff's preliminary injunction motion—a fact repeatedly highlighted in the plaintiff's own consolidated memorandum—plaintiff's counsel cannot claim that he did not know that the defendants would or at least might be responding the remaining elements of the motion.

It bears emphasis that the defendants have not been idle or complacent during this briefing period. To the contrary, they have been actively negotiating the scope of their discovery obligations with plaintiff's counsel, have been reviewing and producing electronically stored information and paper documents on a rolling basis, and have permitted the plaintiff to take the depositions of both of the individual defendants on an expedited basis for the purpose of the plaintiff's motion. Nothing about the defendants' conduct in this matter suggests an attempt to frustrate the plaintiff's desire to have his motion for a preliminary injunction decided in a timely fashion. To the contrary, the very reasoning underpinning the defendants' bifurcation motion was to simplify this Court's analysis of the plaintiff's motion. Of course, the defendants have no objection to the plaintiff filing a reply to the defendants' most recent memorandum.

WHEREFORE, the defendants respectfully request that the Court deny the plaintiff's Motion to Strike and consider the defendants' opposition memorandum in its entirety.

THE DEFENDANTS,
YALE UNIVERSITY, ANGELA GLEASON and
JASON KILLHEFFER


By:  /s/  Patrick M. Noonan
    Patrick M. Noonan (ct00189)
    James D. Flynn (ct29778)
    DONAHUE, DURHAM & NOONAN, P.C.
    741 Boston Post Road
    Guilford, Connecticut 06437
    Tel:  (203) 458-9168
    Fax:  (203) 458-4424
    Email:  pnoonan@ddnctlaw.com
           jflynn@ddnctlaw.com

6

## CERTIFICATE OF SERVICE

I hereby certify that, on January 13, 2017, a copy of foregoing Defendants' Memorandum in Opposition to Plaintiffs' Motion to Strike was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

　　　　　　　　　　　　　　　　　　　　　/s/  James D. Flynn
　　　　　　　　　　　　　　　　　　　　James D. Flynn (ct29778)
　　　　　　　　　　　　　　　　　　　　DONAHUE, DURHAM & NOONAN, P.C.
　　　　　　　　　　　　　　　　　　　　741 Boston Post Road
　　　　　　　　　　　　　　　　　　　　Guilford, Connecticut 06437
　　　　　　　　　　　　　　　　　　　　Tel:  (203) 458-9168
　　　　　　　　　　　　　　　　　　　　Fax:  (203) 458-4424
　　　　　　　　　　　　　　　　　　　　Email:  jflynn@ddnctlaw.com