UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JACK MONTAGUE,<br>    Plaintiff,<br><br>v.<br><br>YALE UNIVERSTIY, ANGELA GLEASON,<br>JASON KILLHEFFER, and OTHERS<br>UNKNOWN,<br>    Defendants. | CIVIL ACTION<br>No. 3:16-cv-00885-AVC |

**EMERGENCY MOTION TO COMPEL PRODUCTION OF SEALED AFFIDAVIT OF COLLEEN DAVIS, AND REQUEST FOR FEES AND COSTS**

Now comes the plaintiff in the above-captioned case and requests that this Court order defendants to immediately provide plaintiff a copy of the Affidavit of Colleen Davis (ECF No. 60). As reasons therefore, plaintiff states:

1. On October 31, 2016, plaintiff filed a Motion for Preliminary Injunction. (ECF No. 31.) Defendants opposed the motion on the ground that plaintiff failed to demonstrate irreparable harm. (*See* ECF No. 36). Plaintiff responded (*see* ECF No. 40), and defendants then filed a second opposition to the Motion for Preliminary Injunction, adding arguments concerning the likelihood of success on the merits, and reiterating (and expanding upon) their previous arguments concerning irreparable harm (*see* ECF No. 53).

2. In connection with their second opposition, defendants moved to file, under seal, the Affidavit of Colleen Davis. (*See* ECF No. 51). The affidavit, which "supports the defendants' memorandum of Law in Opposition to Plaintiff's Motion for Preliminary Injunction," purportedly contains the results of defendants' "investigation" into "the activities of students who [were] expelled from Yale University for violating the sexual misconduct policy." The

results of that investigation are briefly summarized on page 8 of defendants' second opposition (ECF No. 53).

3. Plaintiff has repeatedly requested a copy of the affidavit; defendants first ignored plaintiff's requests, but eventually informed plaintiff that because the affidavit is "sealed," they will not turn it over without a court order to do so. They have cited no authority in support of the position they are now taking.

4. Moreover, defendants' refusal to provide plaintiff with a copy of the affidavit prevented plaintiff from fully responding to defendants' arguments in his most recent brief (filed on January 25, 2017) (*see* ECF No. 69).

5. A sealed document is, by definition, a document that is sealed from *public* access. It is not a secret document. Furthermore, to the extent defendants are relying on it to make arguments to this Court concerning irreparable harm, and are similarly urging this Court to rely on it in assessing the same, it is clearly a document plaintiff is entitled to see and, if necessary, challenge.

6. Because plaintiff should not be required to engage in motion practice in order to get a document to which he is clearly entitled as a matter of right, plaintiff is also requesting that this Court order defendants to pay all fees and costs associated with this motion.

WHEREFORE, for the reasons set forth above, plaintiff respectfully requests that this Court order defendants to immediately provide plaintiff with a copy of the Affidavit of Colleen Davis, and further requests this Court order defendants to pay all fees and costs associated with this motion.

JACK MONTAGUE,

By his attorneys,

/s/ *Alexandra H. Deal*
Max D. Stern (BBO #479560) (*pro hac vice*)
mstern@toddweld.com
Alexandra H. Deal (BBO #660654) (*pro hac vice*)
adeal@toddweld.com
Hillary A. Lehmann (BBO #683657) (*pro hac vice*)
hlehmann@toddweld.com
TODD & WELD LLP
One Federal St., 27th Floor
Boston, MA 01880
Tel. (617) 720-2626
Fax (617) 227-5777

William F. Dow III (ct00161)
JACOBS & DOW, LLC
350 Orange Street
New Haven, CT 06511
wdow@jacobslaw.com
Tel. (203) 772-3100
Fax (203) 772-1691

Dated: January 26, 2017

**CERTIFICATE OF SERVICE**

I, Max D. Stern, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on January 26, 2017.

/s/ *Alexandra H. Deal*