UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JACK MONTAGUE,<br><br>      Plaintiff,<br><br>  v.<br><br>YALE UNIVERSITY, et al.,<br><br>      Defendants. | Case No.: 3:16-cv-00885 (AVC)<br><br><br><br><br><br><br><br>January 31, 2017 |

# MOTION TO WITHDRAW DOC. NO. 65

  The defendants respectfully move this Court for permission to withdraw the sealed Affidavit of Colleen Davis and accompanying exhibits dated January 23, 2017 (Doc. No. 65) submitted in connection with Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Preliminary Injunction dated January 11, 2017 (Doc. No. 53).  Good cause exists to grant this Motion for the following reasons.

  On January 11, 2017, the defendants filed their Memorandum of Law in Opposition to Plaintiff's Motion for Preliminary Injunction.  (Doc. No. 53.)  Therein, the defendants stated that they intended to submit as additional support an Affidavit detailing the results of defense counsel's investigation as to the post-expulsion activities of four former students expelled from Yale for violations of its Sexual Misconduct Policy.  (Doc. No. 53 at 8 n.6.)  Given the highly confidential nature of the potentially personally identifiable information contained in the Affidavit and exhibits, and Yale's desire to protect the privacy interests of the four former students, the defendants decided that the only way to file the Affidavit would be under seal.

**NO ORAL ARGUMENT REQUESTED**

Accordingly, on the same date they filed their Opposition Memorandum, the defendants, pursuant to Rule 5(e)(4)(b) of the Local Civil Rules, filed a Motion to Seal the Affidavit and accompanying exhibits.  (Doc. No. 51.)  In accordance with that Rule, the defendants did not file the to-be-sealed Affidavit and exhibits along with the Motion to Seal.  The defendants purposely invoked Rule 5(e)(4)(b) because it was the only option available under the Local Civil Rules to seek the Court's permission to file the Affidavit and accompanying exhibits without risking their later unsealing should the Court deny the defendants' Motion to Seal, and is the only mechanism under the Local Civil Rules which does not require the disclosure of a sealed document to other counsel.  Compare D. Conn L. Civ. R. 5(e)(4)(b), with D. Conn L. Civ. R. 5(e)(4)(c).  Indeed, if it were not for the provision of Rule 5(e)(4)(b) allowing the defendants the opportunity to receive a ruling on their Motion to Seal in advance of filing the Affidavit and exhibits, the defendants would have elected not to file the Affidavit at all rather than run the risk of being required to disclose its contents to plaintiff's counsel or risk a later unsealing had the Court denied the defendants' Motion.  On January 19, 2017, absent objection, this Court entered an Order granting the defendants' Motion to Seal.  (Doc. No. 57.)  On January 23, 2017, the defendants filed the Affidavit of Colleen Davis and accompanying exhibits as a sealed document.  (Doc. No. 65.)

On January 26, 2017, the plaintiff filed an Emergency Motion to Compel Production of Sealed Affidavit of Colleen Davis, and Request for Fees and Costs.  (Doc. No. 70.)  While the defendants believe the plaintiff's position to be without any legal merit, Yale wishes to protect the privacy interests of its students, including students expelled for violations of its Sexual Misconduct Policy.  Even the slightest chance that the Court might grant the plaintiff's Motion to Compel—which would result in the disclosure of potentially personally identifiable information about the four former students to the plaintiff and his counsel, and which would create the risk of

inadvertent disclosure to others—warrants the withdrawal of the Affidavit. For this reason, the defendants respectfully request this Court's permission to withdraw the Affidavit and exhibits in their entirety. If the present Motion is granted, the defendants agree that the Court need not and should not consider the Affidavit and exhibits in connection with the plaintiff's Motion for Preliminary Injunction. In addition, if the present Motion is granted, the defendants will, should the Court permit it, file an amended brief in which all references to the Affidavit are removed. This will ensure that the plaintiff suffers no prejudice from the inability to review the Affidavit.

WHEREFORE, the defendants respectfully request that the Court permit the defendants to withdraw the sealed Affidavit of Colleen Davis and accompanying exhibits in their entirety, and to file an amended Opposition Memorandum in which all references to the Affidavit have been removed.

THE DEFENDANTS,

By:  /s/ Patrick M. Noonan
Patrick M. Noonan (ct00189)
James D. Flynn (ct29778)
DONAHUE, DURHAM & NOONAN, P.C.
741 Boston Post Road
Guilford, Connecticut 06437
Tel: (203) 458-9168
Fax: (203) 458-4424
Email: pnoonan@ddnctlaw.com
        jflynn@ddnctlaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that, on January 31, 2017, a copy of foregoing Motion to Withdraw Doc. No. 65 was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

      /s/  James D. Flynn
James D. Flynn (ct29778)
DONAHUE, DURHAM & NOONAN, P.C.
741 Boston Post Road
Guilford, Connecticut 06437
Tel:  (203) 458-9168
Fax:  (203) 458-4424
Email:  jflynn@ddnctlaw.com

4