UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JACK MONTAGUE,<br><br>      Plaintiff,<br><br>  v.<br><br>YALE UNIVERSITY, et al.,<br><br>      Defendants. | Case No.:  3:16-cv-00885 (AVC)<br><br><br><br><br><br>January 31, 2017 |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S EMERGENCY MOTION TO COMPEL PRODUCTION OF
SEALED AFFIDAVIT OF COLLEEN DAVIS, AND REQUEST FOR FEES AND COSTS**

The defendants respectfully submit this memorandum in opposition to Plaintiff's Emergency Motion to Compel Production of Sealed Affidavit of Colleen Davis, and Request for Fees and Costs dated January 26, 2017 (Doc. No. 70).  The defendants believe, based on the express language of Local Civil Rule 5(e)(4), that they acted in accordance with the Local Civil Rules by seeking the Court's permission to file sensitive material under seal, and then—only after obtaining the Court's permission—filing that material under seal without disclosing the sensitive material to the plaintiff or his counsel.  Nevertheless, in an effort to protect the privacy interests of former students who are not parties to this litigation, and whose expulsions have not been publicized by either them or the University, the defendants have simultaneously filed a Motion to Withdraw the sealed documents, which consist of the Affidavit of Colleen Davis and accompanying exhibits.  In their Motion to Withdraw, the defendants have also sought the Court's permission to file an amended Memorandum of Law in Opposition to Plaintiff's Motion for Preliminary Injunction in order to eliminate any reference to the sealed Affidavit and exhibits.  If the Court permits the withdrawal of the Affidavit and allows the amendment of the

defendants' Opposition Memorandum to eliminate any reference to the Affidavit, the plaintiff's Motion to Compel should be denied as moot. Following this course will protect both the privacy interests of the former students and the interests of the plaintiff in having access to all materials which this Court will review in connection with the Motion for Preliminary Injunction.

On January 11, 2017, the defendants filed their Memorandum of Law in Opposition to Plaintiff's Motion for Preliminary Injunction. (Doc. No. 53.) Therein, the defendants stated that they intended to submit as additional support an affidavit detailing the results of defense counsel's investigation as to the post-expulsion activities of four former students expelled from Yale for violations of its Sexual Misconduct Policy. (Doc. No. 53 at 8 n.6.) Given the highly confidential nature of the potentially personally identifiable information contained in the Affidavit and exhibits, and Yale's desire to protect the privacy interests of the four former students, the defendants decided that the only way to file the Affidavit would be under seal.

As an initial matter, the plaintiff appears to have failed to appreciate that the Local Civil Rules provided the defendants with three options in seeking to seal the Affidavit and its exhibits, only one of which requires service of a sealed document upon opposing counsel. The relevant portion of Local Civil Rule 5(e) provides:

> 4. *Counsel* seeking an order to file a document under seal *may choose among the following procedures*:
>
> (a) Counsel may e-file (1) a motion to seal, which may be e-filed as a public motion or a sealed motion, (2) a redacted version of each document sought to be sealed, which shall be e-filed as a public document, (3) unredacted copies of each document sought to be sealed, which shall be e-filed as sealed motions or sealed documents, and (4) any memorandum or other documents supporting the assertion that grounds exist for sealing the documents sought to be sealed, which may be e-filed as public or sealed documents. Upon submission by the party of a motion to seal, the contents of any sealed motion or sealed document shall be treated as sealed unless the motion to seal is denied or until otherwise directed by the Court.
>
> (b) Counsel may e-file a motion to seal, which may be e-filed as a public motion or a sealed motion, along with a memorandum and supporting documents, without

2

the documents sought to be sealed.  If the Court grants the motion to seal in whole or in part, counsel shall e-file as public documents redacted copies of any documents required by the Court's sealing order, and shall e-file as sealed documents, unredacted copies of any motions or documents ordered sealed but not previously e-filed.

(c) Counsel may seek permission of the presiding Judge to submit the documents sought to be sealed for in camera consideration.  If the Judge agrees to review documents in camera, counsel shall submit to Chambers and *shall serve on all counsel of record copies of the documents sought to be sealed* and shall e-file a motion to seal, a memorandum and supporting documents.  If counsel want the motion to seal, memorandum or supporting documents to be considered as documents to be sealed, counsel shall e-file those submissions as sealed motions and/or sealed documents and their contents shall be treated as sealed unless the motion to seal is denied or until otherwise directed by the Court.  If the Court grants the motion to seal in whole or in part, counsel shall e-file any redacted copies of the documents required by the Court's sealing order and shall e-file the unredacted documents as sealed documents.

D. Conn. L. Civ. R. 5(e)(4) (emphasis added).  As is apparent from the fact that the emphasized language in subsection (c) is found nowhere in subsections (a) and (b), the only subsection of Local Civil Rule 5(e) which requires sealed records to be served on other counsel is subsection (c).  By contrast, neither subsection (a) nor subsection (b) mandates that the sealed documents be served on all counsel.

A party seeking to seal a filing pursuant to subsection (a) is required to file an unredacted copy of the document to be sealed along with the motion to seal.  D. Conn. L. Civ. R. 5(e)(4)(a). Thereafter, "the contents of [the] sealed . . . document shall be treated as sealed *unless the motion to seal is denied or until otherwise directed by the Court*."  Id. (emphasis added).  Subsection (a) does not require that a sealed document be served upon other parties to the litigation.

