```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

JACK MONTAGUE                         :
    plaintiff,                        :
                                      :
v.                                    : CIVIL NO. 3:16-cv-00885(AVC)
                                      :
YALE UNIVERSITY, ANGELA               :
GLEASON, JASON KILLHEFFER,            :
AND OTHERS UNKNOWN,                   :
    defendants.                       :
```

**RULING ON THE PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

This is an action for damages and injunctive relief in which the plaintiff, Jack Montague, alleges breach of contract and violations of 20 U.S.C. § 1681[1] and 42 U.S.C. § 1981.[2] It is brought pursuant to 28 U.S.C. § 1331[3] and 28 U.S.C. § 1332.[4]

The plaintiff filed the within motion requesting a preliminary injunction enjoining the defendant Yale University

---

[1] 20 U.S.C. § 1981 states in pertinent part that no "person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."

[2] 42 U.S.C. § 1981 states that all "persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

[3] 28 U.S.C. § 1331 provides that the "district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

[4] 28 U.S.C. § 1332 states in relevant part that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between (1) citizens of different states."

from enforcing his expulsion.  For the following reasons, the plaintiff's motion (document no. 31) is DENIED.

## FACTS[5]

An examination of the pleadings, exhibits, memoranda, and the attachments thereto discloses the following:

In the Summer of 2011, Yale University ("Yale") established the University Wide Committee on Sexual Misconduct ("UWC") and adopted the Procedures Governing the University Wide Committee on Sexual Misconduct ("Procedures").  The Procedures set forth the rights and responsibilities of Yale, an accuser, and the accused in the event of a complaint of sexual misconduct.  The Procedures also created the Sexual Harassment and Assault Response and Education ("SHARE") Center.  The SHARE Center is where students can initially receive services and options regarding alleged sexual misconduct.

In the Fall of 2012, Montague enrolled at Yale after having been recruited to play for the men's basketball team.  In May 2013, Montague received his first disciplinary measures at Yale.  Montague's disciplinary infraction was the result of an incident in which Montague shoved a dirty paper plate down the front of the shirt of a female student.  The female student filed a complaint and a UWC panel conducted an investigation and a

---

[5] The following facts are set forth for the limited purpose of addressing the within motion.

hearing. The panel concluded that Montague violated Yale's Sexual Misconduct Policy and recommended that Montague be placed on probation for four semesters and that he meet with a member of the SHARE Center. Montague did not appeal his punishment.

In October 2014, Montague and one Jane Roe[6] had sexual intercourse. Roe subsequently alleged that the sexual intercourse was nonconsensual.[7] In September 2015, Montague received his second disciplinary infraction, which was a reprimand for allegedly interfering with a police investigation.

On November 18, 2015, Jason Killheffer, Yale's senior Title IX coordinator, filed a formal complaint with the UWC alleging that Montague sexually assaulted Roe.[8] On November 30, 2015, university officials informed Montague that he was the subject of a complaint alleging sexual assault. The UWC then began an investigation into the incident during which Montague, Roe, and five witnesses were interviewed.

On January 21, 2016, a UWC panel conducted a hearing. On February 1, 2016, the panel issued its report and concluded that Montague sexually assaulted Roe. The UWC panel concluded that Montague had violated Yale's Sexual Misconduct Policy. On

---

[6] The victim of the alleged sexual assault is referred to as Jane Roe in both parties' memoranda.

[7] This incident, and the subsequent disciplinary proceedings, form the basis of the current action.

[8] The defendants, Jason Killheffer and Angela Gleason, were both employees in the Provost's office at Yale during the time of the underlying events.

3

February 10, 2016, university officials informed Montague that he was being expelled from Yale.  Montague appealed the expulsion decision to the provost, who denied his appeal.  Montague was required to leave campus shortly thereafter as a result of his expulsion.

On June 9, 2016, Montague filed this action against the defendants.  On October 31, 2016, Montague filed the within motion for preliminary injunction, seeking to enjoin Yale from enforcing his expulsion.

