UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JACK MONTAGUE | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:16-CV-00885-AVC |
| vs. | : | |
| | : | |
| YALE UNIVERSITY, ET AL | : | |
| | : | |
| Defendants | : | MARCH 17, 2017 |

### DEFENDANT YALE UNIVERSITY'S ANSWER

The defendant, Yale University, hereby answers the plaintiff's January 25, 2017 Amended Complaint.

1.      The defendant admits that the plaintiff was in his senior year of college majoring in American Studies and the captain of Yale University's ("Yale") basketball team in the fall of 2015 and that the basketball team ultimately qualified for the NCAA Tournament which had not been accomplished since 1962. The defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1.

2.      The defendant denies the allegations contained in Paragraph 2.

3.      The defendant denies that the female student was affirmatively misled by the defendants into participating in a formal complaint process initiated by Yale. The defendant has no personal knowledge of the sexual encounters between the plaintiff and the female student, but refers to the Fact Finder's January 15, 2015 Report for the plaintiff's and Ms. Roe's descriptions of their sexual encounters.

4.      The defendant admits that the complaint against the plaintiff was addressed pursuant to the policies and procedures of the University-Wide Committee on Sexual Misconduct ("UWC").  The defendant denies that Yale engaged in a battle to establish itself as an institution that takes accusations of sexual misconduct seriously.  The defendant further denies that the plaintiff served as a poster boy for tough enforcement of the Sexual Misconduct Policies.  The defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4.

5.      The defendant admits that the plaintiff was expelled from Yale and removed from Yale's basketball team.  The defendant further admits that there were articles in the press reporting that the plaintiff was expelled from Yale due to sexual misconduct.  The defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5.

6.      The defendant denies the allegations contained in Paragraph 6.

7.      The allegations in Paragraph 7 describe the claims alleged in the complaint and no response is required.

8.      The defendant admits that the Yale, Angela Gleason and Jason Killheffer are residents of Connecticut.  The defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8.

9-10.   The defendant admits that the United States District Court for the District of Connecticut has jurisdiction over the plaintiff's claims and is the proper venue.

11.     The defendant denies that the plaintiff was wrongfully and improperly expelled in February, 2016.  The defendant admits the remaining allegations contained in Paragraph 11, except to deny knowledge or information as to the plaintiff's current residence address.

12.     The defendant admits the allegations contained in Paragraph 12, except to deny that Yale University is a private liberal arts college.

13-14.  The defendant admits the allegations contained in Paragraphs 13 and 14.

15.     The defendant admits that some Yale students and some alumni raised concerns about how Yale responded to complaints of sexual misconduct.  The defendant denies that it had to show that it was willing to take a hard line against male students accused of sexual assault in order to dispel the notion that Yale's campus was an unfriendly and unsafe environment for women.  The defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15.

16.     The defendant admits that the Office of Civil Rights ("OCR") of the U.S. Department of Education ("DOE") issued an April 4, 2011 letter, widely known as the "Dear Colleague" letter, and refers to the letter for the contents thereof.

17.     The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17.

18-19.  The defendant admits the allegations contained in Paragraphs 18 and 19.

20.     The defendant denies the allegations contained in Paragraph 20.

21.     The defendant admits the allegations contained in Paragraph 21, except to deny that Yale created the UWC in response to the OCR's investigation.  The defendant refers to the *Yale Sexual Misconduct Policies and Related Definitions* for the contents thereof.

22.     The defendant admits that it adopted *UWC Procedures* and refers to those procedures for the contents thereof.

23.     The defendant admits that it has a Sexual Harassment and Assault Response and Education ("SHARE") Center which is available to members of the Yale community.  The defendant denies that Yale established the SHARE Center in response to the OCR's investigation.

24.     The defendant denies the allegations contained in Paragraph 24, except to admit that it publishes a semi-annual report to the Yale community about actions taken by the University in response to specific complaints of sexual misconduct and that the first of those reports included complaints of sexual misconduct brought forward between July 1, 2011 and December 31, 2011.

25.     The defendant admits that OCR concluded its investigation of the 2011 complaint on June 15, 2012.  The defendant refers to the June 15, 2012 letter to Dorothy Robinson and the Voluntary Resolution Agreement for the contents thereof.

26.     With regard to the allegations contained in Paragraph 26, the defendant refers to the Voluntary Resolution Agreement for the terms thereof.

