UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JACK MONTAGUE | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:16-CV-00885-AVC |
| vs. | : | |
| | : | |
| YALE UNIVERSITY, ET AL | : | |
| | : | |
| Defendants | : | MARCH 22, 2017 |

### DEFENDANT ANGELA GLEASON'S ANSWER

The defendant, Angela Gleason, hereby answers the plaintiff's January 25, 2017 Amended Complaint.

1.      The defendant admits that the plaintiff was in his senior year of college and the captain of Yale University's ("Yale") basketball team in the fall of 2015, and that the basketball team ultimately qualified for the NCAA Tournament which had not been accomplished since 1962.  The defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1.

2.      The defendant denies the allegations contained in Paragraph 2.

3.      The defendant denies that the female student was affirmatively misled by the defendants into participating in a formal complaint process initiated by Yale. The defendant has no personal knowledge of the sexual encounters between the plaintiff and the female student, but admits that the female student claimed that part of her interaction with the plaintiff

was nonconsensual.  The defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3.

4.      The defendant admits that the complaint against the plaintiff was addressed pursuant to the policies and procedures of the University-Wide Committee on Sexual Misconduct ("UWC").  The defendant denies that Yale engaged in a battle to establish itself as an institution that takes accusations of sexual misconduct seriously.  The defendant further denies that the plaintiff served as a poster boy for tough enforcement of the Sexual Misconduct Policies.   The defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4.

5.      The defendant admits that the plaintiff was expelled from Yale and removed from Yale's basketball team.  The defendant further admits that there were articles in the press reporting that the plaintiff was expelled from Yale due to sexual misconduct.  The defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5.

6.      The defendant denies the allegations contained in Paragraph 6.

7.      The allegations in Paragraph 7 describe the claims raised in the complaint and no response is required.

8.      The defendant admits that Yale, the defendant, and Jason Killheffer are residents of Connecticut.  The defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8.

9-10.    The defendant admits that the United States District Court for the District of Connecticut has jurisdiction over the plaintiff's claims and is the proper venue.

11.    The defendant admits that the plaintiff was formerly a full-time student at Yale. The defendant denies that the plaintiff was wrongfully and improperly expelled in February, 2016, while in his senior year at the University.   The defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11.

12.    The defendant admits the allegations contained in Paragraph 12, except to deny that Yale University is a private liberal arts college.

13-14.   The defendant admits the allegations contained in Paragraphs 13 and 14.

15.    The defendant admits that some Yale students and some alumni raised concerns about how Yale responded to complaints of sexual misconduct.   The defendant denies that it had to show that it was willing to take a hard line against male students accused of sexual assault in order to dispel the notion that Yale's campus was an unfriendly and unsafe environment for women.   The defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15.

16.    The defendant admits that the Office of Civil Rights ("OCR") of the U.S. Department of Education ("DOE") issued an April 4, 2011 letter, widely known as the "Dear Colleague" letter, and refers to the letter for the contents thereof.

17-20.   The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 17, 18, 19, and 20.

21.     The defendant admits the allegations contained in Paragraph 21, except to deny that Yale created the UWC in response to the OCR's investigation.  The defendant refers to the *Yale Sexual Misconduct Policies and Related Definitions* for the contents thereof.

22.     The defendant admits that Yale adopted *UWC Procedures* and refers to those procedures for the contents thereof.

23.     The defendant admits that Yale has a Sexual Harassment and Assault Response and Education ("SHARE") Center which is available to members of the Yale community.  The defendant denies that Yale established the SHARE Center in response to the OCR's investigation.

24.     The defendant denies the allegations contained in Paragraph 24, except to admit that Yale publishes a semi-annual report to the Yale community about actions taken by the University in response to specific complaints of sexual misconduct and that the first of those reports included complaints of sexual misconduct brought forward between July 1, 2011 and December 31, 2011.

