UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JACK MONTAGUE | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:16-CV-00885-AVC |
| vs. | : | |
| | : | |
| YALE UNIVERSITY, ET AL | : | |
| | : | |
| Defendants | : | MARCH 22, 2017 |

## **DEFENDANT JASON KILLHEFFER'S ANSWER**

The defendant, Jason Killheffer, hereby answers the plaintiff's January 25, 2017 Amended Complaint.

1.  The defendant admits that the plaintiff was in his senior of college and the captain of Yale University's ("Yale") basketball team in the fall of 2015 and that the basketball team ultimately qualified for the NCAA Tournament which had not been accomplished since 1962. The defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1.

2.  The defendant denies the allegations contained in Paragraph 2.

3.  The defendant denies that the female student was affirmatively misled by the defendants into participating in a formal complaint process initiated by Yale.  The defendant has no personal knowledge of the sexual encounters between the plaintiff and the female student, but admits that the female student claimed that part of her interaction with the plaintiff

was nonconsensual.  The defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3.

4.The defendant admits that the complaint against the plaintiff was addressed pursuant to the policies and procedures of the University-Wide Committee on Sexual Misconduct ("UWC").  The defendant denies that Yale engaged in a battle to establish itself as an institution that takes accusations of sexual misconduct seriously.  The defendant further denies that the plaintiff served as a poster boy for tough enforcement of the Sexual Misconduct Policies.  The defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4.

5.The defendant admits that the plaintiff was expelled from Yale and removed from Yale's basketball team.  The defendant further admits that there were articles in the press reporting that the plaintiff was expelled from Yale due to sexual misconduct.  The defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5.

6.The defendant denies the allegations contained in Paragraph 6.

7.The allegations in Paragraph 7 describe the claims raised in the complaint and no response is required.

8.The defendant admits that Yale, Angela Gleason, and the defendant are residents of Connecticut.  The defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8.

9-10. The defendant admits that the United States District Court for the District of Connecticut has jurisdiction over the plaintiff's claims and is the proper venue.

11. The defendant admits that the plaintiff was formerly a full-time student at Yale. The defendant denies that the plaintiff was wrongfully and improperly expelled in February, 2016, while in his senior year at the University. The defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11.

12. The defendant admits the allegations contained in Paragraph 12, except to deny that Yale University is a private liberal arts college.

13-14. The defendant admits the allegations contained in Paragraphs 13 and 14.

15. The defendant admits that some Yale students and some alumni raised concerns about how Yale responded to complaints of sexual misconduct. The defendant denies that it had to show that it was willing to take a hard line against male students accused of sexual assault in order to dispel the notion that Yale's campus was an unfriendly and unsafe environment for women. The defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15.

16. The defendant admits that the Office of Civil Rights ("OCR") of the U.S. Department of Education ("DOE") issued an April 4, 2011 letter, widely known as the "Dear Colleague" letter, and refers to the letter for the contents thereof.

17-20. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 17, 18, 19, and 20.

21. The defendant admits the allegations contained in Paragraph 21, except to deny that Yale created the UWC in response to the OCR's investigation. The defendant refers to the *Yale Sexual Misconduct Policies and Related Definitions* for the contents thereof.

22. The defendant admits that Yale adopted *UWC Procedures* and refers to those procedures for the contents thereof.

23. The defendant admits that Yale has a Sexual Harassment and Assault Response and Education ("SHARE") Center which is available to members of the Yale community. The defendant denies that Yale established the SHARE Center in response to the OCR's investigation.

24. The defendant denies the allegations contained in Paragraph 24, except to admit that Yale publishes a semi-annual report to the Yale community about actions taken by the University in response to specific complaints of sexual misconduct and that the first of those reports included complaints of sexual misconduct brought forward between July 1, 2011 and December 31, 2011.

