UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JACK MONTAGUE | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:16-CV-00885-AVC |
| vs. | : | |
| | : | |
| YALE UNIVERSITY, ET AL | : | |
| | : | |
| Defendants | : | JUNE 19, 2017 |

**DEFENDANT YALE UNIVERSITY'S OBJECTIONS TO PLAINTIFF'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS TO YALE UNIVERSITY**

Defendant Yale University, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 26 of the Local Civil Rules of the United States District Court for the District of Connecticut, hereby responds and objects to Plaintiff Jack Montague's Third Set of Request for Production to Yale University dated May 18, 2017 ("Request for Production").

**GENERAL OBJECTIONS**

Yale incorporates the following General Objections into each and every objection and response set forth herein in addition to the specific objections stated in response to each specific production request.

1.      Yale objects to each instruction, definition, and production request to the extent it purports to define words beyond their common meaning and understanding and/or impose any requirement or discovery obligation broader or different than those set forth in the Federal Rules of Civil Procedure and the Local Civil Rules for the District of Connecticut.

2. Yale objects to each instruction, definition, and production request to the extent it is overly broad, unduly burdensome, vague, ambiguous, duplicative, unlimited as to time or scope, or seeks information or documents more efficiently, cost-effectively, and accurately obtained through alternative discovery mechanisms.

3. Yale objects to each instruction, definition, and production request to the extent it seeks information or documents that are at least equally available to Plaintiff, including through public sources or records, or that are already within Plaintiff's possession, custody, or control.

4. Yale objects to each instruction, definition, and production request to the extent it calls for information or documents protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege, doctrine, or immunity recognized by statute, the Federal Rules of Civil Procedure, or applicable case law.  The disclosure of any such protected information, unless specifically stated otherwise, is inadvertent and not intended to constitute a waiver of such privilege, doctrine or immunity.

5. Yale objects to each instruction, definition, and production request to the extent it calls for disclosure of sensitive, confidential, or private information of its current and former students and/or employees.

## OBJECTIONS TO INSTRUCTIONS

1. Yale specifically objects to the Instructions on the grounds that they are overly broad and seek to impose requirements or discovery obligations broader or different than those set forth in the Federal Rules of Civil Procedure and the Local Civil Rules in that they purport

to require Yale to respond with information in the possession, custody, or control of Yale's "attorneys," "agents," "companies," "trusts," "representatives," "servants," "consultants," "accountants," "trustees," "advisors," and/or "investigators."  A party is defined to mean "the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates."  D. Conn. L. Civ. R. 26(a), 26(c)(5).  Yale further specifically objects to the Instructions on the grounds that Yale is not required to produce a document "regardless of the location of such document."  A party is not obligated to produce documents not within its possession, custody or control.  See, e.g., Fed. R. Civ. P. 26(b).

1. Yale specifically objects to the Instructions on the grounds that they are unduly burdensome insofar as Plaintiff has requested that "[a]ll documents should be produced in single-page tiff format, with corresponding document level text files containing the OCR or extracted text. The filename of both the text and image files should correspond to the Bates number of the first page of the document. In addition, a Concordance Delimited File and an Opticon Image Cross Reference File should be provided. The Paragraph symbol (¶) should be the field delimiter and the Thorn symbol (þ) should be the text qualifier."

2. Yale specifically objects to the Instructions on the grounds that they are unduly burdensome insofar as Plaintiff has requested that, "[f]or documents maintained electronically, the following fields should be included, at a minimum:  Bates Begin, Bates End; Bates Begin Attach; Bates End Attach; Custodian/Source; To; From; CC; BCC; Subject/Title; Author; Date Created; Date Last Modified; Date Sent; Time Sent; Original Filename; Original File Path; Hash Value; Link to Text File; Link to Native File."  Notwithstanding the foregoing specific

3

objection, Yale will include these fields to the extent any particular document contains such fields.

