UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JACK MONTAGUE,<br><br>                Plaintiff,<br><br>    v.<br><br>YALE UNIVERSITY, et al.,<br><br>                Defendants. | Case No.: 3:16-cv-00885 (AVC)<br><br><br><br><br><br>JUNE 19, 2017 |

**DEFENDANT YALE UNIVERSITY'S OBJECTIONS TO
PLAINTIFF'S THIRD SET OF INTERROGATORIES TO YALE UNIVERSITY**

Defendant Yale University, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 26 of the Local Civil Rules of the United States District Court for the District of Connecticut, hereby responds and objects to Plaintiff Jack Montague's Third Set of Interrogatories to Yale University dated May 18, 2017 ("Interrogatories").

**GENERAL OBJECTIONS**

Defendant incorporates the following General Objections into each and every objection set forth herein in addition to the specific objections stated in response to each specific interrogatory set forth in the Interrogatories.

1.      Defendant objects to the Third Set of Interrogatories insofar as they exceed the maximum number of interrogatories permitted by Rule 33(a)(1) of the Federal Rules of Civil Procedure, which limits a party to serving "no more than 25 written interrogatories, including all discrete subparts." The First and Second Sets of Interrogatories propounded a total of seven interrogatories. The Third Set of Interrogatories includes an additional forty interrogatories.

Plaintiff's forty-seven interrogatories far exceed the limit of twenty-five.  Plaintiff did not seek permission to serve additional interrogatories.

2. Defendant objects to each instruction, definition, and interrogatory to the extent it calls for disclosure of sensitive, confidential, and/or private information of its current and former students and/or employees.

3. Defendant objects to each instruction, definition, and interrogatory to the extent it calls for information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, doctrine, or immunity recognized by statute, the Federal Rules of Civil Procedure, or applicable case law.  The disclosure of any such protected information, unless specifically stated otherwise, is inadvertent and not intended to constitute a waiver of such privilege, doctrine or immunity.

4. Defendant objects to each instruction, definition, and interrogatory to the extent it purports to define words beyond their common meaning and understanding and/or impose any requirement or discovery obligation broader or different than those set forth in the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure for the United States District Court for the District of Connecticut.

**OBJECTIONS TO INSTRUCTIONS**

1. Yale specifically objects to the Instructions on the ground that they are overly broad and seek to impose requirements or discovery obligations broader or different than those set forth in the Federal Rules of Civil Procedure and the Local Civil Rules in that they purport to require Yale to prepare a privilege log in connection with its interrogatory responses.  Requiring Yale to do so would be unduly burdensome and contrary to the plain language of Rule 26(e) of

the Local Civil Rules, which by its terms applies "only to requests for documents or electronically stored information." D. Conn. L. Civ. R. 26(e).

2.  Yale specifically objects to the Instructions on the ground that they are overly broad and seek to impose requirements or discovery obligations broader or different than those set forth in the Federal Rules of Civil Procedure and the Local Civil Rules in that they purport to require Yale to "furnish all information available to you, however obtained, including hearsay, information known by you or in your possession or appearing in your records, information in the possession of your attorneys, your investigators, and all persons acting on your behalf, and not merely the information known of your own personal knowledge." A party is defined to mean "the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates." D. Conn. L. Civ. R. 26(a) and (c)(5). A party is not obligated to produce information not within its possession, custody or control. See Fed. R. Civ. P. 26(b).

3.  Yale specifically objects to the "Rules of construction" contained in the Instructions on the grounds that they seek to impose requirements or discovery obligations broader or different than those set forth in the Federal Rules of Civil Procedure and the Local Civil Rules. See D. Conn. L. Civ. R. 26(d).

## OBJECTIONS TO DEFINITIONS

1.  Yale specifically objects to Definition No. 1 on the grounds that it seeks to define the terms "document" or "documents" more broadly or differently than the definitions set forth in the Local Civil Rules. See D. Conn. L. Civ. R. 26(a) and (c)(2).

2.  Yale specifically objects to Definition No. 4 on the grounds that it seeks to define the terms "you," "your," "Defendant," the "University," or "Yale" to mean "any and all employees, agents, representatives or others working on its behalf, including, without limitation,

members of Yale's administration, members of officially appointed Yale committees, and the Individual Defendants in this action." A party is defined to mean "the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates." D. Conn. L. Civ. R. 26(a) and (c)(5).

## OBJECTIONS TO INTERROGATORIES

1-4. There are no interrogatories numbered 1-4.

5. Please state the number of UWC panels that have been convened to hear allegations of student sexual misconduct since David Post became Chairman of the UWC, and for each panel, please state:

   a. Whether David Post acted as chairman of the panel;

   b. The nature of the allegations being considered by the panel (e.g., sexual harassment, sexual assault, intimate partner violence, etc.);

   c. Whether the complaint was brought by a student or a Title IX Coordinator;

   d. Whether David Post had any pre-panel contact, including but not limited to meetings or e-mail correspondence, with the student accuser; and

   e. The outcome of the proceeding.

