UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JACK MONTAGUE,<br><br>    Plaintiff,<br><br>v.<br><br>YALE UNIVERSITY, et al.,<br><br>    Defendants. | Case No.:  3:16-cv-00885 (AVC)<br><br><br><br><br><br>JULY 28, 2017 |

**DEFENDANT YALE UNIVERSITY'S RESPONSES TO
PLAINTIFF'S THIRD SET OF INTERROGATORIES TO YALE UNIVERSITY**

Defendant Yale University, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 26 of the Local Civil Rules of the United States District Court for the District of Connecticut, hereby responds to Plaintiff Jack Montague's Third Set of Interrogatories to Yale University dated May 18, 2017 ("Interrogatories").

**RESPONSES TO INTERROGATORIES**

1-4.  There are no interrogatories numbered 1-4.

5.  Please state the number of UWC panels that have been convened to hear allegations of student sexual misconduct since David Post became Chairman of the UWC, and for each panel, please state:

   a.  Whether David Post acted as chairman of the panel;

   b.  The nature of the allegations being considered by the panel (e.g., sexual harassment, sexual assault, intimate partner violence, etc.);

   c.  Whether the complaint was brought by a student or a Title IX Coordinator;

   d.  Whether David Post had any pre-panel contact, including but not limited to meetings or e-mail correspondence, with the student accuser; and

  e.  The outcome of the proceeding.

**RESPONSE:** Objections pending. Without waiving said objections, Defendant states that thirty UWC panels have been convened to hear allegations of student sexual misconduct since David Post became chair of the UWC. Of those cases, Mr. Post acted as the chair of the hearing panel eight times. Seven of the cases alleged sexual assault and the eighth alleged stalking and sexual assault. Four of the cases were initiated by a student, and the other four were initiated by a Title IX coordinator. There was a finding of no violation in one case. The penalties in the other cases resulted in two reprimands, one one-semester suspension, one two-semester suspension, one four-semester suspension and two expulsions. Mr. Post had pre-panel hearing contact with the complainant in six of the cases in which he served as chair.

  6.  Please state the number of students who have been expelled from Yale for "sexual misconduct," as that term is defined in Yale's Student Handbook, its UWC Procedures, and/or its Sexual Misconduct Policies, since July 1, 2011, and for each student, please state:

  a.  The type of misconduct for which the student was expelled (e.g., sexual harassment, sexual assault, intimate partner violence, etc.);

  b.  The year the student was expelled;

  c.  Whether, after the complaint(s) of sexual misconduct but prior to expulsion, that student was subject to any interim disciplinary measures by Yale;

  d.  Whether, after expulsion, that student matriculated to any other educational institution, and if so, to what institution; and

  e.  Whether, after expulsion, that student obtained any degrees from any other educational institution, and if so, from what institution.

**RESPONSE:** Objection pending.

7. Please state the number of students, from July 1, 2011, to the present, against whom a formal complaint of sexual misconduct was made for one of the following alleged offenses: rape, sexual assault, non-consensual sexual activity (including, but not limited to, penetration), and for each student, please state:

    a. The nature of the complaint;

    b. Whether the complaint was brought by an individual or by the Title IX Office (or any person acting in his or her capacity as a Title IX officer);

    c. Whether the accused student was found responsible or not responsible for the alleged sexual misconduct;

    d. What discipline was imposed on the accused student as a result of the finding(s); and

    e. Whether the accused student had a prior disciplinary history at Yale, and if so, the nature of the prior disciplinary history (e.g., prior UWC complaint, prior Executive Committee involvement, etc.).

**RESPONSE:** **Objection pending. Without waiving said objection, Defendant states that it has already provided Plaintiff with the UWC Reports for Complaints of Sexual Misconduct for the time period from June, 2011 to June, 2016. These reports are publicly available at http://provost.yale.edu/title-ix/reports. With regard to Executive Committee complaints, they are publicly available at: Yalecollege.yale.edu/deans-office/committees/executive-committee.**

8. For each member of the UWC II Hearing Panel, please state:

a-e. There are no paragraphs a – e.

    f. The name of the panel member;

    g. Whether the panel member took notes or made any other record of the panel proceedings;

    h. If the panel member took notes or made any other record of the proceedings, whether the panel member retained the notes or other record of the proceedings;

    i. If the panel member did not retain the notes or other record of the proceedings, whether the panel member destroyed the notes or other record of the proceedings;

    j. If the panel member destroyed the notes or other record of the proceedings, on what date and by what means they were destroyed; and

  k.  Whether Yale sent the panel member a litigation hold notice and, if so, on what date.

