UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JACK MONTAGUE | : | |
| Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:16-CV-00885-AVC |
| vs. | : | |
| YALE UNIVERSITY, ET AL | : | |
| Defendants | : | OCTOBER 2, 2017 |

**DEFENDANT YALE UNIVERSITY'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS TO YALE UNIVERSITY**

Defendant Yale University, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 26 of the Local Civil Rules of the United States District Court for the District of Connecticut, hereby responds and objects to Plaintiff Jack Montague's Fourth Set of Request for Production to Yale University dated September 8, 2017 ("Request for Production").

**GENERAL OBJECTIONS**

Yale incorporates the following General Objections into each and every objection and response set forth herein in addition to the specific objections stated in response to each specific production request.

1. Yale objects to each instruction, definition, and production request to the extent it purports to define words beyond their common meaning and understanding and/or impose

any requirement or discovery obligation broader or different than those set forth in the Federal Rules of Civil Procedure and the Local Civil Rules for the District of Connecticut.

2. Yale objects to each instruction, definition, and production request to the extent it is overly broad, unduly burdensome, vague, ambiguous, duplicative, unlimited as to time or scope, or seeks information or documents more efficiently, cost-effectively, and accurately obtained through alternative discovery mechanisms.

3. Yale objects to each instruction, definition, and production request to the extent it seeks information or documents that are at least equally available to Plaintiff, including through public sources or records, or that are already within Plaintiff's possession, custody, or control.

4. Yale objects to each instruction, definition, and production request to the extent it calls for information or documents protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege, doctrine, or immunity recognized by statute, the Federal Rules of Civil Procedure, or applicable case law.  The disclosure of any such protected information, unless specifically stated otherwise, is inadvertent and not intended to constitute a waiver of such privilege, doctrine or immunity.

5. Yale objects to each instruction, definition, and production request to the extent it calls for disclosure of sensitive, confidential, or private information of its current and former students and/or employees.

## OBJECTIONS TO INSTRUCTIONS

1.      Yale specifically objects to the Instructions on the grounds that they are overly broad and seek to impose requirements or discovery obligations broader or different than those set forth in the Federal Rules of Civil Procedure and the Local Civil Rules in that they purport to require Yale to respond with information in the possession, custody, or control of Yale's "attorneys," "agents," "companies," "trusts," "representatives," "servants," "consultants," "accountants," "trustees," "advisors," and/or "investigators." A party is defined to mean "the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates." D. Conn. L. Civ. R. 26(a), 26(c)(5). Yale further specifically objects to the Instructions on the grounds that Yale is not required to produce a document "regardless of the location of such document." A party is not obligated to produce documents not within its possession, custody or control. See, e.g., Fed. R. Civ. P. 26(b).

2.      Yale specifically objects to the Instructions on the grounds that they are unduly burdensome insofar as Plaintiff has requested that "[a]ll documents should be produced in single-page tiff format, with corresponding document level text files containing the OCR or extracted text. The filename of both the text and image files should correspond to the Bates number of the first page of the document. In addition, a Concordance Delimited File and an Opticon Image Cross Reference File should be provided. The Paragraph symbol (¶) should be the field delimiter and the Thorn symbol (þ) should be the text qualifier."

3.      Yale specifically objects to the Instructions on the grounds that they are unduly burdensome insofar as Plaintiff has requested that, "[f]or documents maintained electronically,

3

the following fields should be included, at a minimum: Bates Begin, Bates End; Bates Begin Attach; Bates End Attach; Custodian/Source; To; From; CC; BCC; Subject/Title; Author; Date Created; Date Last Modified; Date Sent; Time Sent; Original Filename; Original File Path; Hash Value; Link to Text File; Link to Native File." Notwithstanding the foregoing specific objection, Yale will include these fields to the extent any particular document contains such fields.

4. Yale specifically objects to the "Rules of construction" contained in the Instructions on the grounds that they seek to impose requirements or discovery obligations broader or different than those set forth in the Federal Rules of Civil Procedure and the Local Civil Rules. See D. Conn. L. Civ. R. 26(d). Yale also objects to the "Rules of construction" contained in the Instructions to the extent that they would render any otherwise intelligible production request to become vague, ambiguous, overly broad, and/or unduly burdensome.

5. Yale specifically objects to the "Rules of construction" contained in the Instructions on the grounds that the time period of "March 1, 2011, through the date of your response" is overly broad, unduly burdensome, and falls outside the scope of permissible discovery contained in Rule 26(b). The Complaint alleges that the first disciplinary action involving Plaintiff commenced in the fall of 2013 and that Plaintiff was dismissed from Yale on February 10, 2016. Accordingly, the relevant time period is September 1, 2013 through February 10, 2016.

6. Yale specifically objects to the Instructions on the grounds that they are unduly burdensome and seek to impose requirements or discovery obligations broader or different

than those set forth in the Federal Rules of Civil Procedure and the Local Civil Rules in that they seek to require Yale to produce a log not just of responsive documents withheld on the basis of an applicable privilege, doctrine, or immunity, but also of documents that are "not subject to production." Yale also objects to the Instructions on the grounds that they purport to require Yale to produce a privilege log the contents of which are broader or different that the requirements of the Local Civil Rules. See D. Conn. L. Civ. R. 26(e). Yale will produce a privilege log in the form required by the Local Civil Rules.

