UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JACK MONTAGUE | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:16-CV-00885-AVC |
| vs. | : | |
| | : | |
| YALE UNIVERSITY, ET AL | : | |
| | : | |
| Defendants | : | NOVEMBER 8, 2017 |

## MOTION TO COMPEL DOCUMENTS FROM PLAINTIFF'S EXPERT WITNESSES AND MEMORANDUM IN SUPPORT

The plaintiff has disclosed two expert witnesses, Stan Smith, PhD and Susanna Murphy, Esq., who will testify at trial. The defendants hereby move to compel the plaintiff to produce the following documents from Dr. Smith: (1) bills, including an itemization as to the tasks performed, the amount of time spent, and the hourly rate for each; (2) documents demonstrating Dr. Smith's calculation of the value of the plaintiff's lost wages and benefits; and (3) documents identifying the assumptions and facts provided by plaintiff's counsel to Dr. Smith.

The defendants further move to compel the plaintiff to produce the following documents from Attorney Murphy: (1) notes marked as Exhibits T and U at Attorney Murphy's October 20, 2017 deposition; (2) the "run sheet" related to Attorney Murphy's work on the plaintiff's case; (3) bills subsequent to September 11, 2017; and (4) materials published in connection with the ATIXA-Member of Title IX Investigators, Addressing Sexual Assault

Allegations K-12 Schools, Colleges and Universities seminar attended by Attorney Murphy in October, 2014.

## I.  Procedural Background

The plaintiff asserts claims for breach of contract, defamation, invasion of privacy, tortious interference with contract, and violation of Title IX in connection with his expulsion from Yale University in February, 2016.  The plaintiff disclosed Dr. Smith as an expert economist to opine on the value of the plaintiff's lost wages and benefits.  He disclosed Attorney Murphy, who is an attorney and licensed private detective, to offer an expert opinion regarding the quality and completeness of the investigation conducted on behalf of Yale University regarding the complaint of sexual misconduct made against the plaintiff.

Dr. Smith's deposition is currently scheduled to take place on January 9, 2017. Attorney Murphy was deposed on October 20, 2017, and the continuation of her deposition has been scheduled for December 12, 2017.

## II.  Argument

### A.  Documents from Dr. Smith

1.  Dr. Smith's bills, including an itemization as to the tasks performed, the amount of time spent, and the hourly rate for each

While the plaintiff has provided Dr. Smith's billing rate for this matter, he has not provided any bills submitted by Dr. Smith for work performed in this matter.  Under the Federal Rules of Civil Procedure, the plaintiff is required to produce communications between Dr. Smith and plaintiff's counsel which relate to compensation for Dr. Smith's study or testimony in this matter.  Fed. R. Civ. P. 26(b)(4)(C)(i).  It is unclear why plaintiff's counsel

has not provided any bills for Dr. Smith, since Attorney Murphy's September 11, 2017 invoice was disclosed.  Attorney Murphy's invoice includes her hourly rate of pay, a description of the tasks performed, the date on which each task was performed, the amount of time spent on the task, expenses, and the total amount billed.  Under Fed. R. Civ. P. 26(b)(4)(C)(i), the plaintiff is required to produce Dr. Smith's bills, including an itemization as to the tasks performed, the amount of time spent, and the hourly rate for each.

> 2.   Documents demonstrating Dr. Smith's calculation of the value of the plaintiff's lost wages and benefits

The plaintiff has provided Dr. Smith's August 17, 2017 report, which includes the end results of his calculations for the plaintiff's lost wages and benefits, as well as offsets for the plaintiff's earnings.  However, the report does not include any documentation regarding the actual calculations used to reach the final figures.  The Federal Rules of Civil Procedure require an expert witness to include in his report a complete statement of all opinions, the basis and reasons for the opinions, and the facts or data considered in forming the opinions.  Fed. Rule Civ. P. 26(a)(2)(B)(i), (ii).  The calculations used by Dr. Smith to reach the figures for the plaintiff's lost wages and benefits constitute the basis and reasons for Dr. Smith's opinion and the data considered when forming the opinion.  Therefore, the plaintiff is required to produce documents demonstrating Dr. Smith's calculation of the value of the plaintiff's lost wages and benefits.

In Wanatanabe Realty Corp. v. City of New York, 2004 U.S. Dist. LEXIS 954 *1 (January 28, 2004), aff'd, 159 Fed.Appx. 235 (2d Cir. 2005), the plaintiff sought to strike certain portions of the testimony of the defendant's expert witness because the expert's report

neither referred to nor included a calculation that he made in an effort to estimate the cross-sectional area of a steel H-beam of the sort reportedly used in the construction of the roller coaster which was destroyed by the defendant.   The court observed that Rule 26(a)(2)(B) required that the expert witnesses' report "'contain a complete statements of all opinions to be expressed and the basis and reasons therefor; [and] the data or other information considered by the witness in forming the opinions…'"[1]   Id. at *2.   Prior to completing his report, the expert had made the above-referenced calculation.   The court concluded that the expert had taken the calculation into account when forming his opinion that the roller coaster was beyond repair, and therefore the calculation should have been included in the report.   Id. at 4-5.   Similarly, the plaintiff in the present case should be required to produce any documents demonstrating the calculations performed by Dr. Smith in reaching his opinions regarding the plaintiff's lost wages and benefits.

