UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JACK MONTAGUE | : | |
| | : | |
|     Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:16-CV-00885-AVC |
| vs. | : | |
| | : | |
| YALE UNIVERSITY, ET AL | : | |
| | : | |
|     Defendants | : | MAY 17, 2018 |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the defendants hereby move for summary judgment on all counts of the plaintiff's January 25, 2017 Amended Complaint. Counts I, II, and III should be dismissed in their entirety because the plaintiff failed to exhaust his administrative remedies when he chose not to contest the charges against him in UWC I and then elected not to appeal. The plaintiff cannot prevail on his breach of contract claims in Counts I, II, and VII for the additional reason that he cannot establish that defendant Yale University ("Yale") violated the policies governing the University-Wide Committee on Sexual Misconduct ("UWC"). Judgment should also enter in favor of Yale on the Title IX claims in Counts III and IX because the plaintiff has not produced any evidence that his gender was a motivating factor in his expulsion.

The plaintiff cannot prevail on his defamation and invasion of privacy claims in Counts IV and V because there is no evidence that the defendant Angela Gleason made the statement alleged by the plaintiff. Additionally, the defamation claim fails because all statements made

by Ms. Gleason were true, and the invasion of privacy claims are deficient because the statements were not given the requisite degree of publicity required under Connecticut law. Summary judgment should enter in favor of the defendants Angela Gleason and Jason Killheffer on the tortious interference claims in Count VI, because the plaintiff cannot establish that either of the individual defendants engaged in any improper or tortious conduct. The plaintiff cannot prevail on the breach of contract claim in Count VIII, alleging a denial of basic fairness and arbitrary and capricious decision making, because he cannot establish that Yale made an arbitrary and capricious decision.

    The accompanying memorandum of law supports this motion.

                              THE DEFENDANTS

                              BY:___/s/ Patrick M. Noonan (#ct00189)___
                                    Patrick M. Noonan
                                    Colleen Noonan Davis (#ct27773)
                                    Donahue, Durham & Noonan, P.C.
                                    741 Boston Post Road
                                    Guilford, CT 06437
                                    (203) 458-9168

## **CERTIFICATION**

      I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                        _____/s/_____
                                                             Patrick M. Noonan