UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

JACK MONTAGUE,
    Plaintiff,

v.

YALE UNIVERSTIY, ANGELA GLEASON,
and JASON KILLHEFFER,
    Defendants.

CIVIL ACTION
No. 3:16-cv-00885

## AFFIDAVIT OF CHRISTIAN G. KIELY PURSUANT TO FED. R. CIV. P. 56(d)

I, Christian G. Kiely, under the penalties of perjury, do hereby depose and state as follows:

1. I am over eighteen (18) years of age and believe in the obligations of an oath.

2. I am an attorney licensed to practice in the Commonwealth of Massachusetts and the United States District Court for the District of Massachusetts. I have been admitted, pro hac vice, to the United States District Court for the District of Connecticut in order to serve as Plaintiff's counsel in the above-captioned matter.

3. The Plaintiff in this action timely sought discovery into certain relevant precedential disciplinary matters adjudicated by Yale's University Wide Committee ("UWC"). Namely, Plaintiff has sought discovery into: a) sixteen cases of sexual misconduct which are identified in Paragraph 179 of Plaintiff's Amended Complaint; and 2) a UWC case known as the "dollar bills case." The Defendants refused to provide this discovery and Plaintiff moved to compel (ECF No. 119). That motion to compel remains pending.

4. For the reasons discussed at length in Plaintiff's motion to compel, discovery concerning these cases is potentially important in evaluating Yale's defense that its decision to

1

expel Plaintiff was justified in light of Plaintiff's prior disciplinary record. Among other things, Plaintiff is entitled to discover why other students found responsible for non-consensual sex were not expelled, and, for the few such students who were expelled, whether they had records of prior discipline and if so what the nature of their prior offense(s) was. As for the "dollar bills case," Plaintiff is entitled to know the facts of that case, given that the Chairman of the UWC drew a comparison between it and the complaint against Plaintiff in the UWC I matter, and acknowledged that both cases were close calls in terms of whether the UWC had jurisdiction. *See* ECF No. 119. The answers to these questions are potentially relevant to (but not dispositive of) Plaintiff's claim that he was improperly expelled from Yale.

5. In the same motion to compel, Plaintiff also moved to compel the production of documents related to the Fall 2015 training for Yale's Title IX and UWC personnel, which was held following Yale President Peter Salovey's promise to "redouble efforts" in response to the publication of survey data which showed the incidence of sexual assault at Yale to be higher than at almost all peer institutions surveyed. The survey results were discussed at that training. Ex. 2 at 90-92. These training materials may shed light on how precisely Yale planned to "redouble efforts" in response to criticism of its handling of sexual assault complaints, and whether it temporarily adopted a biased approach in order to avoid further criticism. Evidence of this type is relevant to Plaintiff's Title IX claim. *See Doe v. Columbia University*, 831 F.3d 46 (2d Cir. 2016).

6. Although Plaintiff believes he has adduced more than enough evidence to withstand summary judgment on all claims remaining in the case, he requests, pursuant to Fed. R. Civ. P. 56(d), that if the Court determines the record to be insufficient as to any claim, he be

permitted to supplement his Opposition after the Court has ruled on his motion to compel (ECF No. 119) and he has had adequate time to review any resulting production.

SIGNED UNDER THE PENALTIES OF PERJURY THIS 18th DAY OF JULY, 2018

Christian G. Kiely