Likewise subsection (b), pursuant to which the present defendants filed their Motion to Seal, makes no provision for the service of the sealed documents on other counsel.  A litigant seeking to seal a document pursuant to subsection (b) may file a motion to seal "without the documents sought to be sealed."  D. Conn. L. Civ. R. 5(e)(4)(b).  If the court grants the motion,

3

counsel then must "e-file as sealed documents, unredacted copies of any motions or documents ordered sealed but not previously e-filed." Id.  That is the precise mechanism employed by the present defendants.  Subsection (b), like subsection (a), does not require that a sealed document be served upon other parties to the litigation.

The maxim of statutory construction expressio unius est exlusio alterius ("to express one is to exclude the other") clearly applies because subsection (c), which explicitly requires service upon "all counsel of record," stands in stark contrast to subsections (a) and (b), which contain no such provision.  See, e.g., Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (U.S. 1993) (applying maxim to construction of Rule 9(b) of Federal Rules of Civil Procedure); Feiner v. SS&C Techs., Inc., 11 F. Supp. 2d 204, 211 (JCH) (D. Conn. 1998) (acknowledging principle and holding in Leatherman that "federal courts may not apply the heightened pleading standard of Rule 9(b) outside the two specific instances—fraud and mistake—explicitly found in the Rule").

Local Civil Rule 5(e)(4) specifically provides that counsel seeking to seal a document "may choose" among the three procedures set forth in subsections (a), (b) and (c).  The defendants chose subsection (b) deliberately so that they would not have to disclose the information contained in the sealed filing in order to protect the privacy interests of the four former students.  Indeed, if it were not for the provision of subsection (b) allowing the defendants the opportunity to receive a ruling on their Motion to Seal in advance of filing the Affidavit and exhibits, the defendants would have elected not to file the Affidavit at all rather than run the risk of being required to disclose its contents to plaintiff's counsel or risk a later unsealing had the Court denied the defendants' Motion.

The plaintiff elected not to oppose the Motion to Seal, which was filed under subsection (b) of Local Civil Rule 5(e)(4), despite being on notice through Local Civil Rule 5(e)(4) that he would not be entitled to receive a copy of the Affidavit and related materials if the Court were to grant the defendants' Motion.  Thereafter, the Court granted the Motion to Seal *absent objection*.  Only after the plaintiff failed to object and the Court granted the Motion to Seal did the defendants file the Affidavit under seal, specifically relying both on the language of the Rule indicating that the sealed documents would not be disclosed to anyone and on the plaintiff's acquiescence in the granting of the Motion.  To now enter an order permitting the plaintiff access to this information would be unfair to the defendants, who chose to file the affidavit based on a good-faith understanding of the purpose of subsection (b) of Local Civil Rule 5(e)(4).

Despite their belief that they followed the proper procedure and that the Court could properly review the Davis Affidavit without ordering its disclosure to the plaintiff and his counsel, the defendants have decided that even the slightest chance that the Court might grant the plaintiff's Motion to Compel—which would result in the disclosure of potentially personally identifiable information about the four former students to the plaintiff and his counsel, and which would create the risk of inadvertent disclosure to others—warrants the withdrawal of the Affidavit.  Accordingly, the defendants have, simultaneously with the filing of this memorandum, filed their Motion to Withdraw the Affidavit.  The defendants also have requested permission to file an amended Opposition Memorandum in which all references to the Affidavit have been removed.  As such, the defendants' Motion to Withdraw moots the plaintiff's Motion to Compel in its entirety.  In addition, the exclusion of the Affidavit from the Court's consideration of the plaintiff's Motion for Preliminary Injunction will ensure that the plaintiff suffers no prejudice whatsoever arising out of his counsel's inability to review that document.

Even if the Court were to disagree with defense counsel's interpretation of Local Civil Rule 5(e)(4), an order requiring the disclosure of this private information about former students would serve only to infringe on the privacy interests of those students—and would serve no purpose in this action because the defendants have requested that the Court not consider the Affidavit at all.  The former students should not be made to suffer any penalty, particularly in light of the fact that the plaintiff will suffer no prejudice if the Court grants the defendants' Motion to Withdraw the sealed Affidavit.

In light of the foregoing, the plaintiff is not entitled to any fees or costs incurred in connection with his Motion to Compel.  Indeed, the plaintiff has not even attempted to identify any authority to support his claimed entitlement to fees and costs.

WHEREFORE, the defendants respectfully request that the Court deny the plaintiff's Motion to Compel in its entirety, and permit the defendants to withdraw the Affidavit of Colleen Davis and accompanying exhibits and to file an amended Opposition Memorandum in which all references to the Affidavit have been removed.

                THE DEFENDANTS,

                By:  /s/ Patrick M. Noonan
                Patrick M. Noonan (ct00189)
                James D. Flynn (ct29778)
                DONAHUE, DURHAM & NOONAN, P.C.
                741 Boston Post Road
                Guilford, Connecticut 06437
                Tel:  (203) 458-9168
                Fax:  (203) 458-4424
                Email: pnoonan@ddnctlaw.com
                        jflynn@ddnctlaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that, on January 31, 2017, a copy of foregoing Memorandum in Opposition to Plaintiff's Emergency Motion to Compel Production of Sealed Affidavit of Colleen Davis, and Request for Fees and Costs was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

       /s/  James D. Flynn
James D. Flynn (ct29778)
DONAHUE, DURHAM & NOONAN, P.C.
741 Boston Post Road
Guilford, Connecticut 06437
Tel:  (203) 458-9168
Fax:  (203) 458-4424
Email:  jflynn@ddnctlaw.com