## STANDARD

"An injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course." Monsanto Co. v. Geerston Seed Farms, 561 U.S. 139, 165 (2010).  To merit the imposition of a preliminary injunction:

> the moving party must demonstrate that it will suffer irreparable harm absent injunctive relief and either (1) that it is likely to succeed on the merits of the action or (2) that there are sufficiently serious questions going to the merits of the case to make them a fair ground for litigation, provided that the balance of hardships tips decidedly in favor of the moving party.

Mullins v. New York, 626 F.3d 47, 52-53 (2d Cir. 2010).

"The burden is even higher on a party . . . that seeks a mandatory preliminary injunction that alters the status quo by commanding some positive act, as opposed to a prohibitory injunction seeking only to maintain the status quo." Cacchillo v. Insmed, Inc., 638 F.3d 401, 406

4

(2d Cir. 2011) (citation omitted)(internal quotation marks omitted).  "A mandatory preliminary injunction should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief."  Id. at 406 (citation omitted)(internal quotation marks omitted).

"[T]he district court is not required to conduct an evidentiary hearing on a motion for preliminary injunction when essential facts are not in dispute."  Maryland Cas. Co. v. Realty Advisory Bd. on Labor Relations, 107 F.3d 979, 984 (2d Cir. 1997).

## DISCUSSION

Montague argues that "[w]ithout injunctive relief . . . [he] will not graduate from college and he will not enter a post-graduate degree program, nor will he be able to secure the same types of employment opportunities he would have been able to secure with a degree from Yale."  Specifically, he argues that "neither money damages nor eventual reinstatement can turn back time, or erase the toxic stain of a finding of sexual misconduct."[9]

---

[9]  Montague further contends that filing the within motion in October was not unreasonable because "Montague was expelled during the spring . . . and was taking classes that are only offered by Yale in the spring" and that "the goal was to put [Montague] in the same position . . . he occupied when he was expelled," which was a student in the spring semester.

The defendants respond that the "plaintiff's failure to promptly seek preliminary relief is, in and of itself, a sufficient reason to deny his motion."  The defendants further aver that "in the event that the plaintiff prevails at trial, the Court can order his immediate reinstatement and none of [his] claimed harms will come to pass."  According to the defendants "[a]ll temporary harms proximately flowing from his expulsion can be addressed with monetary damages, including any period of unemployment and any reputational or emotional injuries."

"The showing of irreparable harm is perhaps the single most important prerequisite for the issuance of a preliminary injunction."  Kamerling v. Massanari, 295 F.3d 206, 214 (2d Cir. 2002) (citation omitted)(internal quotation marks omitted).  "To satisfy the irreparable harm requirement, Plaintiffs must demonstrate that absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm."  Freedom Holdings, Inc. v. Spitzer, 408 F.3d 112, 114 (2d Cir. 2005).

In this case, the court concludes that while Montague may suffer harm from his expulsion, he has not alleged irreparable harm warranting the imposition of a mandatory preliminary

6

injunction.[10]  Montague argues that he will suffer irreparable harm from the delay in completing his education, not graduating with his contemporaries, and the possibility of decreased employment opportunities.

The court concludes that the harms Montague alleges are quantifiable and can be adequately remedied by money damages. If Montague prevails on the merits of his underlying claims and he is reinstated to Yale, he will have suffered a delay in his education, analogous to a suspension, which can be remedied through monetary compensation.  See Pierre v. University of Dayton, 143 F. Supp. 3d 703, 714 (S.D. Ohio 2015) ("Moreover, courts have also held that a suspension is not irreparable."); Howe v. Pennsylvania State University – Harrisburg, No. 1:16-0102, slip op. at 6 (M.D. Pa. Feb. 2, 2016) ("[T]he court finds that even if the plaintiff would experience a delay as a result of his suspension, this would not constitute irreparable harm which would not be compensated with monetary damages in the