27.     The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27.

28.     The defendant admits that Yale alumni wrote an open letter to Preside Salovey and Provost Spangler in August, 2013 and refers to the letter for the contents thereof.

29.     The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29.

30.     The defendant admits that it issued *Sexual Misconduct Scenarios* to address questions and concerns generated by the January 1, 2013 to June 30, 2013 semi-annual report. The defendant refers to the *Sexual Misconduct Scenarios* for the contents thereof.

31.     With regard to the allegations contained in Paragraph 31, the defendant refers to the *Sexual Misconduct Scenarios* for the contents thereof.

32.     The defendant admits that the Association of American Universities ("AAU") issued the *Report on the AAU Campus Climate Survey on Sexual Assault and Sexual Misconduct* ("Report") in September, 2015.   The defendant refers to the Report for the contents thereof.   The defendant further admits that President Salovey issued a statement regarding the results of the Report and refers to that statement for the contents thereof.

33.     The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33.

34.     The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 and refers to the AAU survey for its contents.

35.     The defendant denies the allegations as stated, but admits that some of the students at Yale voiced concerns about how Yale responded to complaints of sexual misconduct.

36.     The defendant denies the allegations contained in Paragraph 36.

37.     The defendant denies the allegations contained in Paragraph 37, except to admit that the formal complaint was filed by Jason Killheffer on November 18, 2015.

38.     The defendant admits that Jane Roe claimed that the intercourse with the plaintiff was nonconsensual.  The defendant refers to the Fact Finder's January 15, 2015 Report for the plaintiff and Ms. Roe's descriptions of their sexual encounters.

39.     The defendant admits that Ms. Roe was not the first person to bring this matter to the attention of Yale's Deputy Title IX Coordinator, but denies the implication that the formal complaint was filed without the participation of Ms. Roe.

40-41.  The defendant admits that Ms. Roe's suitemate Rachel Rogers spoke with Deputy Title IX Coordinator Angela Gleason on September 21, 2015, described Ms. Roe's experience with the plaintiff, and asked for advice on how to help Ms. Roe, whom she did not name.

42.     The defendant denies the allegations contained in Paragraph 42.

43.     The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43.

44.     The defendant admits that Ms. Gleason met with Ms. Rogers on or about October 16, 2015.  The defendant denies the remaining allegations contained in Paragraph 44.

45.     The defendant denies the allegations contained in Paragraph 45, except to admit that Ms. Gleason discussed with Ms. Rogers the options available to Ms. Roe.

46.     The defendant admits that Ms. Gleason spoke with Ms. Rogers, but denies that Paragraph 46 accurately describes the content of the conversation.

47-48.  The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 47 and 48.

49.     The defendant admits that Ms. Roe met with Ms. Gleason on October 19, 2015. The defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 49.

50.     The defendant denies the allegations of Paragraph 50, except to admit that Ms. Gleason discussed with Ms. Roe the option of having Ms. Gleason contact Mr. Montague and discuss with him the fact that his behavior had not met Yale's expectations.  It is further admitted that Ms. Gleason indicated that she would consider recommending sensitivity training sessions at SHARE, and that Ms. Gleason indicated that it might be possible to keep confidential Ms. Roe's name and any potentially identifying information. Ms. Gleason also informed Ms. Roe that she would need to discuss the case with others before reaching any final conclusions.

51.     The allegations of Paragraph 51 are denied, except that the defendant admits that Ms. Roe spoke with Amy Myers, LCSW, concerning Ms. Roe's interactions with the plaintiff.

52.     The defendant admits the allegations of Paragraph 52.

53.     The allegations contained in Paragraph 53 are denied, except that the defendant admits that the defendants concluded that given the serious nature of the allegations made by Ms. Roe as well as the fact that the plaintiff had already received sensitivity training and had been found to have violated the University's Sexual Misconduct Policy, a formal complaint filed by the Title IX Coordinator would be preferable to an informal complaint, so long as Ms. Roe was willing to participate as a witness.

54.     The allegations contained in Paragraph 54 are denied.

55-56.   The defendant denies the allegations contained in Paragraphs 55 and 56, and refers to the UWC Procedures for the contents thereof.

57.     The allegations contained in Paragraph 57 are denied, except that it is admitted that Ms. Gleason contacted Ms. Roe to request a meeting in order to discuss a new development.