25.     The defendant admits that OCR concluded its investigation of the 2011 complaint on June 15, 2012.  The defendant refers to the June 15, 2012 letter to Dorothy Robinson and the Voluntary Resolution Agreement for the contents thereof.

26.     With regard to the allegations contained in Paragraph 26, the defendant refers to the Voluntary Resolution Agreement for the terms thereof.

27.     The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27.

4

28.     The defendant admits that Yale alumni wrote an open letter to Preside Salovey and Provost Spangler in August, 2013 and refers to the letter for the contents thereof.

29.     The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29.

30.     The defendant admits that Yale issued *Sexual Misconduct Scenarios* to address questions and concerns generated by the January 1, 2013 to June 30, 2013 semi-annual report. The defendant refers to the *Sexual Misconduct Scenarios* for the contents thereof.

31.     With regard to the allegations contained in Paragraph 31, the defendant refers to the *Sexual Misconduct Scenarios* for the contents thereof.

32.     The defendant admits that the Association of American Universities ("AAU") issued the *Report on the AAU Campus Climate Survey on Sexual Assault and Sexual Misconduct* ("Report") in September, 2015.   The defendant refers to the Report for the contents thereof.   The defendant further admits that President Salovey issued a statement regarding the results of the Report and refers to that statement for the contents thereof.

33.     The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33.

34.     The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 and refers to the AAU survey for its contents.

35.     The defendant denies the allegations as stated, but admits that some of the students at Yale voiced concerns about how Yale responded to complaints of sexual misconduct.

36.     The defendant denies the allegations contained in Paragraph 36.

37.     The defendant denies the allegations contained in Paragraph 37, except to admit that the formal complaint was filed by Jason Killheffer on November 18, 2015.

38.     The defendant admits that Jane Roe claimed that the intercourse with the plaintiff was nonconsensual.  The defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 38.

39.     The defendant admits that Ms. Roe was not the first person to bring this matter to the attention of Yale's Deputy Title IX Coordinator, but denies the implication that the formal complaint was filed without the participation of Ms. Roe.

40-41.  The defendant admits that Ms. Roe's suitemate Rachel Rogers spoke with Deputy Title IX Coordinator Angela Gleason on September 21, 2015, described Ms. Roe's experience with the plaintiff, and asked for advice on how to help Ms. Roe, whom she did not name.

42.     The defendant denies the allegations contained in Paragraph 42.

43.     The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43.

44.     The defendant admits that Ms. Gleason met with Ms. Rogers on or about October 16, 2015.  The defendant denies the remaining allegations contained in Paragraph 44.

45.     The defendant denies the allegations contained in Paragraph 45, except to admit that Ms. Gleason discussed with Ms. Rogers the options available to Ms. Roe.

46.      The defendant admits that she spoke with Ms. Rogers, but denies that Paragraph 46 accurately describes the content of the conversation.

47-48.  The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 47 and 48.

49.     The defendant admits that Ms. Roe met with Ms. Gleason on October 19, 2015. The defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 49.

50.     The defendant denies the allegations of Paragraph 50, except to admit that Ms. Gleason discussed with Ms. Roe the option of having Ms. Gleason contact Mr. Montague and discuss with him the fact that his behavior had not met Yale's expectations.  It is further admitted that Ms. Gleason indicated that she would consider recommending sensitivity training sessions at SHARE, and that Ms. Gleason indicated that it might be possible to keep confidential Ms. Roe's name and any potentially identifying information. Ms. Gleason also informed Ms. Roe that she would need to discuss the case with others before implementing any of these accommodations.

51.     The allegations of Paragraph 51 are denied, except that the defendant admits that Ms. Roe spoke with Amy Myers, LCSW, concerning Ms. Roe's interactions with the plaintiff.

52.     The defendant admits the allegations of Paragraph 52.

53.     The allegations contained in Paragraph 53 are denied, except that the defendant admits that the defendants concluded that given the serious nature of the allegations made by Ms. Roe as well as the fact that the plaintiff had already received sensitivity training and had been found to have violated the University's Sexual Misconduct Policy, a formal complaint filed by the Title IX Coordinator would be more appropriate than an informal complaint, so long as Ms. Roe was willing to participate as a witness.