25. The defendant admits that OCR concluded its investigation of the 2011 complaint on June 15, 2012. The defendant refers to the June 15, 2012 letter to Dorothy Robinson and the Voluntary Resolution Agreement for the contents thereof.

26. With regard to the allegations contained in Paragraph 26, the defendant refers to the Voluntary Resolution Agreement for the terms thereof.

27. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27.

28.     The defendant admits that Yale alumni wrote an open letter to Preside Salovey and Provost Spangler in August, 2013 and refers to the letter for the contents thereof.

29.     The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29.

30.     The defendant admits that Yale issued *Sexual Misconduct Scenarios* to address questions and concerns generated by the January 1, 2013 to June 30, 2013 semi-annual report. The defendant refers to the *Sexual Misconduct Scenarios* for the contents thereof.

31.     With regard to the allegations contained in Paragraph 31, the defendant refers to the *Sexual Misconduct Scenarios* for the contents thereof.

32.     The defendant admits that the Association of American Universities ("AAU") issued the *Report on the AAU Campus Climate Survey on Sexual Assault and Sexual Misconduct* ("Report") in September, 2015.  The defendant refers to the Report for the contents thereof.  The defendant further admits that President Salovey issued a statement regarding the results of the Report and refers to that statement for the contents thereof.

33.     The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33.

34.     The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 and refers to the AAU survey for its contents.

35. The defendant denies the allegations as stated, but admits that some of the students at Yale voiced concerns about how Yale responded to complaints of sexual misconduct.

36. The defendant denies the allegations contained in Paragraph 36.

37. The defendant denies the allegations contained in Paragraph 37, except to admit that he filed the formal complaint on November 18, 2015.

38. The defendant admits that Jane Roe claimed that the intercourse with the plaintiff was nonconsensual. The defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 38.

39. The defendant admits that Ms. Roe was not the first person to bring this matter to the attention of Yale's Deputy Title IX Coordinator, but denies the implication that the formal complaint was filed without the participation of Ms. Roe.

40-50. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, and 50.

51. The allegations of Paragraph 51 are denied, except that the defendant admits that Ms. Roe spoke with Amy Myers, LCSW, concerning Ms. Roe's interactions with the plaintiff.

52. The defendant admits the allegations of Paragraph 52.

53. The allegations contained in Paragraph 53 are denied, except that the defendant admits that the defendants concluded that given the serious nature of the allegations made by

6

Ms. Roe as well as the fact that the plaintiff had already received sensitivity training and had been found to have violated the University's Sexual Misconduct Policy, a formal complaint filed by the Title IX Coordinator would be more appropriate than an informal complaint, so long as Ms. Roe was willing to participate as a witness.

54. The allegations contained in Paragraph 54 are denied.

55-56. The defendant denies the allegations contained in Paragraphs 55 and 56, and refers to the UWC Procedures for the contents thereof.

57-61. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 57, 58, 59, 60, and 61.

62. The defendant refers to the *UWC Procedures* and *Yale Sexual Misconduct Policies and Related Definitions* for the contents thereof.

63. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63.

64. The defendant denies the allegations contained in Paragraph 64, except to admit that a female student accused the plaintiff of rolling up a paper plate and shoving it down her shirt.

65. The defendant refers to the *UWC Procedures* and the *Statement on Confidentiality of UWC Proceedings* for the contents thereof.

66. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66.

67-69. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67, 68, and 69.

70-75. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 70, 71, 72, 73, 74, and 75.

76. The defendant admits that Ms. Smith filed a complaint with the UWC in August, 2013, after she had graduated from Yale, and refers to that complaint for the contents thereof.

77. The defendant refers to *Yale Sexual Misconduct Policies and Related Definitions* for the contents thereof.

78-81. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 78, 79, 80, and 81.

82. The defendant denies the allegations contained in Paragraph 82.

83-90. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 83, 84, 85, 86, 87, 88, 89, and 90.

91. The defendant admits the allegations contained in Paragraph 91.

92-104. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, and 104.