3. Yale specifically objects to the "Rules of construction" contained in the Instructions on the grounds that they seek to impose requirements or discovery obligations broader or different than those set forth in the Federal Rules of Civil Procedure and the Local Civil Rules.  See D. Conn. L. Civ. R. 26(d).  Yale also objects to the "Rules of construction" contained in the Instructions to the extent that they would render any otherwise intelligible production request to become vague, ambiguous, overly broad, and/or unduly burdensome.

4. Yale specifically objects to the "Rules of construction" contained in the Instructions on the grounds that the time period of "March 1, 2011, through the date of your response" is overly broad, unduly burdensome, and falls outside the scope of permissible discovery contained in Rule 26(b).  The Complaint alleges that the first disciplinary action involving Plaintiff commenced in the fall of 2013 and that Plaintiff was dismissed from Yale on February 10, 2016.  Accordingly, the relevant time period is September 1, 2013 through February 10, 2016.

5. Yale specifically objects to the Instructions on the grounds that they are unduly burdensome and seek to impose requirements or discovery obligations broader or different than those set forth in the Federal Rules of Civil Procedure and the Local Civil Rules in that they seek to require Yale to produce a log not just of responsive documents withheld on the basis of an applicable privilege, doctrine, or immunity, but also of documents that are "not subject to production."  Yale also objects to the Instructions on the grounds that they purport to

4

require Yale to produce a privilege log the contents of which are broader or different that the requirements of the Local Civil Rules. See D. Conn. L. Civ. R. 26(e). Yale will produce a privilege log in the form required by the Local Civil Rules.

## OBJECTIONS TO DEFINITIONS

1. Yale specifically objects to Definition No. 1 on the grounds that it seeks to define the terms "document" or "documents" more broadly or differently than the definitions set forth in the Local Civil Rules. See D. Conn. L. Civ. R. 26(a) and (c)(2).

2. Yale specifically objects to Definition No. 2 on the grounds that it seeks to define the terms "you," "your," "Defendant," the "University," or "Yale University" to mean "any and all employees, agents, representatives or others working on its behalf, including, without limitation, members of Yale's administration, members of officially appointed Yale committees, and the Individual Defendants in this action." A party is defined to mean "the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates." D. Conn. L. Civ. R. 26(a), 26(c)(5).

## RESPONSES AND OBJECTIONS TO PRODUCTION REQUESTS

1. All calendar entries and/or appointments, whether in electronic or paper format, for November 4, 2015, for the following individuals: Angela Gleason; Jason Killheffer; Stephanie Spangler; Susan Sawyer; David Post; and Aley Menon.

**OBJECTION:** **Defendant objects to producing the electronic calendars for these individuals, since they have already been produced to plaintiff's counsel. None of the individuals has paper calendars for the date in question.**

5

2.      All documents evidencing communications between Jane Roe and Amy Myers concerning the UWC II Complaint, Disciplinary Process, Investigation, Hearing, Panel Report, and Appeal.

**OBJECTION:**    **See, General Objections.  The defendant further objects on the grounds that the requested documents are protected from disclosure by Conn. Gen. Stat. §§ 52-146k and 52-146q.  Jane Roe has not authorized disclosure of the documents and has not waived the protections afforded by Conn. Gen. Stat. §§ 52-146k and 52-146q.**

3.      All documents concerning the "dollar bills case."

**OBJECTION:**    **See, General Objections.  The defendant further objects on the grounds that the request is overbroad and burdensome.  The requested documents are not relevant to any party's claims or defenses and not proportional to the needs of the case, since the "dollar bills" UWC case did not involve the plaintiff or Ms. Roe in any way.  Additionally, disclosure of the requested documents will violate the privacy interests of individuals who are not parties to this action.**

4.      All documents concerning any case, whether handled by the Executive Committee, the UWC, or a Title IX coordinator, in which a student accused another Yale student of an unwanted touching of any kind, from July 1, 2011, to the present.

**OBJECTION:**    **See, Objection to Request for Production #3.**

6.      All documents evidencing communications between anyone at the offices of Donahue Durham & Noonan, P.C., and    Jane Roe

**OBJECTION:**    **See, General Objections.  The defendant further objects on the grounds that    Jane Roe    was a prospective client of Donahue, Durham, & Noonan, P.C., because she inquired about legal**

6

>representation and was a potential client.  **See, Rule 1.18 of the Rules of Professional Conduct.**

7. All documents evidencing communications between anyone at the offices of Donahue Durham & Noonan, P.C., and James Sconzo, Esq., concerning his representation of Jane Roe.