**OBJECTION:** **See General Objections. Defendant further objects because the requested information is not relevant to any party's claims or defenses and not proportional to the needs of the case. Without waiving said objection, the defendant states that it will provide an answer to subparagraphs a and d, if plaintiff withdraws subparagraphs b, c, and e.**


6. Please state the number of students who have been expelled from Yale for "sexual misconduct," as that term is defined in Yale's Student Handbook, its UWC Procedures, and/or its Sexual Misconduct Policies, since July 1, 2011, and for each student, please state:

   a. The type of misconduct for which the student was expelled (e.g., sexual harassment, sexual assault, intimate partner violence, etc.);

   b. The year the student was expelled;

4

    c.    Whether, after the complaint(s) of sexual misconduct but prior to expulsion, that student was subject to any interim disciplinary measures by Yale;

    d.    Whether, after expulsion, that student matriculated to any other educational institution, and if so, to what institution; and

    e.    Whether, after expulsion, that student obtained any degrees from any other educational institution, and if so, from what institution.

**OBJECTION:** **See General Objections. Defendant further objects to subparts (d) and (e) on the ground that the Court has already ruled on this issue. The Court denied Plaintiff's Emergency Motion to Compel Production of Sealed Affidavit of Colleen Davis, and Request for Fees and Costs dated January 26, 2017, which sought production of the very same documents and information requested in the Subpoena. (See Doc. No. 75.)**

**Defendant further objects to subparts (d) and (e) on the ground that the information sought is not relevant to any party's claim or defense and are not proportional to the needs of the case, contrary to the provisions of Fed R. Civ. P. 26(b)(1). As expressly stated in their Motion to Withdraw Doc. No. 65 dated January 31, 2017 (Doc. No. 72), and in their Memorandum in Opposition to Plaintiff's Emergency Motion to Compel Production of Sealed Affidavit of Colleen Davis, and Request for Fees and Costs dated January 31, 2017 (Doc. No. 73), Defendant has agreed not to use the requested documents and information in connection with this action. As such, the requested documents and information have no bearing on the issues raised in this action, and the burden associated with disclosure of such highly confidential documents and information to both Defendant and the affected students far outweighs any possible benefit to Plaintiff.**

**Defendant further specifically objects to subparts (d) and (e) on the ground that disclosure of such highly confidential information would violate the privacy interests, pursuant to statutory and common law privacy principles, of students formerly enrolled at Yale University who are not parties to this action.**

7.    Please state the number of students, from July 1, 2011, to the present, against whom a formal complaint of sexual misconduct was made for one of the following alleged offenses: rape, sexual assault, non-consensual sexual activity (including, but not limited to, penetration), and for each student, please state:

    a.    The nature of the complaint;

    b.    Whether the complaint was brought by an individual or by the Title IX Office (or any person acting in his or her capacity as a Title IX officer);

    c.    Whether the accused student was found responsible or not responsible for the

        alleged sexual misconduct;

d.     What discipline was imposed on the accused student as a result of the finding(s); and

e.     Whether the accused student had a prior disciplinary history at Yale, and if so, the nature of the prior disciplinary history (e.g., prior UWC complaint, prior Executive Committee involvement, etc.).

**OBJECTION:** **See General Objections. Defendant further objects because the requested information is not relevant to any party's claims or defenses and not proportional to the needs of the case, especially in light of the fact that the information has already been provided to the plaintiff and is publicly available on Yale's website. Without waiving the foregoing objections, Defendant states that it has already provided Plaintiff with Reports for Complaints of Sexual Misconduct for the time period from June, 2011 to June, 2016. These reports, including the most recent report filed in February, 2017, are publicly available at http://provost.yale.edu/title-ix/reports.**

8.     For each member of the UWC II Hearing Panel, please state:

a-e.     There are no paragraphs a – e.

f.     The name of the panel member;

g.     Whether the panel member took notes or made any other record of the panel proceedings;

h.     If the panel member took notes or made any other record of the proceedings, whether the panel member retained the notes or other record of the proceedings;

i.     If the panel member did not retain the notes or other record of the proceedings, whether the panel member destroyed the notes or other record of the proceedings;

j.     If the panel member destroyed the notes or other record of the proceedings, on what date and by what means they were destroyed; and

k.     Whether Yale sent the panel member a litigation hold notice and, if so, on what date.