**RESPONSE:**  **Objection pending.  Without waiving said objection, Defendant states:**

**David Post did take notes and retained them while he wrote the Panel Report.  He destroyed the notes by shredding them after the case was closed, on either February 25 or 26, 2016.**

**Sara Demers does not recall whether she took notes.  If she did, she would have left them behind in the hearing room for Ms. Menon to discard.**

**Kimberly Harris did take notes and gave the notes to Aley Menon.**

**Eileen Donahue did take notes and retained them for a short period of time.  She does not recall the date she destroyed the notes, but believes she put them in the shred bin in her office.  Her notes were shredded before she received a litigation hold notice, which was dated March 16, 2016.**

**John Mayes did take notes, but did not retain the notes.  He gave the notes to Aley Menon at the conclusion of the hearing.**

**Yale sent all members of the UWC panel a litigation hold notice on March 16, 2016.**

  9.  Please describe the relationship between Yale University and the Yale Women's Center (the "Women's Center") in February and March of 2016, including, but not limited to, the following:

  a.  The status of the Women's Center in relation to the University (i.e., a student-run organization, a University-sponsored organization, etc.);

  b.  The location of the Women's Center (and whether that location is on or off Yale's campus);

  c.  Whether Yale provided the Women's Center with any funding;

  d.  Whether the Women's Center staff members were paid by Yale University;

  e.  Whether the Women's Center board members were paid by Yale University;

  f.  Whether any Yale employees worked, in any capacity, at the Women's Center;

  g.  Which Women's Center staff/employee(s)/advisor(s) were responsible for maintaining the Women's Center's Facebook page;

4

  h.  The name of the Women's Center's faculty advisor;

  i.  The role of the Women's Center faculty advisor; and

  j.  Whether any Yale employee or agent directed the Women's Center to release an "edited" public statement on March 3, 2016, and/or to delete its original public statement.

**RESPONSE:**  **Objections pending. Without waiving said objections, Defendant states:**
  **a.  Student run organization.**
  **b.  On campus at 198 Elm Street, New Haven, CT.**
  **c.  Yes.**
  **d.  There are no "staff members" per se. However, there are students who provide services to Yale Women's Center, and they are paid through the student employment office.**
  **e.  All board members are Yale students, and are paid through the student employment office.**
  **f.  No.**
  **g.  Yale students are responsible for the Facebook page.**
  **h.  There is no faculty advisor.**
  **i.  Not applicable.**
  **j.  No.**

10.  Please state the number of complaints brought by a student against any other student for alleged unwanted touching of any kind, from July 1, 2011, to the present, and for each complaint, please state:

  a.  The nature of the unwanted touching;

  b.  The genders of the parties involved;

  c.  Whether the accuser pursued an informal complaint or a formal complaint;

  d.  Whether the complaint was resolved though the Executive Committee, the UWC, or some other body; and

  e.  How the complaint was resolved.

**RESPONSE:**  **See response to Interrogatory 7.**

11. Please identify all communication (either written or oral) between Stephanie Spangler ("Spangler") and Jason Killheffer ("Killheffer") concerning Jack Montague, including but not limited to (1) the first time Spangler and Killheffer discussed Jack Montague; (2) any conversations that gave rise to or were a result of the email attached hereto as Exhibit A; (3) any conversations which concerned a potential or actual meeting between Killheffer, Spangler, and Susan Sawyer concerning Jack Montague. For each such conversation, please describe in detail:

   a. The substance of the communication, including what each party said to the other;

   b. The date on which the communication occurred;

   c. Whether the communication was in person, by telephone, or by some other means (e.g., e-mail or text message); and

   d. If the communication was written, please identify the specific document containing the communication.

**RESPONSE:**   The plaintiff has withdrawn Interrogatory #11.


**THE DEFENDANT,
YALE UNIVERSITY**

By:   /s/  Patrick M. Noonan_____
      Patrick M. Noonan (ct00189)
      DONAHUE, DURHAM & NOONAN, P.C.
      741 Boston Post Road
      Guilford, Connecticut 06437
      Tel:  (203) 458-9168
      Fax:  (203) 458-4424
      Email: pnoonan@ddnctlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that, on the above written date, a copy of the foregoing was served by email upon the following:

Jonathan S. Katz, Esq.
William F. Dow, Esq.
Jacobs & Dow, LLC
350 Orange Street
New Haven, Connecticut 06503
jkatz@jacobslaw.com
wdow@jacobslaw.com

Max D. Stern, Esq.
Alexandra H. Deal, Esq.
Todd & Weld LLP
One Federal Street, 27th Floor
Boston, Massachusetts 01880
mstern@toddweld.com
adeal@toddweld.com

                                                  /s/  Patrick M. Noonan
                                                Patrick M. Noonan (ct00189)