**OBJECTIONS TO DEFINITIONS**

1. Yale specifically objects to Definition No. 1 on the grounds that it seeks to define the terms "document" or "documents" more broadly or differently than the definitions set forth in the Local Civil Rules. See D. Conn. L. Civ. R. 26(a) and (c)(2).

2. Yale specifically objects to Definition No. 2 on the grounds that it seeks to define the terms "you," "your," "Defendant," the "University," or "Yale University" to mean "any and all employees, agents, representatives or others working on its behalf, including, without limitation, members of Yale's administration, members of officially appointed Yale committees, and the Individual Defendants in this action." A party is defined to mean "the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates." D. Conn. L. Civ. R. 26(a), 26(c)(5).

5

## RESPONSES AND OBJECTIONS TO PRODUCTION REQUESTS

1. Documents sufficient to show the date(s) of the annual Title IX/UWC training held in the fall of 2015.

**OBJECTION:** See General Objections. Yale further objects because the request for production is untimely. On April 4, 2017, the plaintiff filed a Joint Stipulation and Request to Enlarge Scheduling Order. (Docket Entry No. 84.) Therein, the parties requested that the deadline for fact discovery be extended from March 31, 2017 to June 30, 2017. The Court granted this motion on April 7, 2017 and ordered fact discovery to be complete by June 30, 2017. (Docket Entry No. 85.) The plaintiff issued the Fourth Request for Production on September 8, 2017, more than two months after the close of fact discovery. Since the Fourth Request for Production was propounded outside of the fact discovery completion date, it is untimely and the defendant is not required to comply with the requests for production therein.

Defendant also objects because Plaintiff could have issued the request for production prior to the close of fact discovery. Defendant understands the "annual Title IX/UWC training" to mean the training provided to Title IX Coordinators and UWC members as described in the document titled, "Voluntary Resolution Agreement Yale University (University) Complaint No. 01-11-2027" ("Voluntary Resolution Agreement"). Plaintiff was clearly aware of the Voluntary Resolution Agreement prior to filing his initial complaint on June 9, 2016, because he references the Voluntary Resolution Agreement in Paragraph 15 of the complaint. Plaintiff also marked the Voluntary Resolution Agreement as an exhibit at Aley Menon's deposition on April 13, 2017, two and a half months prior to the close of fact discovery. Therefore, Plaintiff could have made the request for production of documents regarding the annual Title IX/UWC training prior June 30, 2017.

Defendant also objects because the requested documents are irrelevant to the plaintiff's claims. There is no claim in Plaintiff's 64-page Amended Complaint asserting that the Title IX Coordinators and/or UWC members, or anyone else, did not receive adequate training or that they did not abide by their training. Rather, Plaintiff claims that certain representatives of Defendant

**failed to abide by Defendant's procedures for the University Wide Committee on Sexual Misconduct.  Since Plaintiff has not alleged any claims regarding the training provided to Title IX Coordinators and/or UWC members, the requested documents are irrelevant.**

**RESPONSE:** Objections pending.

2. Documents reflecting the agenda, syllabus, and/or curriculum for the annual Title IX/UWC training held in the fall of 2015, including the identity of the presenters and the topics presented.

**OBJECTION:** See General Objections and Objections to Request for Production 1.

**RESPONSE:** Objections pending.

3. Attendance records for the annual Title IX/UWC training held in the fall of 2015.

**OBJECTION:** See General Objections and Objections to Request for Production 1.

**RESPONSE:** Objections pending.

4. All materials presented or distributed at or in connection with the annual Title IX/UWC training held in the fall of 2015.

**OBJECTION:** See General Objections and Objections to Request for Production 1.

**RESPONSE:** Objections pending.

5. Any video or audio recording of any portion of the annual Title IX/UWC training held in the fall of 2015.

**OBJECTION:** See General Objections and Objections to Request for Production 1.

**RESPONSE:** Objections pending.

THE DEFENDANTS,

BY:___/s/ Patrick M. Noonan (#ct00189)__
    Patrick M. Noonan
    Colleen Noonan Davis (#ct27773)
    Donahue, Durham & Noonan, P.C.
    741 Boston Post Road
    Guilford, CT 06437
    (203) 458-9168

## **CERTIFICATION**

I hereby certify that, on the above written date, a copy of the foregoing was served by email upon the following:

Jonathan S. Katz, Esq.
William F. Dow, Esq.
Jacobs & Dow, LLC
350 Orange Street
New Haven, Connecticut 06503
jkatz@jacobslaw.com
wdow@jacobslaw.com

Max D. Stern, Esq.
Alexandra H. Deal, Esq.
Todd & Weld LLP
One Federal Street, 27th Floor
Boston, Massachusetts 01880
mstern@toddweld.com
adeal@toddweld.com

_____/s/_____
   Patrick M. Noonan