In addition, the plaintiff should be compelled to produce any documents demonstrating Dr. Smith's calculation of the value of the plaintiff's lost wages and benefits so that the defendant can assess the reliability of those calculations.   An expert witness' testimony must be the product of reliable principles and methods and the expert witness must reliably apply the principles and methods to the facts of the case.   Fed. Rule of Evid. 702.   The defendant cannot assess the reliability of Dr. Smith's opinion without reviewing the documents demonstrating his calculations.   Therefore, the defendant's motion to compel these documents should be granted.

---

[1] In 2010, the rule was amended to replace "data or other information" with "facts or data."

       3.     <u>Documents identifying the assumptions and facts provided by plaintiff's counsel</u>

Under Rule 26(b)(4)(C), the plaintiff is required to produce communications between Dr. Smith and plaintiff's counsel which (1) identify facts or data that plaintiff's counsel provided and that the expert considered in forming the opinions; and (2) identify assumptions that plaintiff's counsel provided and that the expert relied on in forming the opinions. The Advisory Committee Notes on the 2010 Amendments to Rule 26 explain:

> The refocus of disclosure on "facts or data" is meant to limit disclosure to material of a factual nature by excluding theories or mental impressions of counsel. At the same time, the intention is that "facts or data" be interpreted broadly to require disclosure of any material considered by the expert, from whatever source, that contains factual ingredients. The disclosure obligation extends to any facts or data "considered" by the expert in forming the opinions to be expressed, not only those relied upon by the expert.

Therefore, the plaintiff should be compelled to provide documents identifying the facts, data, and assumptions provided by plaintiff's counsel to Dr. Smith.

**B.**    **Documents from Attorney Murphy**

       1.     <u>Notes Taken and Reviewed by Attorney Murphy</u>

At her deposition, Attorney Murphy testified that she wrote and reviewed notes in connection with drafting her report and in preparation for her deposition. The notes which Attorney Murphy reviewed in preparation for her deposition were marked as Exhibit T and the notes which she made prior to drafting her report were marked as Exhibit U.[2] (Depo. Susanna Murphy October 20, 2017, at pp. 21-22.) Attorney Murphy first testified that the notes she

---

[2] Copies of relevant portions of Attorney Murphy's deposition transcript are attached hereto as Exhibit A.

took which were marked as Exhibit T did not reflect any input from plaintiff's counsel. (Depo. Susanna Murphy October 20, 2017, at pp. 14-16.)   Plaintiff's counsel, Attorney Christian Kiely, refused to produce Exhibit T on the ground that he had reviewed the notes and stated that "they either are in the form of notes of communications with counsel, which are protected work product, or notes prepared in the process of drafting her report, which are also protected work product." (Depo. Susanna Murphy October 20, 2017, at p. 16.)  Following this prompting from Attorney Kiely, Attorney Murphy then changed her testimony and testified that <u>some</u> of the notes concerned communications with counsel.  Following a break in the deposition and consultation with Attorney Kiely, Attorney Murphy "clarified" her prior answer and stated that her notes were "taken after and reflect consultation with counsel." (Depo. Susanna Murphy October 20, 2017, at pp. 16-20.)   Attorney Murphy was unsure whether she reviewed Exhibit U in preparation for the deposition.  (Depo. October 20, 2017, at pp. 21-22.)

The Federal Rules of Civil Procedure protect communications between plaintiff's counsel and Attorney Murphy except to the extent that they (1) identify facts or data that plaintiff's counsel provided and that Attorney Murphy considered in forming her opinions; and (2) identify assumptions that plaintiff's counsel provided and that Attorney Murphy relied on in forming her opinions.   Fed. Rule Civ. P. 26(b)(4)(C)(ii), (iii).  The Advisory Committee Notes on the 2010 Amendments to Rule 26 explain:

> The refocus of disclosure on "facts or data" is meant to limit disclosure to material of a factual nature by excluding theories or mental impressions of counsel. At the same time, the intention is that "facts or data" be interpreted broadly to require disclosure of

> any material considered by the expert, from whatever source, that contains factual ingredients. The disclosure obligation extends to any facts or data "considered" by the expert in forming the opinions to be expressed, not only those relied upon by the expert.

Analyzing Fed. R. Civ. P. 26(b)(4)(C), the district court in In re Methyl Tertiary Butyl Ether Prods. Liab. Litig., 293 F.R.D. 568 (S.D.N.Y. 2013), observed that "furnishing work-product of a factual nature to a testifying expert constitutes implied waiver of work-product protection to the extent that the expert considers the facts or data disclosed in forming her opinion…. It is irrelevant whether the expert ultimately relies upon the facts or data in forming her expert opinion; instead, the test is whether the expert 'considered' the materials." Id. at 574.