---

[10] While Montague does not label it as such, the court concludes that he is moving for a mandatory injunction because he is requesting the court to order Yale to reinstate him, which is an affirmative act as Montague has already been expelled and removed from Yale's campus.  See Louis Vuitton Malletier v. Dooney & Bourke, Inc., 454 F.3d 108, 114 (2d Cir. 2006) ("A mandatory injunction . . . orders an affirmative act or mandates a specified course of conduct . . . .").  In this case, however, the court will not address whether Montague satisfies the higher standard of a mandatory injunction because the complaint does not sufficiently allege irreparable harm.  See D.D. ex rel.V.D. v. New York City Bd. of Educ., 465 F.3d 503, 510 (2d Cir. 2006) ("A party moving for a mandatory injunction . . . must meet a higher standard . . . . That is, in addition to demonstrating irreparable harm, the moving party must make a clear or substantial showing of a likelihood of success on the merits . . . ." (emphasis added)(citations omitted)(internal quotation marks omitted)(alterations omitted)), as amended by, 480 F.3d 138 (2d Cir. 2007).

future, if warranted."). If Montague is in fact reinstated, he could potentially recover monetary damages for the wrongfully imposed "suspension" time period.

Also, Montague's assertion that he will suffer irreparable harm is weakened by his delay in filing the within motion. If Montague believed he was facing irreparable harm from his expulsion, he should have filed the within motion earlier. Instead, Montague waited over four months since the initial filing of his suit to file the within motion.[11] Montague's own delay suggests that he was not facing irreparable harm that required immediate action to remedy an imminent and non-speculative harm, but a harm that could be remedied upon a final adjudication of the merits.[12] See Citibank, N.A. v. Citytrust,

---

[11] Montague's assertion that he waited to file the within motion because he wanted to be reinstated for the spring semester is not persuasive and appears to the court to be an after the fact rationalization for his delay.

[12] Montague relies upon Bagley v. Yale University, No. 3:13-cv-1890 (CSH), 2014 WL 7370021 (D. Conn. Dec. 29, 2014), in support of his argument that his delay in filing the within motion was reasonable. Montague's reliance on Bagley, however, is misplaced. In Bagley, the plaintiff's delay in filing a preliminary injunction was the result of a pending motion to dismiss filed by the defendants and discovery disputes between the parties. Id. at *2-3. The court stated that the only delay that could be imputed to the plaintiff was a two month time period, part of which was spent dealing with the discovery disputes between the parties, and that the delay was the result of the natural proceeding of litigation. Id. at *3.
  In this case, however, Montague cannot claim that any delay is the result of the natural progression of litigation. Montague filed his complaint on June 9, 2016 and filed the within motion on October 31, 2016. Montague asserts that he spent this interim time period assessing "the true nature of the harm wrought by the Defendants' wrongful actions rather than rushing into court without having explored his options." Montague's own assertion belies his claim that he is facing irreparable harm because if he was truly facing an imminent non-speculative and irreparable harm, he would not have had any options to explore. The court considers Montague's delay as a factor in support of its conclusion that Montague has failed to sufficiently allege irreparable harm.

765 F.2d 273, 276 (2d Cir. 1985)("Preliminary injunctions are generally granted under the theory that there is an urgent need for speedy action to protect the plaintiffs' rights.  Delay in seeking enforcement of those rights, however, tends to indicate at least a reduced need for such drastic, speedy action." (citations omitted)).

The complaint does not allege irreparable harm; thus, the elements for imposing a preliminary injunction are not satisfied.[13]

## CONCLUSION

Based upon the foregoing, the plaintiff's motion seeking immediate injunctive relief (document no. 31) is DENIED.

It is so ordered, this 8th day of March 2017, at Hartford, Connecticut.

_____/s/_____

Alfred V. Covello,
United States District Judge

---

[13] This opinion discusses the issue of irreparable harm, the legal predicate for the issuance of a preliminary injunction, it does not discuss the alleged merits of the complaint.