58.     The defendant denies the allegations contained in Paragraph 58, except to admit that Ms. Gleason asked Professor Post to be on standby during the time that Ms. Gleason met with Ms. Roe on or about November 6, 2015, so that Professor Post could answer any questions Ms. Roe might have about the UWC process.

59.     The defendant denies the allegations contained in Paragraph 59, except to admit that Mr. Post was on standby in the event that Ms. Roe had any questions about the *UWC Procedures*.

60.     The defendant denies the allegations of Paragraph 60, except to admit that Ms. Gleason met with Ms. Roe.

61.     The defendant denies the allegations contained in Paragraph 61, except to admit that Ms. Gleason did not herself independently confirm that the plaintiff had received sensitivity training.

62.     The defendant refers to the *UWC Procedures* and *Yale Sexual Misconduct Policies and Related Definitions* for the contents thereof.

63.     The defendant denies the allegations contained in Paragraph 63.

64.     The defendant denies the allegations contained in Paragraph 64, except to admit that a female student accused the plaintiff of rolling up a paper plate and shoving it down her shirt.

65.     The defendant refers to the *UWC Procedures* and the *Statement on Confidentiality of UWC Proceedings* for the contents thereof.

66.     The defendant denies the allegations contained in Paragraph 66.

67.     The allegations contained in Paragraph 67 are denied, except that the defendant admits that Ms. Gleason stated that the incident was serious and informed Ms. Roe that a Title IX Coordinator could file a formal complaint if Ms. Roe agreed to cooperate as a witness.

68.     The allegations contained in Paragraph 68 are denied, except that the defendant admits that Ms. Gleason asked Professor Post to join the meeting in order to address questions which Ms. Roe had about the UWC process.

69.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69, except to admit that Ms. Roe did not immediately agree to participate in a formal process, but sent an email the following Monday

indicating that she was comfortable allowing the Title IX office to file a formal complaint and that she would participate as a witness.

70-71.   The defendant denies the allegations contained in Paragraphs 70 and 71.

72.       The defendant denies the allegations contained in Paragraphs 72.

73-75.   The defendant lacks personal knowledge of the incident described in Paragraphs 73, 74, and 75 and refers to the September 25, 2013 Fact-Finder's Report for the plaintiff's and Ms. Smith's description of the incident.

76.       The defendant admits that Ms. Smith filed a complaint with the UWC in August, 2013, after she had graduated from Yale, and refers to that complaint for the contents thereof.

77.       The defendant refers to *Yale Sexual Misconduct Policies and Related Definitions* for the contents thereof.

78.       The defendant has no personal knowledge of the allegations contained in Paragraph 78, but admits that an independent fact finder conducted an investigation into Ms. Smith's complaint.  The defendant refers to the September 25, 2013 Fact-Finder's Report for the plaintiff's statements to the fact finder.

79-80.   The defendant refers to the October 16, 2013 UWC Panel Recommendation for the contents thereof.

81.       The defendant admits the allegations contained in Paragraph 81.

82-86.   The defendant denies the allegations contained in Paragraphs 82, 83, 84, 85, and 86.

87.     The defendant admits the allegations of paragraph 87, except to deny knowledge or information sufficient to form a belief as to the truth of the allegation that the plaintiff attended alcohol training sessions.

88.     The defendant denies the allegations contained in Paragraph 88.

89.     The defendant denies the allegations contained in Paragraph 89.

90.     The defendant refers to Ms. Roe's opening statement to the UWC panel for the contents thereof.

91.     The defendant admits the allegations contained in Paragraph 91.

92-93. The defendant admits that, on November 30, 2015, Aley Menon, UWC Secretary, notified the plaintiff that the UWC had received a formal complaint against him from Senior Deputy Title IX Coordinator Jason Killheffer and refers to the November 30, 2015 letter for the contents thereof.

94.     The defendant denies the allegations contained in Paragraph 94.

95.     The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95, and denies the implication that there was any impropriety in the defendant's consideration of the conduct of the plaintiff which led to the discipline imposed by the Executive Committee during the UWC II proceedings, and refers to the UWC panel report for the contents thereof.

96.     The defendant refers to the November 30, 2015 letter for the contents thereof.

97.     The defendant denies the allegations contained in Paragraph 97.

98.    The defendant admits that the plaintiff submitted a written response denying the allegations against him and stating that all interactions between himself and Ms. Roe were consensual.  The defendant denies the remaining allegations contained in Paragraph 98.