54.     The allegations contained in Paragraph 54 are denied.

55-56.  The defendant denies the allegations contained in Paragraphs 55 and 56, and refers to the UWC Procedures for the contents thereof.

57.     The allegations contained in Paragraph 57 are denied, except that it is admitted that Ms. Gleason contacted Ms. Roe to request a meeting in order to discuss a new development.

58.     The defendant denies the allegations contained in Paragraph 58, except to admit that Ms. Gleason asked Professor Post to be on standby during the time that Ms. Gleason met with Ms. Roe on or about November 6, 2015, so that Professor Post could answer any questions Ms. Roe might have about the UWC process.

59.     The defendant denies the allegations contained in Paragraph 59, except to admit that Mr. Post was on standby in the event that Ms. Roe had any questions about the UWC process.

60.     The defendant denies the allegations of Paragraph 60, except to admit that Ms. Gleason met with Ms. Roe.

61.     The defendant denies the allegations contained in Paragraph 61, except to admit that Ms. Gleason did not herself independently confirm that the plaintiff had received sensitivity training.

62.     The defendant refers to the *UWC Procedures* and *Yale Sexual Misconduct Policies and Related Definitions* for the contents thereof.

63.     The defendant denies the allegations contained in Paragraph 63.

64.     The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64.

65.     The defendant refers to the *UWC Procedures* and the *Statement on Confidentiality of UWC Proceedings* for the contents thereof.

66.     The defendant denies the allegations contained in Paragraph 66.

67.     The defendant denies that she falsely informed Ms. Roe that the informal complaint process was foreclosed because of the plaintiff's prior disciplinary history.  The defendant admits that she expressed concern that the incident was serious and informed Ms. Roe that a Title IX Coordinator could file a formal complaint if Ms. Roe agreed to cooperate as a witness.

68.     The allegations contained in Paragraph 68 are denied, except that the defendant admits that Ms. Gleason asked Professor Post to join the meeting in order to address questions which Ms. Roe had about the UWC process.

69.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69, except to admit that Ms. Roe did not immediately agree to participate in a formal process, but sent an email the following Monday indicating that she was comfortable allowing the Title IX office to file a formal complaint and that she would participate as a witness.

70-71.  The defendant denies the allegations contained in Paragraphs 70 and 71.

72-76.  The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 72, 73, 74, 75, and 76.

77.     The defendant refers to *Yale Sexual Misconduct Policies and Related Definitions* for the contents thereof.

78-88.  The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 78, 79, 80, 81, 82, 83, 84, 85, 86, 87 and 88.

89.     The defendant denies the allegations contained in Paragraph 89.

90.     The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90.

91.     The defendant admits the allegations contained in Paragraph 91.

92-93.  The defendant admits that, on November 30, 2015, Aley Menon, UWC Secretary, notified the plaintiff that the UWC had received a formal complaint against him from Senior Deputy Title IX Coordinator Jason Killheffer and refers to the November 30, 2015 letter for the contents thereof.

10

94-95.  The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 94 and 95.

96.     The defendant refers to the November 30, 2015 letter for the contents thereof.

97.     The defendant denies the allegations contained in Paragraph 97.

98-100.     The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 98, 99, and 100.

101-104.     The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 101, 102, 103, and 104, except to admit that Post met with Roe on November 6, 2016 and to deny that Post knew that the purpose of the meeting, and the purpose of his involvement, was to convince Roe to abandon the informal complaint process she had already begun against Montague and agree to a formal complaint process instead.

105.    The defendant refers to the *UWC Procedures* for the contents thereof.

106.    The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106, except to deny the implication that the purpose of the November 6, 2015 meeting was to steer the proceedings away from the informal complaint process Roe requested and towards a formal complaint process initiated by a Title IX Coordinator against Montague or that Post met with Roe on November 6, 2015 in order to discuss the specifics of a formal complaint against Montague.