105. The defendant refers to the *UWC Procedures* for the contents thereof.

106. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106, except to deny the implication that the

purpose of the November 6, 2015 meeting was to steer the proceedings away from the informal complaint process Roe requested and towards a formal complaint process initiated by a Title IX Coordinator against Montague or that Post met with Roe on November 6, 2015 in order to discuss the specifics of a formal complaint against Montague.

107-108. The defendant denies the allegations contained in Paragraphs 107 and 108.

109. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109, except to refer to the *UWC Procedures* for the contents thereof.

110. The defendant denies the allegations contained in Paragraph 110.

111-129. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 111 through 129.

130. The defendant denies the allegations contained in Paragraph 130.

131-134. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 131, 132, 133, and 134.

135. The defendant admits the allegations contained in Paragraph 135.

136-137. The defendant refers to the February 1, 2016 UWC Panel Report for the contents thereof.

138. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138, except to refer to the February 1, 2016 UWC Panel Report for the contents thereof.

139. The defendant denies the allegations contained in Paragraphs 139.

140-141. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 140 and 141.

142-143. The defendant admits that *if* Ms. Roe had given consent to sexual intercourse, then she would have had the right to revoke that consent. The defendant denies the implication that Ms. Roe ever stated that she gave consent to sexual intercourse.

144-145. The defendant refers to the February 1, 2016 UWC Panel Report for the contents thereof.

146-147. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 146 and 147.

148. The defendant refers to the February 1, 2016 UWC Panel Report for the contents thereof.

149-154. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 149, 150, 151, 152, 153, and 154.

155-156. The defendant refers to the February 1, 2016 UWC Panel Report for the contents thereof.

157-158. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 157 and 158.

159. The defendant denies the allegations contained in Paragraph 159.

160.	The defendant refers to the February 1, 2016 UWC Panel Report for the contents thereof.

161-164.	The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 161, 162, 163, and 164.

165.	The defendant refers to the February 1, 2016 UWC Panel Report for the contents thereof.

166-168.	The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 166, 167, and 168.

169.	The defendant admits that the prior version of the UWC Procedures, dated May 8, 2015, provided that the panel's report, which set out its findings of fact, its conclusion as to whether or not those facts constitute a violation of University policy, and its recommended penalty, if any, would be forwarded to both parties to the complaint.  The defendant further admits that the previous version of the UWC Procedures permitted each party to submit to the secretary a single written response to the panel's report within three days of receiving it.

170.	The defendant denies the allegations contained in Paragraph 170.

171-177.	The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 171, 172, 173, 174, 175, 176, and 177.

178.	The defendant denies the allegations contained in Paragraph 178.

179.	The defendant refers to the *Reports of Complaints of Sexual Misconduct* for the period from January 1, 2012 through June 30, 2015 for the contents thereof.

180.	The defendant denies the allegations contained in Paragraph 180.

181-185.	The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 181, 182, 183, 184, and 185.

186.	The defendant denies the allegations contained in Paragraph 186.

187-188.	The defendant refers to the Sexual Misconduct Scenarios for the contents thereof.

189-192.	The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 189, 190, 191, and 192.

193.	The defendant denies the allegations contained in Paragraph 193.

194-196.	The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 194, 195, and 196.

197.	The defendant denies the allegations contained in Paragraph 197, except to admit that the plaintiff was expelled and therefore could not play on the basketball team.

198-203.	The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 198, 199, 200, 201, 202, and 203.

### COUNT I
### Breach of Contract, UWC I (Lack of Jurisdiction)
### (v. Yale University)

The defendant does not respond to Count I because this defendant is not named in said count.

**COUNT II**
**Breach of Contract, UWC I (Inadequate Evidence to Support**
**Finding of Sexual Harassment)**
**(v. Yale University)**

The defendant does not respond to Count II because this defendant is not named in said count.