**OBJECTION:** **See, General Objections. The defendant further objects on the grounds that Jane Roe was a prospective client of Donahue, Durham & Noonan, P.C., because she inquired about legal representation. Any communication between Donahue, Durham, & Noonan, P.C. and Attorney Sconzo is privileged because such communications were in furtherance of the request for legal representation. See, Rule 1.18 of the Rules of Professional Conduct. Defendant further objects on the ground that documents in the possession of counsel for Ms. Roe, a non-party, are not documents which are in the control of the defendant, and defendant has no right to require that Attorney Sconzo disgorge those documents.**

8. All documents concerning communications between Yale and anyone affiliated with the Yale Women's Center (the "Women's Center") concerning:

   a. Jack Montague;

   b. The Facebook statement the Women's Center posted on or about March 2 or March 3, 2016, concerning the expulsion of a "high-profile member of a sports team amidst a pivotal moment in the season on the basis of sexual violence"; and

   c. The "edited public statement" the Women's Center issued on March 3, 2016.

**OBJECTION:** **See, General Objections. Defendant further objects on the ground that it is literally impossible to respond to this request for production. The parties have agreed to conduct document production through an electronic search. This takes the form of identifying the custodians whose documents are to be searched and**

7

**applying agreed upon search terms. To date, defense counsel has reviewed over 47 gigabytes of electronic data divided into over 61,000 separate documents, and nearly 5,000 of those documents, totaling over 22,200 pages (not including documents produced natively), were found to be responsive and produced to plaintiff's counsel. This came from a search of the electronically stored information of more than 20 custodians. The request for "all communications" between "Yale" and "anyone affiliated with Yale Women's Center" would expand the group of document custodians to a completely unmanageable number. In the first place, Yale is a community of approximately 25,000 individuals. It is unknown whether plaintiff seeks to have an electronic search done on the documents of all 25,000 of those individuals. Second, the phrase "anyone affiliated with Yale Women's Center" is undefined. The Yale Women's Center is defined in its website as "an umbrella organization for groups on Yale's campus and beyond that deal with issues of gender and sexuality." The website lists 13 different groups under its umbrella. The website further states that one need not be of a particular gender or sexuality in order to be a member of the Yale Women's Center. While the exact number of members of these various organizations is not known to defense counsel, it is conservatively believed that there will be a minimum of several hundred individuals who are "affiliated with the Yale Women's Center." Attempting to do an electronic search on that many people would take many months. Furthermore, plaintiff has not identified search terms to be utilized in that search. Finally, and more fundamentally, there would clearly be no value to conducting the search requested by plaintiff in light of the fact that the Facebook statement which is the subject of this request for production was dated either March 2 or March 3, 2016; and the plaintiff's final appeal of his expulsion from the University was denied by the Provost on February 24, 2016. Thus, whatever communications may have been made between "Yale University" and "anyone affiliated with Yale Women's Center" cannot have had any bearing on the outcome of the subject UWC proceeding.**

                      THE DEFENDANTS

BY:   /s/ Patrick M. Noonan (#ct00189)
      Patrick M. Noonan
      Donahue, Durham & Noonan, P.C.
      741 Boston Post Road
      Guilford, CT 06437
      (203) 458-9168

## **CERTIFICATION**

I hereby certify that, on the above written date, a copy of the foregoing was served by email upon the following:

Jonathan S. Katz, Esq.
William F. Dow, Esq.
Jacobs & Dow, LLC
350 Orange Street
New Haven, Connecticut 06503
jkatz@jacobslaw.com
wdow@jacobslaw.com

Max D. Stern, Esq.
Alexandra H. Deal, Esq.
Todd & Weld LLP
One Federal Street, 27th Floor
Boston, Massachusetts 01880
mstern@toddweld.com
adeal@toddweld.com

                    /s/
                  Patrick M. Noonan