**OBJECTION:** **See General Objections. Without waiving these objections, defendant states that David Post did take notes and destroyed those notes shortly after the case was completed on February 28, 2016. Yale sent Mr. Post and all members of the UWC panel a litigation hold notice on March 16, 2016. Defendant will inquire of each of the members of the panel whether they took notes and whether they retained them.**

9.  Please describe the relationship between Yale University and the Yale Women's Center (the "Women's Center") in February and March of 2016, including, but not limited to, the following:

   a.  The status of the Women's Center in relation to the University (i.e., a student-run organization, a University-sponsored organization, etc.);

   b.  The location of the Women's Center (and whether that location is on or off Yale's campus);

   c.  Whether Yale provided the Women's Center with any funding;

   d.  Whether the Women's Center staff members were paid by Yale University;

   e.  Whether the Women's Center board members were paid by Yale University;

   f.  Whether any Yale employees worked, in any capacity, at the Women's Center;

   g.  Which Women's Center staff/employee(s)/advisor(s) were responsible for maintaining the Women's Center's Facebook page;

   h.  The name of the Women's Center's faculty advisor;

   i.  The role of the Women's Center faculty advisor; and

   j.  Whether any Yale employee or agent directed the Women's Center to release an "edited" public statement on March 3, 2016, and/or to delete its original public statement.

**OBJECTION:** **See General Objections. Defendant further objects to subparts a, b, c, d, e, f, g, h, and i on the ground that the requested information is not relevant to any party's claims or defenses and not proportional to the needs of the case. The only allegations concerning the Yale Women's Center in the January 25, 2017 Amended Complaint are in Paragraphs 18 and 201. Paragraph 18 describes an alleged incident that occurred outside of the Yale Women's Center in 2010, which incident occurred more than five years prior to Ms. Roe's complaint against the plaintiff and is wholly unrelated to the incident at issue in this case. Paragraph 201 alleges that the Women's Center posted a message on Facebook concerning the plaintiff <u>after</u> his expulsion. None of the requests for information in Interrogatory 9 relate to the allegations in Paragraph 201. Defendant further objects for the reasons sated in its objection to Request for Production #8 in Plaintiff's Third Set of Requests for Production.**

7

10. Please state the number of complaints brought by a student against any other student for alleged unwanted touching of any kind, from July 1, 2011, to the present, and for each complaint, please state:

    a. The nature of the unwanted touching;

    b. The genders of the parties involved;

    c. Whether the accuser pursued an informal complaint or a formal complaint; and

    d. Whether the complaint was resolved though the Executive Committee, the UWC, or some other body; and

    e. How the complaint was resolved.

**OBJECTION:   See General Objections.  Defendant further objects because the requested information is not relevant to any party's claims or defenses and not proportional to the needs of the case, especially in light of the fact that the information has already been provided to the plaintiff and is publicly available on Yale's website.  Without waiving said objection, Defendant states that it has already provided Plaintiff with Reports for Complaints of Sexual Misconduct for the time period from June, 2011 to June, 2016.  These reports, including the most recent report filed in February, 2017, are publicly available at http://provost.yale.edu/title-ix/reports.**

11. Please identify all communication (either written or oral) between Stephanie Spangler ("Spangler") and Jason Killheffer ("Killheffer") concerning Jack Montague, including but not limited to (1) the first time Spangler and Killheffer discussed Jack Montague; (2) any conversations that gave rise to or were a result of the email attached hereto as Exhibit A; (3) any conversations which concerned a potential or actual meeting between Killheffer, Spangler, and Susan Sawyer concerning Jack Montague.  For each such conversation, please describe in detail:

    a. The substance of the communication, including what each party said to the other;

    b. The date on which the communication occurred;

    c. Whether the communication was in person, by telephone, or by some other means (e.g., e-mail or text message); and

    d. If the communication was written, please identify the specific document

8

        containing the communication.

**OBJECTION:** See General Objections.  Defendant further objects on the ground that a request to "identify" all communications between Dr. Spangler and Mr. Killheffer, and to "describe in detail each conversation" concerning plaintiff is burdensome, given the fact that plaintiff has already deposed at length two of the people who were present during the single meeting when Mr. Killheffer and Dr. Spangler discussed Jack Montague and asked them numerous questions about that conversation, has now noticed the deposition of Dr. Spangler; and in light of the fact that defendant has already provided plaintiff with all electronically stored communications between Dr. Spangler and Mr. Killheffer relating to this matter.

        YALE UNIVERSITY,

        By: /s/ Patrick M. Noonan
        Patrick M. Noonan (ct00189)
        DONAHUE, DURHAM & NOONAN, P.C.
        741 Boston Post Road
        Guilford, Connecticut 06437
        Tel: (203) 458-9168
        Fax: (203) 458-4424
        Email: pnoonan@ddnctlaw.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that, on the above written date, a copy of the foregoing was served by email upon the following:

Jonathan S. Katz, Esq.
William F. Dow, Esq.
Jacobs & Dow, LLC
350 Orange Street
New Haven, Connecticut 06503
jkatz@jacobslaw.com
wdow@jacobslaw.com

Max D. Stern, Esq.
Alexandra H. Deal, Esq.
Todd & Weld LLP
One Federal Street, 27th Floor
Boston, Massachusetts 01880
mstern@toddweld.com
adeal@toddweld.com

            /s/ Patrick M. Noonan
            Patrick M. Noonan (ct00189)