In Dongguk Univ. v. Yale Univ., 2011 U.S. Dist. LEXIS 157690 (May 19, 2011), Judge Fitzsimmons noted that an expert witness' notes are generally not protected by Fed. Rule Civ. P. 26(b)(4)(B) or (C) because they are neither drafts of an expert report nor communications between the party's attorney and the expert witness. Id. at *3, citing Advisory Committee Note to the 2010 Amendment of Rule 26(b)(4) ("Rules 26(b)(4)(B) and (C) do not impede discovery about the opinions to be offered by the expert or the development, foundation, or basis of those opinions. For example, the expert's testing of material involve in litigation, and notes of any such testing, would not be exempted from discovery by this rule."). Since the expert witness' notes did not contain mental impressions, conclusions, opinions, or legal theories of a party's attorney, they were not protected by the work product privilege and disclosure was required. Id. at *4. Judge Fitzsimmons found that plaintiff's argument that the notes constituted communications because they were the expert witness' notes memorializing a meeting with plaintiff's counsel was not supported by the law.

Id. at n. 1.   With regard to a memo written by plaintiff's counsel to the expert witness titled "Potential Topics for Expert Report," Judge Fitzsimmons ordered disclosure of statements that were either facts or assumptions provided by plaintiff's counsel and relied upon by the expert witness in forming her opinion.  Id. at *4.

In the present case, Attorney Murphy took notes prior to drafting her report and in preparation for her deposition.  The notes marked as Exhibits T and U at Attorney Murphy's deposition are only protected to the extent that they convey plaintiff's counsel's mental impressions, conclusions, opinions, or legal theories.  Any facts, data, or assumptions provided by plaintiff's counsel to Attorney Murphy are discoverable.  Therefore, the plaintiff should be compelled to produce Exhibits T and U, with the exception of statements reflecting plaintiff's counsel's mental impressions, conclusions, opinions, or legal theories.  The defendant requests an *in camera* inspection of Exhibits T and U to determine if any part thereof is protected from disclosure.

2.      Run sheet related to Attorney Murphy's work on the plaintiff's case

Attorney Murphy testified that she typically keeps a "run sheet" that includes the time she spent on various tasks, expenses she incurred, reminders to herself of things she wanted to look into or focus on, and possibly notes of conversations with plaintiff's counsel.  Attorney Murphy did not share the run sheet with plaintiff's counsel.  (Depo. Susanna Murphy, October 20, 2017, at pp. 14, 22-25.)  For the same reasons as explained in Section II(B)(1) above, only those portions of the run sheet which reflect plaintiff's counsel's mental impressions, conclusions, opinions, or legal theories are protected from disclosure.  Therefore, the

defendant requests an *in camera* inspection of Attorney Murphy's run sheet to determine if any part thereof is protected from disclosure.

        3.      Attorney Murphy's bills subsequent to September 11, 2017

Attorney Murphy provided an invoice dated September 11, 2017, which details work performed on this matter in June and August of 2017.  The defendant is entitled to receive all other bills and/or invoices relating to Attorney Murphy's work on this matter.  See, Fed. R. Civ. P. 26(b)(4)(C)(i).  Therefore, the plaintiff should be compelled to produce any subsequent bills.

        4.      Materials published with a seminar attended by Attorney Murphy

Attorney Murphy testified that she had attended trainings for Title IX investigations. Her resume indicates that she attended the ATIXA-Member of Title IX Investigators, Addressing Sexual Assault Allegations K-12 Schools, Colleges and Universities seminar in October, 2014.  Attorney Murphy agreed to provide plaintiff's counsel with any materials published in connection with that seminar.  (Depo. Susanna Murphy October 20, 2017, at pp. 67-68.)

Attorney Murphy claims to be an expert on the federal government's requirements in Title IX.  (Depo. Susanna Murphy October 20, 2017, at p. 207.)  According to her resume, the above-described seminar is the only training she has received specific to addressing allegations of sexual assault at colleges and universities.  The materials published in connection with the seminar are relevant to whether Attorney Murphy's is qualified to testify as an expert witness concerning the defendant's investigation of the complaint of sexual misconduct made against

the plaintiff.  Therefore, the plaintiff should be compelled to provide any materials published in connection with the ATIXA-Member of Title IX Investigators, Addressing Sexual Assault Allegations K-12 Schools, Colleges and Universities seminar attended by Attorney Murphy in October, 2014.

**III.    <u>Conclusion</u>**

For the foregoing reasons, the defendant's motion to compel should be granted.

THE DEFENDANTS

BY:___/s/ Patrick M. Noonan (#ct00189)__
          Patrick M. Noonan
          Colleen Noonan Davis
          Donahue, Durham & Noonan, P.C.
          741 Boston Post Road
          Guilford, CT 06437
          (203) 458-9168

<u>**CERTIFICATION**</u>

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

_____/s/_____
          Patrick M. Noonan