99-100.    The defendant admits the allegations contained in Paragraphs 99 and 100, except to deny that Professor Post's membership on the UWC Panel as the Chair was in contravention of the *UWC Procedures*.

101.    The defendant denies the allegations contained in Paragraph 101, except to admit that Professor Post met with Ms. Roe on or about November 6, 2015 and communicated with her by e-mail thereafter.

102.    The defendant admits the allegations contained in Paragraph 102.

103-104.    The defendant denies the allegations of Paragraphs 103 and 104 for the reason that Professor Post did not previously meet with other members of Yale's administration for the purpose of discussing whether the University could or would initiate a formal complaint against the plaintiff, and for the reason that Professor Post did not participate in a meeting with Ms. Roe whose purpose was to convince Ms. Roe to abandon the informal complaint process and participate in a formal UWC proceeding against the plaintiff .

105.    The defendant refers to the *UWC Procedures* for the contents thereof.

106.    The defendant denies the allegations contained in Paragraph 106, except to admit that Professor Post was a member of the UWC Panel.

107-108.    The defendant denies the allegations contained in Paragraphs 107 and 108.

109.    The defendant refers to the *UWC Procedures* for the contents thereof.   The defendant admits the remaining allegations contained in Paragraph 109, but denies the implication that Ms. Roe's participation in the process was improper.

110.    The defendant denies the allegations contained in Paragraph 110.

111.    The defendant admits that it appointed an impartial fact-finder to conduct an investigation into Ms. Roe's complaint.   The defendant refers to *UWC Procedures* for the contents thereof.

112-127.      The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 112 through 127, and refers to the Fact Finder's January 15, 2015 Report for the contents thereof.

128.    The defendant admits that the Fact Finder's January 15, 2015 Report was sent to the plaintiff on January 15, 2015.   The defendant denies that that was the first time that the plaintiff was informed of the details of Ms. Roe's claims.

129.    The defendant admits that the hearing was held on January 21, 2016 and that James Jones acted as his advisor at the request of the plaintiff.

130.    The defendant denies the allegations contained in Paragraph 130.

131.    The defendant admits the allegations contained in Paragraph 131, except to deny knowledge or information sufficient to form a belief as to the truth of the allegation that Ms. Roe's SHARE Center adviser was aware of the practice of preparing a written opening statement in advance of the hearing and encouraged Ms. Roe to prepare the statement.

132.    The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132, except to admit that the plaintiff did not prepare a written statement prior to the hearing or read an opening statement at the hearing.

133.    The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133, except to admit that the plaintiff expressed confusion about Ms. Roe's complaint to the panel and claimed that his interactions with Ms. Roe had been consensual.

134-135.    The defendant admits the allegations contained in Paragraphs 134 and 135.

136-137.    The defendant refers to the February 1, 2016 UWC Panel Report for the contents thereof.

138.    The defendant refers to the Fact Finder's January 15, 2015 Report and the February 1, 2016 UWC Panel Report for the contents thereof.  The defendant denies that the Panel's factual findings were inadequate to support a conclusion that the plaintiff violated Yale's Sexual Misconduct Policies by engaging in nonconsensual sexual intercourse with Ms. Roe.

139-141.    The defendant denies the allegations contained in Paragraphs 139, 140, and 141.

142-143.    The defendant admits that _if_ Ms. Roe had given consent to sexual intercourse, then she would have had the right to revoke that consent.  The defendant denies the implication that Ms. Roe ever stated that she gave consent to sexual intercourse.

144-145.      The defendant refers to the February 1, 2016 UWC Panel Report for the contents thereof.

146-147.      The defendant denies the allegations contained in Paragraphs 146 and 147.

148.      The defendant refers to the February 1, 2016 UWC Panel Report for the contents thereof.

149-152.      The defendant denies the allegations contained in Paragraphs 149, 150, 151, and 152.

153.      The defendant refers to the Fact Finder's January 15, 2015 Report for the contents thereof.

154.      The defendant denies the allegations contained in Paragraph 154.

155-156.      The defendant refers to the February 1, 2016 UWC Panel Report for the contents thereof.