107-108.     The defendant denies the allegations contained in Paragraphs 107 and 108.

109.    The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109, except defendant refers to the *UWC Procedures* for the contents thereof.

110.    The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110, except to deny that Ms. Gleason and Professor Post convinced Roe to participate in the process as a witness.

111-122.    The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, and 122.

123-126.    The defendant admits that she met with the Fact Finder, but denies that Paragraphs 123, 124, 125, and 126 are a full and complete description of the content of the conversation.

127-130.    The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 127, 128, 129, and 130.

131-135.    The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 131, 132, 133, 134, and 135.

136-137.    The defendant refers to the February 1, 2016 UWC Panel Report for the contents thereof.

138.    The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138, except to refer to the February 1, 2016 UWC Panel Report for the contents thereof.

139-141.     The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 139, 140, and 141.

142-143.      The defendant admits that if Ms. Roe had given consent to sexual intercourse, then she would have had the right to revoke that consent.  The defendant denies the implication that Ms. Roe ever stated that she gave consent to sexual intercourse.

144-145.     The defendant refers to the February 1, 2016 UWC Panel Report for the contents thereof.

146-147.     The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 146 and 147.

148.    The defendant refers to the February 1, 2016 UWC Panel Report for the contents thereof.

149-154.     The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 149, 150, 151, 152, 153, and 154.

155-156.     The defendant refers to the February 1, 2016 UWC Panel Report for the contents thereof.

157-158.     The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 157 and 158.

159.    The defendant denies the allegations contained in Paragraph 159.

160.    The defendant refers to the February 1, 2016 UWC Panel Report for the contents thereof.

161-164.      The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 161, 162, 163, and 164.

165.      The defendant refers to the February 1, 2016 UWC Panel Report for the contents thereof.

166-168.      The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 166, 167, and 168.

169.      The defendant admits that the prior version of the UWC Procedures, dated May 8, 2015, provided that the panel's report, which set out its findings of fact, its conclusion as to whether or not those facts constitute a violation of University policy, and its recommended penalty, if any, would be forwarded to both parties to the complaint.  The defendant further admits that the previous version of the UWC Procedures permitted each party to submit to the secretary a single written response to the panel's report within three days of receiving it.

170.      The defendant denies the allegations contained in Paragraph 170.

171-178.      The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 171, 172, 173, 174, 175, 176, 177 and 178, except to refer to the *Yale College Undergraduate Regulations* and the *UWC Procedures* for the contents thereof.

179.      The defendant refers to the *Reports of Complaints of Sexual Misconduct* for the period from January 1, 2012 through June 30, 2015 for the contents thereof.

180.      The defendant denies the allegations contained in Paragraphs 180.

181-185.     The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 181, 182, 183, 184, and 185.

186.     The defendant denies the allegations contained in Paragraph 186.

187-188.     The defendant refers to the Sexual Misconduct Scenarios for the contents thereof.

189-192.     The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 189, 190, 191, and 192.

193.     The defendant denies the allegations contained in Paragraph 193.

194-196.     The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 194, 195, and 196.

197.     The defendant denies the allegations contained in Paragraph 197, except to admit that the plaintiff was expelled and therefore could not play on the basketball team.

198-203.     The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 198, 199, 200, 201, 202, and 203.

### COUNT I
### Breach of Contract, UWC I (Lack of Jurisdiction)
### (v. Yale University)

The defendant does not respond to Count I because this defendant is not named in said count.

## COUNT II
### Breach of Contract, UWC I (Inadequate Evidence to Support Finding of Sexual Harassment)
### (v. Yale University)

The defendant does not respond to Count II because this defendant is not named in said count.

## COUNT III
### 20 U.S.C. § 1681 (Title IX), UWC I
### (v. Yale University)

The defendant does not respond to Count III because this defendant is not named in said count.