**COUNT III**
**20 U.S.C. § 1681 (Title IX), UWC I**
**(v. Yale University)**

The defendant does not respond to Count III because this defendant is not named in said count.

**COUNT IV**
**Defamation**
**(v. Yale University and Angela Gleason)**

The defendant does not respond to Count IV because this defendant is not named in said count.

**COUNT V**
**Invasion of Privacy (Violation of Confidentiality and False Light)**
**(v. Yale University and Angela Gleason)**

The defendant does not respond to Count V because this defendant is not named in said count.

**COUNT VI**
**Tortious Interference with Contract**
**(v. Gleason and Killheffer)**

243. The responses to each of the foregoing paragraphs are hereby incorporated as if fully restated herein.

244-245.	The defendant denies the allegations contained in Paragraphs 244 and 245.

246.	The defendant admits that the plaintiff was expelled from the University.  The defendant denies the remaining allegations contained in Paragraph 246.

247-248.	The defendant denies the allegations contained in Paragraphs 247 and 248.

## COUNT VII
## Breach of Contract, UWC II

249.	The responses to each of the foregoing paragraphs are hereby incorporated as if fully restated herein.

250.	The allegations contained in Paragraph 250 are denied.

## COUNT VII(A):  Breach of Confidentiality
## (v. Yale University)

The defendant does not respond to Count VII(A) because this defendant is not named in said count.

## COUNT VII(B): Intentional Manipulation of Procedure for
## Title IX Coordinator-Initiated Complaints
## (v. All Defendants)

254.	The defendant denies the allegations contained in Paragraph 254, denies that Paragraph 254 accurately quotes Exhibit 4 and denies the implication that the UWC II complaint was brought independently of the wishes of the complainant.

255-258.	The defendant denies the allegations contained in Paragraphs 255, 256, 257 and 258.

### COUNT VII(C): Failure to Comply with *UWC Procedures* Concerning Status of Complainant
### (v. Yale University)

The defendant does not respond to Count VII(C) because this defendant is not named in said count.

### COUNT VII(D):  Failure to Comply with Hearing Panel Appointment Procedures
### (v. Yale University)

The defendant does not respond to Count VII(D) because this defendant is not named in said count.

### COUNT VII(E):  Failure to Make Findings Constituting a Violation
### (v. Yale University)

The defendant does not respond to Count VII(E) because this defendant is not named in said count.

### COUNT VII(F):  Erroneous Reliance on UWC I Proceedings
### (v. Yale University)

The defendant does not respond to Count VII(F) because this defendant is not named in said count.

### COUNT VII(G):  Consideration of Evidence Outside the Presence of the Respondent
### (v. Yale University)

The defendant does not respond to Count VII(G) because this defendant is not named in said count.

### Count VII(H): Erroneous Reliance on Executive Committee Action
### (v. Yale University)

The defendant does not respond to Count VII(H) because this defendant is not named in said count.

### COUNT VIII
### Breach of Contract/Common Law, UWC II:  Denial of Basic Fairness/ Arbitrary and Capricious Decision Making
### (v. Yale University)

The defendant does not respond to Count VIII because this defendant is not named in said count.

### COUNT IX
### 20 U.S.C. § 1681 (Title IX), UWC II (Erroneous Outcome)
### (v. Yale University)

The defendant does not respond to Count IX because this defendant is not named in said count.

### SPECIAL DEFENSE

Plaintiff's claims related to UWC I are barred because of his failure to exhaust his contractual remedies in that he did not pursue an appeal of the Dean's decision.

                                                    THE DEFENDANT
                                                     JASON KILLHEFFER

                        BY:_____/s/_____
                               Patrick M. Noonan
                               Colleen Noonan Davis
                               Donahue, Durham & Noonan, P.C.
                               741 Boston Post Road
                               Guilford, CT 06437
                               (203) 458-9168

## **CERTIFICATION**

      I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                 _____/s/_____
                                                      Patrick M. Noonan