157.      The defendant refers to the Fact Finder's January 15, 2015 Report and the February 1, 2016 UWC Panel Report as to the plaintiff's consumption of alcoholic drinks and level of intoxication.  The defendant denies the remaining allegations contained in Paragraph 157.

158.      The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 158.

159.      The defendant denies the allegations contained in Paragraph 159.

160.    The defendant refers to the February 1, 2016 UWC Panel Report for the contents thereof.

161.    The defendant admits that the UWC Secretary informed the Panel of the UWC I proceedings after the conclusion of the hearing.

162.    The defendant admits that the panel did not address the UWC I proceedings or the topics or substance of his SHARE sessions with the plaintiff, but denies that the panel prevented the plaintiff from addressing those issues.

163-164.    The defendant denies the allegations contained in Paragraphs 163 and 164.

165.    The defendant refers to the February 1, 2016 UWC Panel Report for the contents thereof.

166.    The defendant admits that UWC Secretary Menon described to the panel two previous instances of discipline imposed upon the plaintiff by Yale.  The defendant denies the remaining allegations contained in Paragraph 166.

167.    The defendant denies the allegations contained in Paragraph 167, except to admit that the panel recommended that the plaintiff be expelled.

168.    The defendant admits that the plaintiff was informed of the panel's findings of fact and conclusions, in conformity with the UWC Procedures, and refers to the panel's report for the contents thereof.

169.    The defendant admits that the prior version of the UWC Procedures, dated May 8, 2015, provided that the panel's report, which set out its findings of fact, its conclusion as to

whether or not those facts constitute a violation of University policy, and its recommended penalty, if any, would be forwarded to both parties to the complaint.  The defendant further admits that the previous version of the UWC Procedures permitted each party to submit to the secretary a single written response to the panel's report within three days of receiving it.

170.     The defendant denies the allegations contained in Paragraph 170.

171.     The defendant refers to the February 1, 2016 UWC Panel Report for the contents thereof.

172.     The defendant denies the allegations contained in Paragraph 172.

173.     The defendant denies that the reprimand issued by the Executive Committee was not "formal discipline" and that the Executive Committee imposed informal discipline on the plaintiff.  As to the remaining allegations contained in Paragraph 173, the defendant refers to the September 24, 2015 letter from Pamela George for the contents thereof.

174.     The defendant denies the allegations contained in Paragraph 174.

175.     The defendant admits that the Executive Committee, which addresses infractions of the *Undergraduate Regulations* with the exception of violations of the sexual misconduct policies, is governed by different procedures than those which govern the UWC.

176.     The defendant refers to the *Yale College Undergraduate Regulations* for the contents thereof.

177.     The defendant admits the allegations contained in Paragraph 177.

178.     The defendant denies the allegations contained in Paragraph 178.

179.   The defendant refers to the *Reports of Complaints of Sexual Misconduct* for the period from January 1, 2012 through June 30, 2015 for the contents thereof.

180.   The defendant denies the allegations contained in Paragraph 180.

181.   The defendant admits that Ms. Roe wrote to Yale College Dean Jonathan Holloway on February 2, 2016, and refers to the letter for the contents thereof.

182.   The defendant denies the allegations contained in Paragraph 182.

183-184.   The defendant admits that Dean Holloway wrote to the plaintiff on February 10, 2016 and refers to the letter for the contents thereof.

185.   The defendant admits that Dean Holloway's February 10, 2016 letter was the first time that the defendant informed the plaintiff that the UWC I proceedings and the Executive Committee reprimand had been considered in determining his sanction.   The defendant denies the implication that the plaintiff had not been on notice that the UWC I proceedings and the Executive Committee reprimand could be considered in the UWC II proceedings.

186.   The defendant denies the allegations contained in Paragraph 186.

187-188.   The defendant refers to the Sexual Misconduct Scenarios for the contents thereof.

189-193.   The defendant denies the allegations contained in Paragraphs 189 through 193.

194.   The defendant admits that the plaintiff appealed Dean Holloway's decision to the Provost, and refers to the plaintiff's letter to the Provost for the contents thereof.

195.    The defendant refers to the plaintiff's letter to the Provost for the contents thereof.

196.    The defendant denies the allegations contained in Paragraph 196, except to admit that the Provost denied the appeal.  The defendant denies the implication that the appeal to the Provost was the plaintiff's first opportunity to address his prior disciplinary infractions.