## COUNT IV
### Defamation
### (v. Yale University and Angela Gleason)

229.    The responses to each of the foregoing paragraphs are hereby incorporated as if fully restated herein.

230-234.       The defendant denies the allegations contained in Paragraph 230, 231, 232, 233, and 234.

## COUNT V
### Invasion of Privacy (Violation of Confidentiality and False Light)
### (v. Yale University and Angela Gleason)

235.    The responses to each of the foregoing paragraphs are hereby incorporated as if fully restated herein.

236-242.       The defendant denies the allegations contained in Paragraphs 236, 237, 238, 239, 240, 241, and 242.

## COUNT VI
### Tortious Interference with Contract
### (v. Gleason and Killheffer)

243.    The responses to each of the foregoing paragraphs are hereby incorporated as if fully restated herein.

244-245.       The defendant denies the allegations contained in Paragraphs 244 and 245.

246.    The defendant admits that the plaintiff was expelled from the University.  The defendant denies the remaining allegations contained in Paragraph 246.

247-248.       The defendant denies the allegations contained in Paragraphs 247 and 248.

## COUNT VII
### Breach of Contract, UWC II

249.    The responses to each of the foregoing paragraphs are hereby incorporated as if fully restated herein.

250.    The allegations contained in Paragraph 250 are denied.

## COUNT VII(A):  Breach of Confidentiality
### (v. Yale University)

The defendant does not respond to Count VII(A) because this defendant is not named in said count.

**COUNT VII(B): Intentional Manipulation of Procedure for**
**Title IX Coordinator-Initiated Complaints**
**(v. All Defendants)**

254.    The defendant denies the allegations contained in paragraph 254, denies that paragraph 254 accurately quotes Exhibit 4 and denies the implication that the UWC II complaint was brought independently of the wishes of the complainant.

255-258.        The defendant denies the allegations contained in Paragraphs 255, 256, 257 and 258.

**COUNT VII(C): Failure to Comply with *UWC Procedures* Concerning Status of**
**Complainant**
**(v. Yale University)**

The defendant does not respond to Count VII(C) because this defendant is not named in said count.

**COUNT VII(D):  Failure to Comply with Hearing Panel Appointment Procedures**
**(v. Yale University)**

The defendant does not respond to Count VII(D) because this defendant is not named in said count.

**COUNT VII(E):  Failure to Make Findings**
**Constituting a Violation**
**(v. Yale University)**

The defendant does not respond to Count VII(E) because this defendant is not named in said count.

### COUNT VII(F):  Erroneous Reliance on UWC I Proceedings
### (v. Yale University)

The defendant does not respond to Count VII(F) because this defendant is not named in said count.

### COUNT VII(G):  Consideration of Evidence
### Outside the Presence of the Respondent
### (v. Yale University)

The defendant does not respond to Count VII(G) because this defendant is not named in said count.

### Count VII(H): Erroneous Reliance on Executive Committee Action
### (v. Yale University)

The defendant does not respond to Count VII(H) because this defendant is not named in said count.

### COUNT VIII
### Breach of Contract/Common Law, UWC II:  Denial of Basic Fairness/
### Arbitrary and Capricious Decision Making
### (v. Yale University)

The defendant does not respond to Count VIII because this defendant is not named in said count.

### COUNT IX
### 20 U.S.C. § 1681 (Title IX), UWC II (Erroneous Outcome)
### (v. Yale University)

The defendant does not respond to Count IX because this defendant is not named in said count.

## **SPECIAL DEFENSE**

Plaintiff's claims related to UWC I are barred because of his failure to exhaust his contractual remedies in that he did not pursue an appeal of the Dean's decision.

THE DEFENDANT
ANGELA GLEASON


BY:_____/s/_____
       Patrick M. Noonan
       Colleen Noonan Davis
       Donahue, Durham & Noonan, P.C.
       741 Boston Post Road
       Guilford, CT 06437
       (203) 458-9168

## **CERTIFICATION**

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

_____/s/_____
Patrick M. Noonan