197.    The defendant denies the allegations contained in Paragraph 197, except to admit that the plaintiff was expelled and therefore could not play on the basketball team.

198-201.    The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 198, 199, 200, and 201.

202-203.    The defendant denies the allegations contained in Paragraphs 202 and 203.

**COUNT I**
**Breach of Contract, UWC I (Lack of Jurisdiction)**
**(v. Yale University)**

204.    The responses to each of the foregoing paragraphs are hereby incorporated as if fully restated herein.

205.    The defendant admits that the plaintiff applied to and enrolled in the University. The defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 205.

206-211.    The defendant denies the allegations contained in Paragraphs 206, 207, 208, 209, 210, and 211.

<u>**COUNT II**</u>
<u>**Breach of Contract, UWC I (Inadequate Evidence to Support**</u>
<u>**Finding of Sexual Harassment)**</u>
<u>**(v. Yale University)**</u>

212.    The responses to each of the foregoing paragraphs are hereby incorporated as if fully restated herein.

213-214.    The defendant refers to *Yale Sexual Misconduct Policies and Related Definitions* for the contents thereof.

215-218.    The defendant denies the allegations contained in Paragraphs 215, 216, 217, and 218.

<u>**COUNT III**</u>
<u>**20 U.S.C. § 1681 (Title IX), UWC I**</u>
<u>**(v. Yale University)**</u>

219.    The responses to each of the foregoing paragraphs are hereby incorporated as if fully restated herein.

220-221.    Paragraphs 220 and 221 contain legal conclusions to which no response is required.

222-228.    The defendant denies the allegations contained in Paragraphs 222, 223, 224, 225, 226, 227, and 228.

<u>**COUNT IV**</u>
<u>**Defamation**</u>
<u>**(v. Yale University and Angela Gleason)**</u>

229.    The responses to each of the foregoing paragraphs are hereby incorporated as if fully restated herein.

230-234.     The defendant denies the allegations contained in Paragraph 230, 231, 232, 233, and 234.

## COUNT V
### Invasion of Privacy (Violation of Confidentiality and False Light)
### (v. Yale University and Angela Gleason)

235.    The responses to each of the foregoing paragraphs are hereby incorporated as if fully restated herein.

236-242.     The defendant denies the allegations contained in Paragraphs 236, 237, 238, 239, 240, 241, and 242.

## COUNT VI
### Tortious Interference with Contract
### (v. Gleason and Killheffer)

The defendant does not respond to the allegation contained in Count VI because this defendant is not named in said count.

## COUNT VII
### Breach of Contract, UWC II

249.    The responses to each of the foregoing paragraphs are hereby incorporated as if fully restated herein.

250.    The allegations contained in Paragraph 250 are denied.

### COUNT VII(A):  Breach of Confidentiality
### (v. Yale University)

251.    The defendant refers to the *UWC Procedures* and the *Statement on Confidentiality of UWC Proceedings* for the contents thereof.

252-253.     The defendant denies the allegations contained in Paragraphs 252 and 253.

### COUNT VII(B): Intentional Manipulation of Procedure for Title IX Coordinator-Initiated Complaints (v. All Defendants)

254.     The defendant denies the allegations contained in Paragraph 254, denies that Paragraph 254 accurately quotes Exhibit 4 and denies the implication that the UWC II complaint was brought independently of the wishes of the complainant.

255-258.     The defendant denies the allegations contained in Paragraphs 255, 256, 257 and 258.

### COUNT VII(C): Failure to Comply with *UWC Procedures* Concerning Status of Complainant (v. Yale University)

259.     The defendant refers to the *UWC Procedures* for the contents thereof.

260.     The defendant admits the allegations contained in Paragraph 260.

261.     The defendant admits that Mr. Killheffer was the complainant in the complaint brought against the plaintiff and that Ms. Roe agreed to participate in the process as the primary witness.  The defendant denies the implication that Ms. Roe's level of participation was improper.

262-263.     The defendant denies the allegations contained in Paragraphs 262 and 263.

### COUNT VII(D):  Failure to Comply with Hearing Panel Appointment Procedures (v. Yale University)

264.     The defendant refers to the *UWC Procedures* for the contents thereof.

265.     The defendant denies the allegations contained in Paragraph 265, except to admit that Professor Post was the Chair of the UWC Panel and met with Ms. Roe on or about November 6, 2015 and communicated with her by e-mail thereafter.

266.     The defendant denies the allegations contained in Paragraph 266.

267.     The defendant refers to the *UWC Procedures* for the contents thereof.

268.     The defendant denies the allegations contained in Paragraph 268.

269.     The defendant refers to the *UWC Procedures* for the contents thereof.

270.     The defendant admits that it informed the plaintiff of the names of the UWC II panel members, but did not inform the plaintiff that Professor Post met with Ms. Roe on or about November 6, 2015 and communicated with her by e-mail thereafter.

271-273.       The defendant denies the allegations contained in Paragraph 271, 272, and 273.

**COUNT VII(E):  Failure to Make Findings
Constituting a Violation
(v. Yale University)**

274-276.       The defendant refers to the *UWC Procedures* and *Yale Sexual Misconduct Policies and Related Definitions* for the contents thereof.

277.     The defendant denies the allegations contained in Paragraph 277

278.     The defendant refers to the Fact Finder's January 15, 2015 Report and the February 1, 2016 UWC Panel Report as to Ms. Roe's testimony regarding her consent to sexual activity with the plaintiff.

279-281.     The defendant denies the allegations contained in Paragraphs 279, 280 and 281.

**COUNT VII(F):  Erroneous Reliance on UWC I Proceedings**
**(v. Yale University)**

282.     The defendant refers to the *UWC Procedures* for the contents thereof.

283-285.     The defendant denies the allegations contained in Paragraph 283, 284, and 285.

**COUNT VII(G):  Consideration of Evidence**
**Outside the Presence of the Respondent**
**(v. Yale University)**

286.     The defendant refers to the *UWC Procedures* for the contents thereof.

287.     The defendant refers to the February 1, 2016 UWC Panel Report for the contents thereof.

288.     The defendant refers to the Fact Finder's January 15, 2015 Report for the contents thereof.  The defendant admits that evidence of the UWC I proceedings was not discussed in the plaintiff's presence at the UWC II hearing.

289.     The defendant refers to the *UWC Procedures* for the contents thereof.

290.     The defendant admits that the plaintiff was not present when the UWC Panel was informed of the UWC I proceedings.  The defendant denies the allegation that the plaintiff's absence was contrary to the *UWC Procedures*.

291.     Defendant denies the allegations of Paragraph 291.

292-294.     The defendant denies the allegations contained in Paragraphs 292, 293, and 294.

**Count VII(H): Erroneous Reliance on Executive Committee Action**
**(v. Yale University)**

295-296.    The defendant refers to the *UWC Procedures* for the contents thereof.

297.    The defendant denies the allegations contained in Paragraph 297.

298.    The defendant refers to the *Yale College Undergraduate Regulations* for the contents thereof.

299.    The defendant refers to the February 1, 2016 UWC Panel Report for the contents thereof.

300.    The defendant denies the allegations contained in Paragraph 300.

301.    The defendant refers to the September 24, 2015 letter from Pamela George for the contents thereof.

302.    The defendant admits the allegations contained in Paragraph 302.

303-305.    The defendant denies the allegations contained in Paragraphs 303, 304, and 305.

**COUNT VIII**
**Breach of Contract/Common Law, UWC II:  Denial of Basic Fairness/**
**Arbitrary and Capricious Decision Making**
**(v. Yale University)**

306.    The responses to each of the foregoing paragraphs are hereby incorporated as if fully restated herein.

307.    Paragraph 307 states legal conclusions to which no response is necessary.

308-309.    The defendant denies the allegations contained in Paragraph 308 and 309.

**COUNT IX**
**20 U.S.C. § 1681 (Title IX), UWC II (Erroneous Outcome)**
**(v. Yale University)**

310.    The responses to each of the foregoing paragraphs are hereby incorporated as if fully restated herein.

311-316.      The defendant denies the allegations contained in Paragraphs 311, 312, 313, 314, 315, and 316.

**SPECIAL DEFENSE**

Plaintiff's claims related to UWC I are barred because of his failure to exhaust his contractual remedies in that he did not pursue an appeal of the Dean's decision.

THE DEFENDANT
YALE UNIVERSITY

BY:   _/s/ Patrick M. Noonan (#300177)_____
Patrick M. Noonan
Colleen N. Davis
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437
(203) 458-9168

**<u>CERTIFICATION</u>**

      I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

_____/s/_____<br>
Patrick M. Noonan